UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NUMBER: 00-6309-CR-Seitz

     Plaintiff,

vs.

JOHN MAMONE

     Defendant.
_____/

## Petition for Admission to Reasonable Bail

THE DEFENDANT, JOHN MAMONE, moves this court, pursuant to the Eighth Amendment to the United States Constitution and 18 U.S.C § 3142, to enter an Order admitting John Mamone to pretrial release under reasonable conditions. The defense submits that a reasonable bond in this case is a personal surety bond, in the amount of $1,000,000.00, coupled with house arrest and in addition to the standard conditions of bond. The personal surety can be co-signed by:

1. **Grace Mamone**, Mr. Mamone's wife,

2. **Joseph Mamone**, John's brother, a manager at Coldwell Banker, New Jersey office, who owns property with equity in excess of $500,000 and

3. **Larry Switzer**, (and, if the Court deems it appropriate, his wife, Carol) a close friend and neighbor, formerly CEO of two publicly traded businesses.

Additionally, the defense will proffer the testimony of the following people who support the release on bond of Mr. Mamone and will demonstrate that Mr. Mamone is neither a risk of flight nor a threat to the community:

1. **Chip and Cindy Hurd**, friends and neighbors, owners of National Pawn, the largest pawn shop in Florida, that has been family-owned for nearly 50 years. The Hurds' children are friends with the Mamone children and often spend the night at the

NON-COMPLIANCE OF S.D. fla. L.R. 11A4

Mamone home. In fact, the Hurd children have gone on trips with John Mamone and his family. Knowing the allegations and the prior criminal record of John Mamone does not change anything, according to Mr. Hurd. John Mamone, is his opinion, is not a danger to the community and the allegations in this case will in no way change their relationship. Each and every person mentioned herein concurs with this position and would so testify.

2.    **Gary and Anne Ellis**, friends and neighbors. Mr. Ellis is CFO of Consolidated Cigar, the largest cigar company in the world,

3.    **Ralph and Michele Vartanian**, friends and neighbors, both of whom work at Smith Barney,

4.    **Jim and Connie Guice**, friends and neighbors. Jim is presently self-employed. Formerly, he was a high-level employee of Ryder Trucks. Connie works for Prudential Realty/Arvida Realty. She sold the house in which the Mamones live.

5.    **Joe and Debbie Attenasio**, friends. Joe, who owns a stone and tile company, coached football with John,

6.    **Keith and Connie Carlson**, friends and neighbors,

7.    **Gary Pretner**, friend. Mr. Pretner, president of the football league in which John Mamone and his sons have been involved, owns his own communications business. In addition to joining the position of the other supporters regarding bond, Mr. Pretner is prepared to tell this court that the league and the kids in the league need John Mamone.

8.    **Jack London**, friend. Mr. London, who owns his own wholesale clothing business, is treasurer of the same football league,

9.    **Robert Cole**, friend. Mr. Cole, a business owner, is the Athletic Director of the football league and John Mamone's son's high school football coach. His children occasionally stay overnight at the Mamone house, and the Mamone children occasionally stay at the Cole house, and

10.   **Dr. Angel Cadiz**, family friend and neighbor. Dr. Cadiz lives next door to the Mamones and is the pediatrician for the Mamone children.

As grounds therefore, it is respectfully submitted that under a bond as requested:

1.    John Mamone does not constitute a risk of flight.

2

2.      John Mamone does not pose a threat to the community or to any person.

3.      the legitimate interests of the government and this court will be protected.

## A. FACTUAL BACKGROUND

John Mamone has been indicted in this case for RICO conspiracy, loan sharking, gambling, obstruction of justice and money laundering, all allegedly arising out of what the government has described as organized crime activity. John Mamone has known for a considerable amount of time that he was under investigation by the federal government and has offered, through counsel, on numerous occasions, to surrender to the authorities. It is expected that the government will not seriously contest the fact that with his extensive family and business ties to the community, John Mamone does not constitute a risk of flight. Based on pre-indictment conversations with the government regarding arrest and bond, however, the government's request for pretrial detention will be founded upon the argument that John Mamone represents a danger to the community.[1] John Mamone adamantly denies this allegation. His denial is echoed by the substantial support of his friends and family.

## B. COMMUNITY TIES AND RESPONSIBILITIES

John Mamone has been married to Grace Mamone for nineteen (19) years. They have four children living with them, a fifteen year old son, John Anthony, an eleven year old son, Francesco, a ten year old son, Joey and a three year old daughter, Nikki. John Mamone has two grown children with his first wife; a son, David, who is twenty-two, and a daughter Danielle, who is thirty years old, both of whom are close with John and Grace. The Mamones have lived in the same home for nearly

---

[1]On Monday, October 30, 2000, Assistant United States Attorney Brian McCormick informed counsel that based entirely upon the potential sentence John Mamone faces if convicted as charged. government now is going to argue to the Court that he is a flight risk

3

eight years. Without John Mamone, the family will suffer emotionally and financially. If detention were warranted, that suffering is unavoidable.

John is intimately involved in the lives of his children. He is especially active in the basketball and football leagues in which his sons have played for several years. John has coached and continues to coach teams in the leagues. As vice president of the football league John is responsible for running the daily activities of the league. He has been a coach for seven years and an officer for the last two year. John has also been the athletic director for a basketball league for several years. Hundreds of young athletes have relied upon John Mamone for guidance over the last seven years. Today, an entire league depends on John Mamone for his leadership. Without John the league, but more importantly hundreds of kids, will suffer. Under the circumstances of this case, it is respectfully submitted that it is far better to permit John Mamone to continue his good work.

### C.  FAMILY, FRIENDS AND COMMUNITY SUPPORT

The many people who have come forward on John Mamone's behalf are prepared to testify that each supports John Mamone, in spite of the serious allegations that have been lodged against him, and his prior criminal record.

### D.  PRIOR RECORD

John Mamone has two prior cases, one a federal case in which he plead guilty to insurance fraud, and the other a state case in which he plead guilty, during the early stages of trial, to commercial bribery. In both cases, he plead guilty as a matter of convenience. His community control in the federal case was successfully completed. The probation in the state case is now over. Part of the government's argument in this matter of bond will be that the crimes alleged in this case occurred during the time John Mamone was on probation in the state case. The fact of the matter

4

is that such an allegation should go to the amount of the bond, not the issue of pretrial detention. For, if Mr. Mamone violates a condition of a bond set by this court, the appropriate remedy is to revoke the bond and remand Mr. Mamone to custody.

## E. BASIS OF GOVERNMENT'S REQUEST

According to the Government, they have evidence that John Mamone threatened an informant and his family on the telephone and in person, and physically assaulted the informant in an attempt to collect a debt. In truth and in fact, among a litany of crimes and misdeeds, the informant actually provided Mr. Mamone a worthless check and then, before the check bounced, had the temerity to ask John Mamone for (and receive) money from him. Whatever dispute existed between Mr. Mamone and the informant was a spillover from months of frustration over being lied to and used, not, as the government would have this Court believe, an attempt to use violence in the course of collecting an unlawful debt.

Without in any way condoning threats of, or actual violence, it is respectfully urged that the Court must put this issue into proper perspective. Based on common sense, common knowledge and communications with the government, John Mamone has know for months the identity of the informants in this case. He also knows the family of the informant. Knowing these facts, and the seriousness of the allegations in this matter, at no time, and in no fashion, did John Mamone do or say anything to cause the informants to fear for their, or anyone else's safety. Simply put, this is not about intimidation, but about losing one's temper. The attempt of the government to extrapolate from the facts submitted to argue that John Mamone is a threat to the community is without merit. Any concern the Court may entertain in this regard can be addressed and eliminated through conditions of bond, including house arrest.

5

## F. OTHER FACTORS IMPACTING THE ISSUE OF PRE TRIAL RELEASE

This case is based on a lengthy multi-agency, multi-year investigation. There are several informants, consensual and Title III recorded conversations, thousands of documents and multiple defendants. The prospect of expeditiously getting to trial, a trial that the government estimates will last five (5) weeks, is nonexistent. In other words, if the decision of the Court is a close one, it is respectfully requested that the Court add to its list of considerations that if bond is denied, the difficulty of preparing for the defense of John Mamone's case will be greatly increased.

**WHEREFORE,** for the reasons presented in this motion, as well as additional facts, circumstances and argument to be brought before the Court at the time of the hearing, it is respectfully requested that this Court enter its Order Admitting John Mamone to Reasonable Bail.

Respectfully submitted,

***THORNTON & ROTHMAN, P.A.***
200 S. Biscayne Blvd.
Suite 2690
Miami, FL 33131
(305) 358-9000


By: _David Rothman_
DAVID ROTHMAN

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded via facsimile to Assistant U.S. Attorney Brian McCormick, 299 East Broward Blvd., Ft. Lauderdale, Fl 33301 on this the 30th day of October, 2000.

_David Rothman_
DAVID ROTHMAN

6