UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NUMBER: 00-6309-CR-Seitz

    Plaintiff,

vs.

JOHN MAMONE

    Defendant.
_____/

## DEFENDANT JOHN MAMONE'S RESPONSE
## TO GOVERNMENT'S MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S MOTION FOR ORDER ALTERING BOND

THE DEFENDANT, JOHN MAMONE, responds to the government's memorandum in opposition to his request for alteration of the form, not the substance or amount, of the bond set by this court as follows:

1.    The defense strongly objects to the government's unsupported allegation that the posting of legitimate, hard-earned assets for a bond for a neighbor and friend by well-intentioned and good people is "At best.....a disingenuous act...." When the family, neighbors and friends were asked to help, John Mamone had been in jail for a week and his wife and four children were understandably distraught. Counsel for Mr. Mamone personally met with all of the individuals involved in an emotional meeting the night before the detention hearing. Each agreed to do whatever he or she could to assure John Mamone had the best chance to be released from jail and returned to his family. Now that John has been released, two people are simply asking if they can have access to a small percentage of the total collateral pledged, and Grace and John need to sell her vehicle to provide for their family. Asking for release of 3 pieces of collateral, for legitimate purposes, while agreeing to increase the financial exposure of the personal sureties is not "a disingenuous act."

2. The government presents no real objection, other than reasserting their proffer from the PTD hearing, in opposition to this request.

3. The defense reminds the Court that just before Mr. Mamone's hearing, the government *agreed* to a bond for the lead defendant in this case, the man the government claims was the organizer, director and leader of this alleged violent organized crime family.[1] The bond they agreed to was one-half the amount of the bond the Court set for Mr. Mamone.

4. The defense also feels compelled to remind the Court that the government offered to agree to a bond, prior to the detention hearing, if Mr. Mamone would agree to cooperate in this case.

5. Most importantly, John Mamone has complied with all of his conditions of release.

6. The Mamones need to have Grace's car released as collateral, in part, because the government successfully moved to have John and Grace Mamone's source of income, Gateway Transportation, placed under government control. Recently, the business stopped operating, leaving the Mamones in dire financial straits.

7. As the Court can plainly see from the proffer provided by the defense to satisfy the bond, attached hereto as Exhibit A, the bondsman is holding as collateral far in excess of the $500,000.00 face amount of the bond. It is not that the defense is trying to gain any kind of an advantage, but simply that by reducing the face amount of the corporate surety bond and increasing the face amount of the personal surety bond, the excess collateral can be returned to the people who need access to the property.

8. The defense cannot fathom the harm to the Court, the government or the community should this motion be granted. The government's memorandum merely sets forth the identical

---

[1] The lead defendant committed suicide shortly after his release.

Page -2-

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

argument they made in the hearings that resulted in the Court granting bond. Now that the bond has been set and posted, the alteration to the bond only aids the parties who have posted the collateral, not John Mamone. He will remain under the exact amount of bond originally set by this Court. The government's comment that if John Mamone cannot obtain alternative collateral then he should be held without bail is uncalled for, to say the least.

WHEREFORE, it is respectfully requested that this Court enter an Order altering the bond in this case in the above-mentioned regard.

Respectfully Submitted,

THORNTON & ROTHMAN, P.A.

By: _____
DAVID ROTHMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response to the government's memorandum opposing the defense request to alter the bond was forwarded via facsimile to Assistant U.S. Attorney Brian McCormick, 299 East Broward Blvd., Ft. Lauderdale, Fl 33301 on this the 18th day of December, 2000.

_____
DAVID ROTHMAN

Page -3-

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747