UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MAR 07 2001

UNITED STATES OF AMERICA               CASE NUMBER: 00-6309-CR-Seitz

    Plaintiff,

vs.

JOHN MAMONE

    Defendant.
_____/

### NOTICE OF CHANGE IN POSITION OF PRETRIAL SERVICES IN REGARD TO DEFENDANT JOHN MAMONE'S MOTION FOR ORDER ELIMINATING HOUSE ARREST COMPONENT OF BOND

THE DEFENDANT, JOHN MAMONE, through counsel, notifies this Court that the position of Pretrial Services in regard to this motion has changed, and the statement of no objection made in the motion is no longer correct. The position of Pretrial Services is that they would not object to a modification of house arrest so that PTS is given the authority, on a request by request basis, to permit Mr. Mamone to leave his residence.

By way of background, it is important to point out that the genesis of the original motion was the suggestion by David Nuby, Jr., the Pretrial Services officer, for the defense to move to eliminate house arrest, due to the passage of time. Prior to preparing the motion, defense counsel spoke directly with Mr. Nuby to ask for his position. Mr. Nuby told counsel he was not permitted to say he agreed to the motion, however, he stated he did not object, and that counsel could put that in the motion.

Upon completion of the motion, but prior to seeking the Government's position, a copy of the motion was sent, via facsimile, to Mr. Nuby. Mr. Nuby was then called and asked, again, his

position on the request and whether it was properly stated in the motion. Mr. Nuby said the language that was in the motion was correct as to his position. A copy was then faxed to the Government. The prosecutor told counsel the Government objected to the motion. On Thursday, March 1, the motion was filed with the Court.

On Tuesday, March 6th at about 2:45 p.m. the prosecutor called counsel's office (counsel was out of town) and left a message including the information that Pretrial Services' position had changed. At about 2:59 p.m. Mr. Nuby called counsel's office and left a message that there was a "modification" to Pretrial Services' position. Upon returning to Miami on Wednesday morning, counsel called Mr. Nuby and the Government.

Mr. Nuby told counsel that he was requested to meet with the Government regarding this matter. He further told counsel that he met with "prosecutors" and "agents" and that based on that meeting, he wanted to "modify" his (Pretrial Services') position on the motion. Mr. Nuby said that the "modification" was based on the information the Government gave him on alleged violations of the law by Mr. Mamone while he was on supervised release and alleged acts of violence by Mr. Mamone. Mr. Nuby went on to say that in a few months he would be willing to reconsider his position.

In the conversation with the Government after speaking with Mr. Nuby, counsel learned that the meeting was with two prosecutors and two F.B.I. agents. Counsel objected to the manner in which the Government turned Mr. Nuby. Whether or not it was the intent of the Government, and counsel accepts as true Mr. McCormick's denial it was his intent, a meeting with two federal prosecutors and two F.B.I. agents to which another government employee is summoned smacks of intimidation. The level of intimidation greatly increases when one considers that the obvious reason

Page -2-

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

for the meeting was that the federal government strenuously opposed Mr. Nuby's position, feared that his position may have some effect on this Court's decision, and wanted to do all it could to get Mr. Nuby to change his position. What alternative did Mr. Nuby have? After all, he had to think that if the Government wanted to alert him to "evidence" that supported its position, a simple telephone call from the prosecutor would have sufficed. The fact the Government convened a meeting and included two high-ranking prosecutors and two agents of the F.B.I. said more than any protestations to the contrary. The Government was successful in its efforts.

The "modification" in the position of Pretrial Services does nothing to the request of the defense to delete the requirement of 24 hour house arrest. The Government cannot bootstrap their argument by using the uncorroborated allegations twice, once to request detention, and a second time to convince a Pretrial Services officer to alter his position. The fact remains that there are still other defendants in this case who supposedly committed offenses while under some form of supervision, other defendants in this case who have a prior record, other defendants in this case who allegedly committed acts of violence and even one defendant, now deceased who was supposedly John Mamone's boss, who all are on bond, without 24 hour house arrest.

WHEREFORE, the Defendant, John Mamone, continues to urge this Court to enter an Order deleting the requirement of house arrest.

Respectfully Submitted,

DAVID ROTHMAN
Florida Bar #240273

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant John Mamone's Motion For Order Eliminating House Arrest Component of Bond was forwarded via facsimile to Assistant U.S. Attorney Brian McCormick, 500 East Broward Blvd., Ft. Lauderdale, Fl 33301 on this the 7th day of March, 2001.

DAVID ROTHMAN

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747