00-6309.ob

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6309 CR SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN MAMONE,

    Defendant.
_____/

## ORDER DENYING PENDING MOTIONS RE: BOND

**This matter** is before this Court on Defendant John Mamone's Motion for Order Eliminating House Arrest Component of Bond, filed March 1, 2001, and the government's Motion for Revocation of Bond coincidently contained in the government's response to defendant's motion, filed March 19, 2001. The Court has considered the motions, the Pretrial Services Report, and all pertinent materials in the file.

Defendant's motion seeks to eliminate house arrest without compelling support. Defendant urges that, but for the dastardly conditions of his "subhuman" confinement at FDC at the time his original hearing was held, he would not have agreed to house arrest, in the first place.[1] He had "extremely limited contact with the outside world"; "Even when he was taken from his cell to meet his attorney ...his handcuffs were not removed until he was securely locked in a 3' by 4' room ...".

---

[1] Defendant infers, without actually stating, that he would have appealed this Court's order setting bond, but for those conditions.

1

The Court is unmoved by that argument. Defendant was subjected to normal conditions of confinement.

Defendant suggests that, because he has complied with conditions for four months he should be released from the condition of house arrest, apparently as some type of "reward". Again, the Court is unmoved by that argument. Then the defendant essentially attempts to reargue matters already considered by the Court. No new evidence is presented, just more argument.

For example, as it regards the allegations as to the Al Polito incident, (pages 2-3 of the motion), we now know that the information presented by the government does not appear on the tapes submitted, and the meeting in question was not surveiled. This does not mean that the government's proffer is incorrect. In fact the government offered, and continues to offer, a reasonable explanation for what transpired and offers a type of corroboration. Short of an actual trial, which this Court cannot conduct, the explanation is acceptable. The remainder of the arguments are of similar ilk. It is, in reality, mostly re-argument.

It is unfortunate that defendant's family is allegedly suffering financial woes as a result of the bond conditions imposed. Every defendant subject to detention, house arrest, curfew, travel restrictions, and/or reporting conditions, may suffer adversely from the imposition of same. If adverse consequences of bond condition mandated not imposing them we need not have bond hearings. Finally, the delay in trial argument is similarly rejected, particularly because the delay was to accommodate defendant.

Turning now to the government's request for revocation, this Court finds it to be a classic example of "the best defense is a good offense". The alleged crime committed by defendant occurred in December of 2000. This Court has not been shown that any arrest occurred, any charges

have been made against the defendant, or any other law enforcement action of any type was instituted....until some three months later - in response to a request by defendant to eliminate house arrest. The Court finds the timing of this criminal revelation suspicious, at best. The suspicions are, at least inferentially, confirmed by the government's request that bond be revoked "or alternatively, that the defendant's request that the condition of house arrest be removed from his bond conditions de denied" (page 15 of the response).

For the reasons stated, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that defendant's motion to eliminate house arrest and the government's motion to revoke bond be and the same are hereby **DENIED**.

**DONE AND ORDERED** this 2d day of April, 2001, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:    Honorable Patricia A. Seitz
       David Rothman, Esq.
       Brian McCormick, Esq. - AUSA
       PT Services
       U.S. Marshal's Service

**UNITED STATES DISTRICT COURT**
301 NORTH MIAMI AVENUE
FIFTH FLOOR
MIAMI, FLORIDA 33128-7788

PATRICIA A. SEITZ
DISTRICT JUDGE

(305) 523-5530

March 15, 2001

## NOTICE TO ATTORNEYS AND LITIGANTS

On Monday, March 19, 2001, this division of Court shall fully implement and commence utilization of the FAXBACK program. This program will permit the Clerk of Court to transmit via telefax copies of all orders, judgments and notices of scheduled court hearings to all parties listed on the Court docket who have provided their fax number to the Clerk.

If you have a fax machine but have not been receiving copies of the documents referred to above via facsimile, please complete the attached authorization and fax or mail it to the Clerk of Court.

If you do not have a fax machine, copies of the Court orders will be sent to you by regular U.S. mail.

For the FAXBACK system to become fully implemented, all original proposed orders (submitted with motions) must include a current Service List containing the following information:

> Name of Attorney (or Pro Se Litigant)
> Name of Firm (if applicable)
> Mailing Address
> Phone Number
> Fax Number
> Counsel for ___(identify party)___

The FAXBACK program will, in addition to the other obvious advantages, effectuate a substantial saving to counsel in that it eliminates the need to furnish addressed, postage-paid envelopes with every motion, as has been required in the past under Local Rules.

If you need more information, please call (305) 523-5212. The Court appreciates your cooperation in the implementation of this new service to the Bar.

# A FAX in Time

Save time by receiving orders and judgments via fax. Here is how it works:

Attorneys who participate in this program authorize the Clerk of Court to fax:

- copies of orders
- judgments
- notices entered in civil cases
- notices entered in criminal cases

1. Faxes are sent directly to the firm's fax number in lieu of mailing a copy of the order.
2. The Clerk's Office maintains a report confirming receipt by parties of the electronic notice.
3. If the Clerk is unable to confirm receipt of the electronic notice, a notice by mail will be effected the following business day.

# Sign-Up Today



To sign-up:

1. Complete the attached response form.
2. Stamp and mail the form back to us.

--- OR ---

Fax the form to the Clerk's Office at:
(305) 523-5289

For more information, call:
(305) 523-5212

**Please Note:** The Court needs to be promptly notified in writing of any address, firm, phone or fax number change in **each** of your active cases.

---

**Authorization to Send Orders and Judgments by Facsimile Transmission**

I authorize the Clerk of Court for the Southern District of Florida to transmit notification of entries of judgments, orders, and notices of hearings by facsimile transmission in any case in which this capability exists and I appear as attorney of record. I understand that this electronic transmission will be in lieu of notice by mail. The following telephone number is dedicated for facsimile transmission:

Fax Phone # _____     Firm Name _____

Phone # _____     Attorney Name _____

State Bar # _____     Street Address _____

Signature _____     City, State, Zip _____

List of my active Cases: _____