UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6309-CR-SEITZ/GARBER(S)



UNITED STATES OF AMERICA,
                    Plaintiff,

v.

JOHN MAMONE, <u>et</u> <u>al</u>.
                    Defendants.

_____

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S PETITION
FOR REVIEW OF MAGISTRATE'S ORDER DENYING MOTION FOR
ORDER ELIMINATING HOUSE ARREST COMPONENT OF BOND

The United States of America, through its undersigned Assistant United States Attorneys, files this response in opposition to the defendant's Petition for Review of Magistrate's Order Denying Motion for Order Eliminating the House Arrest Component of Bond.

The government relies upon the facts and argument set forth in the Government's Response in Opposition to Defendant Mamone's Motion for an Order Eliminating House Arrest in support of the court's denial of defendant's motion.  However, the government does object to the negative conclusions by the Magistrate Judge in the part of the Order where the government's Motion to Revoke Bond was denied. Specifically, the court criticized the government's treatment of certain evidence that amounted to an obstruction of justice

committed by the defendant.[1]  In the Order, the Magistrate-Judge

questioned the validity of the evidence because the government had

not raised the allegation when it occurred (December 2000), but

rather waited until three months after the events (March 2001).  As

set forth below, the government acted upon this information in a

timely manner.

As was described in the government's motion for revocation, the

defendant's motion indicates that he has fully complied with the

conditions of bond.  That statement is incorrect.

The defendant has committed a federal felony while on bond and

under house arrest.[2]  In early December of 2000, the defendant was

contacted by an executive of Keystone, a transportation company

located in New Jersey, concerning the possibility of the defendant

handling a transportation subcontract for Keystone.  On

approximately December 4, 2000, the executive of Keystone met with

the defendant at his home.  During that meeting, along with some

subsequent telephone calls, the defendant agreed to accept the

subcontract, but stated that because his company (Gateway) was being

_____

[1] The government takes exception to the finding by the
Magistrate-Judge that the timing of the government's motion for
revocation was "suspicious." The government believes that the
Magistrate-Judge's statement improperly implies that either the
government fabricated the allegations that support its motion to revoke
bond or did not consider them serious enough to be raised sooner.
Neither of these implications is correct.

[2] The government has been prepared to present evidence at an
evidentiary hearing to support the obstruction of justice charge.

2

forfeited to the United States, he did not want the money to be paid directly to him or his company or to any company associated with codefendant David Bell because it would be subject to forfeiture to the government. The defendant explained that Gateway Transportation had closed and was now operating as First Choice (another transportation company operated by codefendant Bell). The defendant arranged for Keystone to make the payments to John J. Jerue Trucking; the actual transportation was being handled by Bell-Four, Inc., a company owned by John Manning, the father-in-law of codefendant Bell. Because this contract was brought to Bell-Four by codefendant Bell, he was to receive a commission fee.

It must be emphasized that this evidence was not learned by the government until shortly before the filing of its motion for revocation. Therefore the government was not dilatory in acting upon this information. The defendant has taken affirmative steps to conceal that he expected to earn as commissions from any contracts between First Choice/Bell Four and Keystone. Clearly, the indictment in this case states that upon conviction, when none of the assets identified in the indictment can be located, it is appropriate for the government to take substitute assets. The defendant, by virtue of his action with Keystone, has endeavored to obstruct that process. This results in a violation of Title 18, United States Code, Section 1503.

Accordingly, based upon the defendant's history of failing to abide by terms and conditions of probation and bond in past cases, coupled with his failure to abide by conditions of bond in this case by committing obstruction of justice, the defendant's Petition for Review should be denied.

Respectfully submitted,

GUY E. LEWIS
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230


By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

<u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true and correct copy of the foregoing

was mailed this _13ʳᵈ_ day of _April_, 2001 to:

David Rothman, Esq.
First Union Financial Ctr.
200 S Biscayne Blvd., Ste 2690
Miami, FL 33131
(Counsel for John Mamone)

John Howes, Esq.
633 S.E. Third Ave., Suite 4F
Fort Lauderdale, FL 33302
(Counsel for Fred Morgenstern)

Ana M. Jhones, Esq.
Bayside Plaza, Suite 625
330 Biscayne Blvd
Miami, FL 33132
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 290
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Donald R. Spadaro, Esq.
1000 S. Federal Hwy., Ste 103
Fort Lauderdale, FL 33316
(Counsel for Julius Chiusano)

Brian L. Tannebaum, Esq.
First Union Financial Center
200 South Biscayne Blvd.,#2690
Miami, FL 33131
(Counsel for Michael Buccinna)

Jeffrey M. Harris, Esq.
One East Broward Blvd., #1500
Fort Lauderdale, FL 33301
(Counsel for David Bell)

Michael Tarre, Esq.
Two South Biscayne Blvd.,#3250
Miami, FL 33131
(Counsel for Jeffrey Bass)

John F. Cotrone, Esq.
509 S.E. 9ᵗʰ St., Suite 1
Fort Lauderdale, FL 33316
(Counsel for Frederick Scarola)

Charles Wender, Esq.
190 W. Palmetto Park Road
Boca Raton, FL 33432
(Counsel for Giuseppe Bellitto)

James Benjamin, Esq.
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL 33394
(Counsel for Mark Carattini)

Peter Raben, Esq.
2665 S. Bayshore Dr., Ste 1206
Coconut Grove, FL 33133
(Counsel for Paul DiFilippi)

Neil M. Mameroff, Esq.
100 S.E. 2ⁿᵈ Ave., Suite 3350
Miami, FL 33131
(Counsel for Anson Klinger)

Brian H. Bieber, Esq.
2600 Douglas Rd., Penthouse 1
Coral Gables, FL 33134
(Counsel for Joseph Spitaleri)

Jon May, Esq.
200 East Broward Blvd.
Suite 1210
Fort Lauderdale, FL 33301
(Counsel for Charles Clay)

Richard Hamar, Esq.
Maria Hamar, Esq.
2437 Briarcrest Rd.
Beverly Hills, CA 90210
(Counsel for Charles Clay)

5

Charles G. White, Esq.
2250 SW 3ʳ Avenue, Suite 150
Miami, FL 33129
(Counsel for Peggy Preston)


Philip R. Horowitz, Esq.
12651 S. Dixie Hwy., Ste. 328
Miami, FL 33156
(Counsel for Mark Weiss)

David G. Vinikoor, Esq.
420 S.E. 12ᵗʰ Street
Fort Lauderdale, FL 33316
(Counsel for Jacolyn Baruch)



DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY