00-6309.o1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6309 CR SEITZ/GARBER(S)(S)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN MAMONE,

    Defendant.
_____/



## ORDER GRANTING MOTION TO REVOKE BOND

**This matter** is before this Court on USA's Ex-Parte Sealed Motion for Revocation of Bond and Application for Arrest Warrant for Defendant John Mamone, filed August 15, 2001. The Court has considered the motion and all pertinent materials in the file. In addition, a hearing was held over two days and argument of counsel considered.

The motion alleges that defendant has continued engaging in criminal acts beyond his house arrest. Indeed, on August 14, 2001, a superceding indictment was returned charging said violations. For the purposes of this motion, defendant is charged with making extortionate extensions of credit, collections of same, and receiving monies knowing they are proceeds of the sale of stolen goods.

This motion is governed by 18 U.S.C. §3148. That statute provides, in pertinent part that, after a hearing "the judicial officer shall enter an order of revocation and detention" if the Court finds "probable cause to believe that the person has committed a Federal, State, or local crime while on release". 18 U.S.C. §3148(b)(1)(A). This decision is contingent on a finding that the Court finds no condition or combination thereof will assure that the person will not flee and/or won't pose a danger

to the community. The statute further provides that a finding of probable cause that defendant committed a crime while on release carries with it a rebuttable presumption that the person is a danger to the community.

The violations charged, as noted are part of a superceding indictment. That, alone, is sufficient for the Court to find probable cause that defendant did what he is alleged to have done. See e.g. U.S. v. Hurtado, 779 F. 2d 1467 (11th Cir. 1985); United States v. Knight, 636 F. Supp. 1462 (S.D. Fla. 1986). In addition, after hearing the evidence, this Court separately concludes that probable cause exists for no less than two of the charges: (1) the extortionate loan; and (2) the receipt of funds from the sale of stolen goods.[1]

This Court heard the testimony of F.B.I. agent Christopher Starrett and had the opportunity to observe his demeanor while testifying. The Court accepts his testimony and finds it to be credible. The transcript of same is incorporated herein, by reference. The Court has also heard and observed the testimony of the witnesses called by defendant. They are "friends" and "associates" of defendant. Their credibility is suspect, at best, but even if this Court were to accept what they had to say, it wouldn't change the outcome as it would not be sufficient to overcome the presumptions that apply and the testimony of agent Starrett.

The Court has likewise considered the argument of defense counsel. Were the standard before this Court one of "reasonable doubt" it might have some merit - but only as it regards the argument that the allegedly extortionate loan was really some sort of a partnership. However, the probable cause presented by the government - to say nothing of the indictment - clearly survives.

---

[1] Although an argument was made that there was no showing that the theft occurred after defendant was placed under house arrest, the receipt of the funds, regardless of when the theft happened, is criminal.

Finally, nothing was heard to rebut the presumption that defendant is a danger to the community. Given the history of defendant and the new allegations supported by the indictment and the evidence, it is likely that this was not an inadvertent oversight. Thus, this Court concludes that he is a danger.

Therefore, the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to revoke bond is **GRANTED.**

2. The defendant shall be held in Pretrial Detention pursuant to the terms of 18 U.S.C. §3142 (f).

**DONE AND ORDERED** this /sf day of October, 2001, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:  Honorable Patricia A. Seitz
David Rothman, Esq.
Brian McCormick, Esq. - AUSA
PT Services
U.S. Marshal's Service