UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ (S)(S)



UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOHN MAMONE,

       Defendant.

_____

GOVERNMENT'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT,
NOTICE OF SEEKING ENHANCEMENT AND
INCORPORATED MEMORANDUM OF LAW

    The United States of America, through its undersigned Assistant United States Attorneys, files these objections to the Presentence Investigation Report (PSI) and notice of seeking enhancement pursuant to 2J1.7.

    Group Seven incorrectly lists Michael Cmpagnano as the victim. This group should, in fact, list Michael Carattini as the victim of this collection of an extortionate extension of credit.

    The government submits that there should be a three level enhancement to the guideline calculation pursuant to 2J1.7 for commission of an offense while under release, which would apply to Groups Four (Bass) and Six (Cougill). The reasons supporting this enhancement are set forth below.

The defendant was arrested on the original indictment in October of 2000 and on November 4, 2000, was released on bond and placed under house arrest with electronic monitoring. After that, the defendant used John O'Sullivan to make extortionate collections on a debt owed by codefendant Jeff Bass. In March 2001, a first superseding indictment was returned, somewhat modifying the original charges. Mamone's bond status was continued. After the return of the superseding indictment, codefendant Bass began to cooperate with the government. He made numerous loanshark payments to O'Sullivan on the debt owed Mamone. O'Sullivan delivered the loanshark proceeds to Mamone while Mamone was under house arrest. These collections were made on a frequent basis.

The government also received information Adam Cougill who met with O'Sullivan during the summer of 2001. At that time O'Sullivan obtained a loanshark loan from Mamone on behalf of O'Sullivan and the cooperating witness.

In August 2001, a second superseding indictment was returned in which the RICO and loansharking conspiracies were extended to August 2001, in order to include the additional criminal conduct that Mamone and O'Sullivan were engaged in while Mamone was on release and under house arrest.[1]

---

[1] The fact that the government included the crimes committed while under release in the same indictment is of no consequence; the enhancement is still applicable. *See United States v. Kentz*, 251 F.3d 835 (9th Cir. 2001).

Sentencing Guideline 2J1.7 provides that if an enhancement un 18 U.S.C. 3147 is applicable, then 3 levels should be added to the offense level for the offense committed while on release. Under 18 U.S.C. 3147, a person convicted of a felony offense which was committed while under release is to be sentenced to a term of imprisonment of not more than 10 years, which is to be imposed consecutively to any other sentence of imprisonment. By the clear language of the statute and the provisions of 2J1.7, there is no question but that a 3 level enhancement applies to the defendant. See e.g. *United States v. Tyndale*, 209 F. 3d 1292 (11th Cir. 2000).

The three level enhancement is to be applied only to those groups which represent criminal activity which took place while the defendant was on bond. *United States v. Bahhur*, 200 F.3d 917, 927 (6th Cir. 2000). If those enhancements are added to these two groups, it would raise their adjusted offense level to 27. Then under the Multiple Group Adjustment (3D1.4), each of these groups would now add ½ unit, increasing the entire offense level to 3 rather than 2. The resulting total offense level, after the adjustment for acceptance of responsibility, should now be 34,

which at a criminal history category of III, provides for a guideline imprisonment range of 188-235.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

4

<u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this 6th day of September, 2002 to:

David Rothman, Esq.
First Union Financial Center
200 S. Biscayne Blvd., Ste. 2690
Miami, FL 33131


Neil M. Schuster, Esq.
Suite 11B
407 Lincoln Rd.
Miami Beach, FL 33139


　　　　　　　　　　　　　　　　　　　／s／ Diana W. Fernandez
　　　　　　　　　　　　　　　　　　　DIANA L.W. FERNANDEZ
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney