UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6309-CR-SEITZ (S)(S)

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JOHN MAMONE,

                Defendant.

_____

NIGHT BOX
FILED

NOV 2 0 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## GOVERNMENT'S MOTION CONCERNING RESTITUTION
### AND PROPOSED REPAYMENT SCHEDULE

The United States of America, through its undersigned Assistant United States Attorneys, files this proposed restitution repayment schedule in this matter.

1.  On December 19, 2001, the defendant pled guilty to Count One of the second superseding indictment, which charged him with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d), pursuant to a written plea agreement. On September 10, 2002, the defendant was sentenced to a term of incarceration of 115 months, after the Court granted the government's 5K motion.

2.  As part of the written plea agreement, the defendant agreed to the entry of a forfeiture/restitution order, the exact amount to be determined by the Court.

3.  Based on the identifiable victims, the government proposes that the Court enter a Restitution Order in the total amount of $4,993,889.17.  This amount is composed of four parts:

Alliance Trust/Chemical Trust - $1,845,451.00

Rubbo boilerroom            - $1,000,000.00

Kevin Sheehan               - $  390,000.00

Forex                       - $1,757,438.17[1]

These are all amounts and criminal activities which the defendant acknowledged at the time he entered his guilty plea.  The government will provide the victim lists to the Court and defense counsel at the time of the restitution hearing.[2]

4.  As evidenced by the presentence investigation report (PSI), the defendant has no assets nor monies to speak of.  Yet as represented by the criminal activity of the defendant during the time frame of this indictment, he and his family have been living off the investment funds of a large number of fraud victims as well as extortion proceeds, totaling approximately 4.9 million dollars.  Throughout the years the defendant has consistently placed his assets in his wife's and other's names as nominee (*e.g.*, Gold Coast Check Cashing Store, Gateway Transportation, condominiums in

---

[1]    As to the Forex amount only, the defendant is jointly and severally liable with codefendant Joseph Spitaleri.

[2]    Since the Restitution Order was entered as to codefendant David Bell, the government has identified victims in the Rubbo matter, which have been added to the victim list.

Coconut Grove), the government submits, to simply protect or hide his ill-gotten gains from the government. Therefore it appears that at the present time the only asset or income that is available to be applied to restitution is the monies being paid to Mrs. Mamone on a monthly basis from Cargo Transportation Services, Inc. (Cargo Transportation), as will be explained below.[3]

5.    The government and counsel for the defendant have been attempting to reach a mutually agreeable restitution repayment schedule but have been unable to do so. In the course of those discussions, counsel for the wife of the defendant, Mrs. Mamone, has provided to the government a financial statement, which is attached hereto. As can be seen from that financial statement, the family's monthly income totals $10,967.00. This is composed of income solely from Cargo Transportation.

6.    Cargo Transportation is a company which was created after Gateway Transportation was closed during the pendency of this indictment.[4] Gateway Transportation was a trucking transportation company which was operated by the defendant and codefendant David

---

[3]    The defendant also claims to have transferred substantial amounts of monies in the past to the Bahamas, where it was to have been invested or utilized to purchase real properties. The defendant has stated that those monies have since been appropriated by the Bahamian attorney with whom they were placed. It is not clear whether any of those monies can ever be reclaimed. Therefore the government is proceeding under the premise that those monies are unavailable for restitution.

[4]    Gateway Transportation had been named in the forfeiture count of the indictment.

Bell. While the defendant was under house arrest and just after Gateway Transportation was dissolved, the defendant incorporated a new transportation company, Cargo Transportation. (A copy of those incorporation papers are attached). On May 5, 2001, the defendant resigned as registered agent for Cargo Transportation and his wife, Grace Mamone, was placed as registered agent. On July 16, 2001, ownership of the company was transferred to Stacey Bell, wife of codefendant David Bell. Grace Mamone resigned as president and registered agent, and Stacey Bell was subsequently listed as the resident agent. (Copies of the Secretary of State documents are attached).

7.    Counsel for the defendant has represented that there were monies utilized to open Cargo Transportation totaling $88,500.00, that was obtained through cash advances on Mrs. Mamone's credit cards. Apparently in consideration of this, a promissory note was entered into by Cargo Transportation (signed by Grace Mamone) committing Cargo Transportation to repay Grace Mamone a total of $88,500.00 over a three-year period. (A copy of the promissory note is attached).

8.    There is one written and one verbal agreement which relate to the sale of Cargo Transportation to Stacey Bell.

a.    An installment sales agreement (a copy of which is attached), by which Mrs. Mamone agreed to sell Cargo Transportation to Stacey Bell for a total amount of $555,514,98, to be paid over a ten-year period. The monthly payment amount is $6,450.00.

4

b.    A verbal agreement that Mrs. Mamone is to receive $500.00 a week as salary from Cargo Transportation.

9.   These three figures represent the total income as shown on Mrs. Mamone's financial schedule.

10.  As is clear from the PSI at paragraph 147, the defendant utilizes his wife as a nominee for ownership of the trucking companies.  Mrs. Mamone has no particular expertise in this field; rather, it is the defendant who has consistently worked in the trucking transportation business.

11.  Although Mrs. Mamone worked from approximately December 2000 through March 2001 as a clerk for Cargo Transportation, since that time she has done no work for the company, yet continues to receive a salary.

12.  The government contends that the sales price for Cargo Transportation represents nothing more than a means to provide Mrs. Mamone with income while the defendant is incarcerated.  The figure greatly overestimates the value of the company at the time of its sale to the Bells.  Cargo Transportation had no assets.  It consisted merely of an office from which trucking transportation contracts were solicited and truckers were contracted to provide the actual transportation.  Therefore these monies in actuality represent income to the defendant.

13.  The defendant owes a total restitution amount of $4,993,889.17.  Since the defendant is currently incarcerated and claims to have no assets (other then the income from Cargo

5

Transportation), this income is the only amount at the present time which can be utilized to make repayment on a rather large restitution amount.

14. Although the government believes that the entire amount of monies being paid to Mrs. Mamone should be used for restitution, the government also recognizes that Mrs. Mamone and her family have a need for monies to subsist. Therefore, in consideration of that fact, the government recommends that one-half of the monies presently being paid to Mrs. Mamone be submitted to the Court for restitution during the incarceration of the defendant. After the defendant's release, the government further recommends that 25% of the defendant's income also then be applied to restitution.

15. In light of the fact that the Chemical Trust victims have already received approximately 45% of their investment in restitution, the government further recommends that the victims from the Rubbo boilerroom, Forex, and Kevin Sheehan be repaid first from any monies until their return equals 45% of the total loss for each fraud or extortion. Thereafter, the government recommends that the restitution payments be applied pro rata as to the victims in all four groups.

CONCLUSION

WHEREFORE, the government respectfully requests that this Honorable Court enter a Restitution Order as to this defendant in the total amount of $4,993,889.17, with the repayment schedule as outlined above.


Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230


By: _____
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this _20th_ day of _November_, 2002 to:

David Rothman, Esquire
200 South Biscayne Boulevard
Suite 2690
Miami, Florida 33131


Neil M. Schuster, Esquire
407 Lincoln Road
Suite 11B
Miami Beach, Florida 33139

Silas S. Saunders, U.S. Probation Officer
300 N. E. 1st Avenue
Room 315
Miami, Florida 33132


_Diana W. Fernandez_
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

# GRACE MAMONE

# FINANCIAL STATEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                  :       CASE NO.: 00-6309-CR-Seitz

                      Plaintiff,           :

                                           :

v.                                         :

                                           :

JOHN MAMONE,                               :

                                           :

                      Defendant.           :

............................................:

*FINANCIAL AFFIDAVIT*

STATE OF FLORIDA        )
COUNTY OF BROWARD )

BEFORE ME, this day personally appeared GRACE MAMONE, who being duly sworn, deposes and says that the following information is true and correct to hir/her best knowledge and belief:

EMPLOYMENT AND INCOME

OCCUPATION       : Clerk
EMPLOYED BY      : Cargo Transportation
ADDRESS          : Plantation


SOC. SEC#        :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
PAY PERIOD       :Weekly
RATE OF PAY      :$500.00 Gross       $447.00 Net

-1-

### AVERAGE GROSS MONTHLY INCOME:

| | |
|---|---|
| Wages, Bonuses, commissions, allowances, overtime tips and similar payments | $ 1,922.00 |
| Business income from sources such as self-employment partnership, close corporations and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income) | $ 6,450.00 |
| Disability benefits, Worker's Compensation, Unemployment Compensation | $ |
| Pension, Retirement or Annuity Payments | $ |
| Social Security Benefits | $ |
| Spousal Support Received From Previous Marriage | $ |
| Interest and Dividends | $ |
| Rental Income (gross receipts minus ordinary and necessary expenses required to produce income) | $ |
| Income from Royalties, trust or estates | $ |
| Itemize any other income of a recurring nature | $ 2,595.00 |
| TOTAL MONTHLY INCOME: | $10,967.00 |

LESS DEDUCTIONS

| | |
|---|---|
| Federal, state and local income taxes (corrected for filing status and actual number of withholding allowances) | $ |
| FICA or self-employed tax (annualized) | $ |
| Mandatory Credit Card Business debts | $ 2,595.00 |
| Health Insurance Payments | $ |
| Court Ordered support payments for the children actually paid | $ |
| TOTAL DEDUCTIONS: | $ |
| TOTAL NET MONTHLY INCOME: | $ 8,372.00 |
| TOTAL MONTHLY EXPENSE ITEMIZED BELOW: | $ |
| (Net or Deficit): | $ |

2

## AVERAGE MONTHLY EXPENSES

### HOUSEHOLD

| | |
|---|---|
| Mortgage (1st) $2,123.00 and (2nd) $1,384.00 *includes taxes* | $ 3,508.00 |
| Homeowners' Association | $ 110.00 |
| Electricity | $ 600.00 |
| Water, Garbage & Sewer | $ 115.00 |
| Telephone | $ 220.00 |
| Fuel Oil or Natural Gas | $ N/A |
| Repairs and Maintenance | $ 25.00 |
| Lawn and Pool Care $140.00 and $65.00 | $ 205.00 |
| Pest Control | $ 60.00 |
| Housewater | $ 15.00 |
| Food and Grocery Items | $ 1,000.00 |
| Meals outside home | $ 100.00 |
| Other/Home Security | $ 79.00 |
| Cable for T.V. | $ 59.00 |
| **TOTAL HOUSEHOLD EXPENSES** | $ 6,096.00 |

### AUTOMOBILE

| | |
|---|---|
| Gasoline & Oil | $ 140.00 |
| Repairs, tires, batteries, etc. | $ 100.00 |
| Auto Tag License and (2) Cars payment ($504.00), ($475.00) | $ 1,000.00 |
| Insurance (2) Cars | $ 500.00 |
| Other: AAA ($80.00) and Miscellaneous ($10.00) | $ 90.00 |
| **TOTAL AUTOMOBILE EXPENSES:** | $ 1,830.00 |

3

**CHILDREN'S EXPENSES – Ages 5, 12, 13, and 17**

| | |
|---|---|
| Nursery or Babysitting (live-in housekeeper) | $ N/A |
| School Tuition/Florida Prepay | $ 86.00 |
| School Supplies, Trips and Events | $ 50.00 |
| Lunch Money or Allowance | $ 80.00 |
| Clothing | $ 100.00 |
| Medical, Dental, Prescriptions, Vitamins | $ 25.00 |
| Cosmetics/toiletries | $ 25.00 |
| Gifts for Special Holidays | $ 25.00 |
| Other Expenses | $ 100.00 |
| **TOTAL CHILDREN'S EXPENSES** | $ 491.00 |

**INSURANCE**

| | |
|---|---|
| Health | $ 0 |
| Life | $ 525.00 |
| Umbrella Policy | $ 92.00 |
| **TOTAL INSURANCE EXPENSES** | $ 617.00 |

**MISCELLANEOUS EXPENSES NOT LISTED ABOVE**

| | |
|---|---|
| Dry cleaning and laundry | $ 25.00 |
| Affiant's clothing | $ 50.00 |
| Affiant's medical, dental and prescriptions | $ 10.00 |
| Affiant's beauty parlor/barber | $ 50.00 |
| Affiant's cosmetics/toiletries | $ 50.00 |
| Affiant's gifts given for special holidays | $ 50.00 |
| Pets, Grooming, Veterinarian | $ 0 |
| Membership, Professional or Social Dues | $ 0 |
| Entertainment | $ 50.00 |

4

| | | |
|---|---|---|
| Vacations | $ 25.00 | |
| Publications | $ 20.00 | |
| Religious contributions/Charities | $ 100.00 | |
| Miscellaneous | $ 25.00 | |
| Other Expenses | $ 25.00 | |
| **TOTAL MISCELLANEOUS EXPENSES** | $ 480.00 | |

Payments to creditors:

| | | Balance |
|---|---|---|
| Amex (Blue) | $ 50.00 | $1,600.0 |
| J.C. Penney and Structure | $ 100.00 | $1,100.0 |
| Walmart and Citi Bank | $ 90.00 | $1,200.0 |
| Sears | $ 75.00 | $1,481.0 |
| Brandsmart | $ 100.00 | $2,700.0 |
| Target, Sams, Childrens' Place, Speigel, Sports Authority, K-Mart | $ 400.00 | $1,700.0 |
| **TOTAL PAYMENTS TO CREDITORS** | $ 815.00 | |

**TOTAL MONTHLY PAYMENTS**
(add all totals above)

$ 10,329.00

**STATEMENT OF NET WORTH**

ASSETS AND LIABILITIES - Allocate between Husband and Wife based upon present title ownership.  If joint, allocated equally.

**ASSETS**

| Description | Value | Husband | Wife |
|---|---|---|---|
| Cash | $ 500.00 | | $ 500.00 |
| Stocks | -0- | | -0- |
| Bonds | -0- | | -0- |
| Notes | $478,000.00 | | $478,000.00 |
| Real Property | $525,000.00 | $262,500.00 | $262,500.00 |

5

**Automobiles**

| | |
|---|---|
| Explorer | $24,000.00 |
| Contents of House | $15,000.00 |
| Jewelry | |
| Life Insurance Cash surrender value | $340.00 |
| Other Assets | |

**TOTAL ASSETS:** $ 1,042,840.00    $ _____    $ _____

## LIABILITIES

| Creditor | Security | Balance | Husband | Wife |
|---|---|---|---|---|
| ABN Amboo Mortgage, Inc. | House | $183,000.00 | $91,635.00 | $91,635.00 |
| Bank Atlantic | House | $139,000.00 | $72,785.00 | $72,785.00 |
| Ford | Car | $ 24,000.00 | $12,000.00 | $12,000.00 |
| **TOTAL LIABILITIES** | | | **HUSBAND** | **WIFE** |

$ 346,000.00                              $ 173,000.00    $ 173,000.00

**NET WORTH** (Total assets less total liabilities)

**TOTAL BALANCE**                          **HUSBAND**      **WIFE**

$ N/A                                  $ _____    $ _____

6

## VERIFIED FINANCIAL AFFIDAVIT

UNDER PENALTY OF PERJURY, I, GRACE MAMONE , declare that I have read the foregoing and the facts alleged are true, to the best of my knowledge and belief. Executed this _7th_ day of _November_ , 2002.

X _Grace Mamone_
GRACE MAMONE

STATE OF FLORIDA
COUNTY OF BROWARD

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgements, that the foregoing instrument was acknowledged before me by GRACE MAMONE who is personally known to me, and who did take an oath.

WITNESS my hand and official seal in the County and State last aforesaid.



PATRICIA CARBY
MY COMMISSION # CC 988882
EXPIRES: April 18, 2005
Bonded Thru Notary Public Underwriters

_Patricia Carby_
NOTARY PUBLIC PATRICIA CARBY

My Commission Expires:

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been mailed by Regular U.S. Mail to: FAXED BRIAN MCCORMICK, USAG of _November_ , A.D., 2002 this 7th day

Respectfully submitted,

WILLIAM J. CONE, JR., ESQUIRE
514 SOUTHEAST SEVENTH STREET
FORT LAUDERDALE, FLORIDA    33301
Telephone #954.764.0570

7

# INCORPORATION OF

# CARGO TRANSPORTATION SERVICES, INC.

# TRANSMITTAL LETTER

# P000000114280

Department of State
Division of Corporations
P. O. Box 6327
Tallahassee, FL 32314

```
400003495334----
     -12/11/00--01120--005
****78.75  ****78.7
```

SUBJECT: ___CARGO TRANSPORTATION SERVICES, INC.___

(Proposed corporate name - must include suffix)

Enclosed is an original and one (1) copy of the articles of incorporation and a check for :

☐ $70.00
Filing Fee

☒ $78.75
Filing Fee
& Certificate

☐ $122.50
Filing Fee
& Certified Copy

☐ $131.25
Filing Fee,
Certified Copy
& Certificate

FROM: JOHN MAMONE
Name (printed or typed)

1960 AUGUSTA TERRACE
Address

CORAL SPRINGS, FL. 33071
City, State & Zip

[954] 753-4150
Daytime Telephone number

FILED
SECRETARY OF STATE
DIVISION OF CORPORATIONS
00 DEC 11 AM 9: 59

**NOTE: Please provide the original and one copy of the articles.**

12/14/0

# ARTICLES OF INCORPORATION

FILED
SECRETARY OF STATE
DIVISION OF CORPORATION

00 DEC 11 AM 9:58

*The undersigned incorporator(s), for the purpose of forming a corporation under the Florida Business Corporation Act, hereby adopt(s) the following Articles of Incorporation.*

### ARTICLE I    NAME

The name of the corporation shall be:

        CARGO TRANSPORTATION SERVICES, INC.

### ARTICLE II    PRINCIPAL OFFICE

The principal place of business and mailing address of this corporation shall be:

        1960 AUGUSTA TERRACE
        CORAL SPRINGS, FL. 33071

### ARTICLE III    SHARES

The number of shares of stock that this corporation is authorized to have outstanding at any one time is:

        THIS CORPORATION IS AUTHORIZED TO ISSUE 100 SHARES
        OF [$1.00] PAR VALUE COMMON STOCK

### ARTICLE IV    INITIAL REGISTERED AGENT AND STREET ADDRESS

The name and address of the initial registered agent is:

        JOHN MAMONE
        1960 AUGUSTA TERRACE
        CORAL SPRINGS, FL. 33071

## ARTICLE V    INCORPORATOR(S)

The name(s) and street address(es) of the incorporator(s) to these Articles of Incorporation is(are):

JOHN MAMONE
1960 AUGUSTA TERRACE
CORAL SPRINGS, FL. 33071

The undersigned incorporator(s) has(have) executed these Articles of Incorporation this

_____ 8 _____ day of DECEMBER _____, ___2000_ .

_____
                    Signature

_____
                    Signature

_____
                    Signature

## Articles of Incorporation
## Filing Fee - $35

# CERTIFICATE OF DESIGNATION OF

# REGISTERED AGENT/REGISTERED OFFICE

PURSUANT TO THE PROVISIONS OF SECTION 607.0501 or 617.0501, FLORIDA STATUTES, THE UNDERSIGNED CORPORATION, ORGANIZED UNDER THE LAWS OF THE STATE OF FLORIDA, SUBMITS THE FOLLOWING STATEMENT IN DESIGNATING THE REGISTERED OFFICE/REGISTERED AGENT, IN THE STATE OF FLORIDA.

1. The name of the corporation is: CARGO TRANSPORTATION SERVICES, INC.

2. The name and address of the registered agent and office is:

JOHN MAMONE

(Name)

1960 AUGUSTA TERRACE

(P.O. Box not acceptable)
CORAL SPRINGS, FL. 33071

(City/State/Zip)

FILED
00 DEC 11 AM 9: 58
SECRETARY OF STATE
DIVISION OF CORPORATIONS

*Having been named as registered agent and to accept service of process for the above stated corporation at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.*

JOHN MAMONE

(Signature)

DIVISION OF CORPORATIONS, P.O. BOX 6327, TALLAHASSEE, FL

# CARGO TRANSPORTATION SERVICES, INC.

# CHANGES IN REGISTERED AGENT

# AND OFFICERS

# STATEMENT OF CHANGE OF REGISTERED OFFICE OR REGISTERED AGENT OR BOTH FOR CORPORATIONS

*Pursuant to the provisions of sections 607.0502, 617.0502, 607.1508, or 617.1508, Florida Statutes, the undersigned corporation organized under the laws of the State of* ___Florida___ *submits the following statement in order to change its registered office or registered agent, or both, in the State of Florida.*

1. The name of the corporation : *Cargo Transportation Services, Inc.*

2. The mailing address of the corporation : *7786 Wiles Road*
*Coral Springs, FL 33067*

3. Date of incorporation/qualification: *12/11/00*    Document number: *P00000114280*

4. The name and address of the current registered agent and office:

*Anna Grace Mamone*
*1960 Augusta Terrace*
*Coral Springs, FL 33071*

5. The name and address of the new registered agent (if changed) and/or registered office (if changed):
(P. O. Box **Not** Acceptable)

*Stacey Bell*
*7786 Wiles Road*
*Coral Springs, FL 33067*

The street address of its registered office and the street address of the business office of its registered agent, as changed, will be identical.

Such change was authorized by resolution duly adopted by its board of directors or by an officer so authorized by the board.

*Stacey Bell*                                    *6-10-01*
(Signature of an officer, chairman or vice chairman of the board)         (Date)

*Stacey Bell  President*
(Printed or typed name and title)

*Having been named as registered agent and to accept service of process for the above stated corporation, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligation of my position as registered agent.*

*Stacey Bell*                                    *6-10-01*
(Signature of Registered Agent)                     (Date)

If signing on behalf of an entity:

_____                 _____
(Typed or Printed Name)                              (Capacity)

**\* \* \* FILING FEE: $35.00 \* \* \***

CR2E045(9/00)    DIVISION OF CORPORATIONS    P.O. BOX 6327    TALLAHASSEE, FL 32314

# 2001 UNIFORM BUSINESS REPORT (UBR)

**FILED**
**Mar 05, 2001 8:00 a**
**Secretary of State**
03-05-2001 90072 014 ***150.00

DOCUMENT # **P00000114280**

1. Entity Name
**CARGO TRANSPORTATION SERVICES, INC.**

Principal Place of Business
1960 AUGUSTA TERRACE
CORAL SPRINGS FL 33071

Mailing Address
1960 AUGUSTA TERRACE
CORAL SPRINGS FL 33071

DO NOT WRITE IN THIS SPACE

2. Principal Place of Business
**7786 WILES RD.**
Suite, Apt. #. etc.

City & State
**CORAL SPRINGS, FL**
Zip **33067**   Country **USA**

3. Mailing Address
**PO BOX 770577**
Suite, Apt. #. etc.

City & State
**CORAL SPRINGS FL**
Zip **33077**   Country **USA**

4. FEI Number **65-1063428**   Applied For / Not Applicab

5. Certificate of Status Desired   **$8.75** Additional Fee Required

6. Name and Address of Current Registered Agent

MAMONE, JOHN
1960 AUGUSTA TERRACE
CORAL SPRINGS FL 33071

7. Name and Address of New Registered Agent

Name **ANNA GRACE MAMONE**
Street Address (P.O. Box Number is Not Acceptable)
**1960 AUGUSTA TERRACE**
City **CORAL SPRINGS**   **FL**   Zip Code **33071**

8. The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE _**ANNA GRACE MAMONE**_    **3-28-01**
Signature, typed or printed name of registered agent and title if applicable.    (NOTE: Registered Agent signature required when reinstating)    DATE

9. This corporation is eligible to satisfy its Intangible Tax filing requirement and elects to do so. (See criteria on back) ☐

**FILE NOW!!! FEE IS $150.00**
After MAY 1, 2001 Fee will be $550.00
Make Check Payable to Department of State

10. Election Campaign Financing Trust Fund Contribution. ☐    **$5.00** May Be Added to Fees

| 11. | OFFICERS AND DIRECTORS | | 12. | ADDITIONS/CHANGES TO OFFICERS AND DIRECTORS IN 11 | | |
|---|---|---|---|---|---|---|
| TITLE | | ☐ Delete | TITLE | Pres./sec./Director | ☐ Change | ☒ Addit |
| NAME | | | NAME | ANNA GRACE ~~MAMONE~~ MAMONE | | |
| STREET ADDRESS | | | STREET ADDRESS | 1960 AUGUSTA TERRACE | | |
| CITY-ST-ZIP | | | CITY-ST-ZIP | CORAL SPRINGS, FL 33071 | | |
| TITLE | | ☐ Delete | TITLE | VP/Tres./Director | ☐ Change | ☒ Addit |
| NAME | | | NAME | STACEY BELL | | |
| STREET ADDRESS | | | STREET ADDRESS | 7705 ANDES LANE | | |
| CITY-ST-ZIP | | | CITY-ST-ZIP | PARKLAND, FL 33060 | | |
| TITLE | | ☐ Delete | TITLE | | ☐ Change | ☐ Addit |
| NAME | | | NAME | | | |
| STREET ADDRESS | | | STREET ADDRESS | | | |
| CITY-ST-ZIP | | | CITY-ST-ZIP | | | |
| TITLE | | ☐ Delete | TITLE | | ☐ Change | ☐ Addit |
| NAME | | | NAME | | | |
| STREET ADDRESS | | | STREET ADDRESS | | | |
| CITY-ST-ZIP | | | CITY-ST-ZIP | | | |
| TITLE | | ☐ Delete | TITLE | | ☐ Change | ☐ Addit |
| NAME | | | NAME | | | |
| STREET ADDRESS | | | STREET ADDRESS | | | |
| CITY-ST-ZIP | | | CITY-ST-ZIP | | | |
| TITLE | | ☐ Delete | TITLE | | ☐ Change | ☐ Addit |
| NAME | | | NAME | | | |
| STREET ADDRESS | | | STREET ADDRESS | | | |
| CITY-ST-ZIP | | | CITY-ST-ZIP | | | |

13. I hereby certify that the information supplied with this filing does not qualify for the exemption stated in Section 119.07(3)(i), Florida Statutes. I further certify that the informatio indicated on this report or supplemental report is true and accurate and that my signature shall have the same legal effect as if made under oath; that I am an officer or direct of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears in Block 11 or Block 1 changed, or on an attachment with an address, with all other like empowered.

FILED
SECRETARY OF STATE
DIVISION OF CORPORATIONS
01 JUL 16 AM 9: 38

# OFFICER / DIRECTOR RESIGNATION

I, _Anna Grace Mamode_ , hereby resign as _President_
(Title)

of _Cargo Transportation Services, inc._ ,
(Name of Corporation)

a corporation organized under the laws of the State of _Florida_

and affirm that the corporation has been notified in writing of the resignation.

(Signature of resigning officer/director)

**FILING FEE IS $35.00**

**Make checks payable to Florida Department of State and mail to:**
**Division of Corporations**
**P.O. Box 6327**
**Tallahassee, FL 32314**

CR2E044(9/98)

FILED
SECRETARY OF STATE
DIVISION OF CORPORATIO.

01 JUL 16 AM 9: 37

# RESIGNATION OF REGISTERED AGENT

Pursuant to the provisions of sections 607.0502(2), 617.0502(2), 607.1509, or 617.1509,

Florida Statutes, the undersigned, _Anna Grace Mamone_
(Name of registered agent)

hereby resigns as Registered Agent for _Cargo Transportation Services, Inc._
(Name of corporation)

A copy of this resignation was mailed to the above listed corporation at its last known address.

The agency is terminated and the office discontinued on the 31st day after the date on which this statement is filed.

_____
(Signature of resigning agent)

If signing on behalf of an entity:

_Anna Grace Mamone_
(Typed or Printed Name)

_____
(Capacity)

**Fee for filing this document:**
$87.50 - Active corporation
$35.00 - Administratively dissolved corporation

Make checks payable to Florida Department of State and mail to:
Division of Corporations
P.O. Box 6327
Tallahassee, FL 32314

CR2E046(9/98)

## STATEMENT OF CHANGE OF REGISTERED OFFICE OR REGISTERED AGENT OR BOTH FOR CORPORATIONS

*Pursuant to the provisions of sections 607.0502, 617.0502, 607.1508, or 617.1508, Florida Statutes,
the undersigned corporation organized under the laws of the State of* _____ Florida _____
*submits the following statement in order to change its registered office or registered agent, or both, in
the State of Florida.*

1. The name of the corporation : *Cargo Transportation Services, Inc.*

2. The mailing address of the corporation : *7786 Wiles Road*
*Coral Springs, FL 33067*

3. Date of incorporation/qualification: *12/11/00*     Document number: *P00000114980*

4. The name and address of the current registered agent and office:

*Anna Grace Mamone*
*1960 Augusta Terrace*
*Coral Springs, FL 33071*

5. The name and address of the new registered agent (if changed) and/or registered office (if changed):
(P. O. Box **Not** Acceptable)

*Stacey Bell*
*7786 Wiles Road*
*Coral Springs, FL 33067*

The street address of its registered office and the street-address of the business office of its registered
agent, as changed, will be identical.

Such change was authorized by resolution duly adopted by its board of directors or by an officer so
authorized by the board.

*Stacey Bell* _____      *6-10-01*
(Signature of an officer, chairman or vice chairman of the board)      (Date)

*Stacey Bell  President*
(Printed or typed name and title)

*Having been named as registered agent and to accept service of process for the above stated
corporation, I hereby accept the appointment as registered agent and agree to act in this capacity.
I further agree to comply with the provisions of all statutes relative to the proper and complete
performance of my duties, and I am familiar with and accept the obligation of my position as
registered agent.*

*Stacey Bell* _____      *6-10-01*
(Signature of Registered Agent)      (Date)

If signing on behalf of an entity:

_____      _____
(Typed or Printed Name)      (Capacity)

### * * * FILING FEE: $35.00 * * *

CR2E045(9/00)      DIVISION OF CORPORATIONS      P.O. BOX 6327      TALLAHASSEE, FL 32314

# PROMISSORY NOTE

## PROMISSORY NOTE

$ 88,500.00                                          Coral Springs. Florida
                                                       May 7, 2001

     **FOR VALUE RECEIVED**, the undersigned, **CARGO TRANSPORTATION SERVICES, INC.** a Florida corporation ("Maker"), promises to pay to the order of **ANNA GRACE MAMONE**, or their successors or assigns ("Lender") the principal sum of eighty eight thousand five hundred and 00/100 Dollars ($ 88,500.00) or such lesser amount that actually may be advanced to Maker and remain outstanding plus interest as hereinafter provided (the "Loan"). Any amounts advanced under this Promissory Note and then repaid will decrease the maximum Principal Amount of this Promissory Note by the amount of such repayment. The interest rate set forth herein shall be referred to as the "Note rate".

Principal and interest shall be due and payable as follows:

     Commencing on the first (1st) day of the first calendar month after the execution date noted above and continuing thereafter on the first day of each and every month, through and including September 30, 2004, monthly payments of principal and interest are due as follows:  First thirty–six months (36) is two thousand five hundred ninety-five dollars and 00/100 ($ 2,595.00), the next seven (7) payments is four thousand and 00/100 dollars ($ 4,000.00) and a final payment of two thousand four hundred sixty-one and 17/100 dollars ($ 2,461.17) computed at the rate of eighteen percent (18.00%) per annum for the $ 88,500.00 of the average daily outstanding balance shall be due and payable. If not sooner paid, the entire unpaid principal balance of this promissory note, together with all interest accrued thereon, shall be due and payable on September 30, 2004.  This promissory Note may be partially or fully prepaid, without penalty. Provided, however, if Maker is sold (by sale or transfer of all or substantially all of the assets of the Maker, by sale or transfer of a controlling interest of the Maker's stock, by merger or otherwise), the entire unpaid principal balance of this Promissory Note, together with all interest accrued thereon, shall, at the option of the Lender, be immediately due and payable.

     All installments of principal and/or interest shall be make to Grace Mamone and are payable at 1960 Augusta Terrace Coral Springs, FL 33071, or at such other place as Lender hereof may, from time to time, designate in writing, in lawful money of the United States of America which shall be legal tender for public and private debts at the time of payment.

If default is made in the payment of any part of the principal of or interest due under the terms of this Note, this Note shall be in default and the entire principal sum and accrued interest shall become due and payable at once without further notice and demand at the option of the Lender. While in default, the principal of this Note shall bear interest at a rate equal to the maximum rate permissible under Florida law (the Default rate").

This note may be prepaid in whole or in part without penalty. Partial payment shall not relieve Maker of the obligation of paying all payments as they become due thereafter, until all amounts due and payable under this Note have been paid in full.

Maker hereby submits to the jurisdiction of the courts of the State of Florida in the event any litigation arising from or related to this Note is commenced. Maker agrees that Lender may institute any cause of action against Maker involving this Note in the courts of Broward County, Florida, and hereby waives any venue privilege or right to be sued in any other forum.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Note the day and year first hereinabove provided.

Witness                              Cargo Transportation Services, Inc.

By: _____
Name: Anna Grace Mamone
Title: President

```
CREDIT CARD LOAN FIRST 36 MONTHS                          06-16-2001  Pg    1
```

Compounding period...:  Monthly

```
Nominal annual rate..:    18.000   %
Effective annual rate:    19.562   %
Periodic rate........:     1.5000  %
Equivalent daily rate:     0.04932 %
```

CASH FLOW DATA

| | Event | Date | Amount | # | Period | End-date |
|---|---|---|---|---|---|---|
| 1 | Loan | 01-31-01 | 88,500.00 | 1 | | |
| 2 | Payment | 02-28-01 | 2,595.00 | 36 | Monthly | 01-31-04 |
| 3 | Payment | 02-29-04 | 29,006.37 | 1 | | |

AMORTIZATION SCHEDULE - Normal amortization

| Pmt | Date | Payment | Interest _Loan Interest_ | Principal _Credit Crd payable_ | Balance |
|---|---|---|---|---|---|
| Loan | 01-31-2001 | | | | 88,500.00 |
| 1 | 02-28-2001 | 2,595.00 | 1,327.50 | 1,267.50 _July_ | 87,232.50 |
| 2 | 03-31-2001 | 2,595.00 | 1,308.49 | 1,286.51 _Aug_ | 85,945.99 |
| 3 | 04-30-2001 | 2,595.00 | 1,289.19 | 1,305.81 _Sept_ | 84,640.18 |
| 4 | 05-31-2001 | 2,595.00 | 1,269.60 | 1,325.40 _Oct_ | 83,314.78 |
| 5 | 06-30-2001 | 2,595.00 | 1,249.72 | 1,345.28 _Nov_ | 81,969.50 |
| 6 | 07-31-2001 | 2,595.00 | 1,229.54 | 1,365.46 _Dec._ | 80,604.04 |
| 7 | 08-31-2001 | 2,595.00 | 1,209.06 | _02_ 1,385.94 _Jan_ | 79,218.10 |
| 8 | 09-30-2001 | 2,595.00 | 1,188.27 | 1,406.73 _Feb_ | 77,811.37 |
| 9 | 10-31-2001 | 2,595.00 | 1,167.17 | 1,427.83 _March_ | 76,383.54 |
| 10 | 11-30-2001 | 2,595.00 | 1,145.75 | 1,449.25 _April_ | 74,934.29 |
| 11 | 12-31-2001 | 2,595.00 | 1,124.01 | 1,470.99 _May_ | 73,463.30 |
| 2001 | totals | 28,545.00 | 13,508.30 | 15,036.70 | |
| 12 | 01-31-2002 | 2,595.00 | 1,101.95 | 1,493.05 _June_ | 71,970.25 |
| 13 | 02-28-2002 | 2,595.00 | 1,079.55 | 1,515.45 _July_ | 70,454.80 |
| 14 | 03-31-2002 | 2,595.00 | 1,056.82 | 1,538.18 _Aug_ | 68,916.62 |
| 15 | 04-30-2002 | 2,595.00 | 1,033.75 | 1,561.25 _Sept_ | 67,355.37 |
| 16 | 05-31-2002 | 2,595.00 | 1,010.33 | 1,584.67 _Oct_ | 65,770.70 |
| 17 | 06-30-2002 | 2,595.00 | 986.56 | 1,608.44 _Nov_ | 64,162.26 |
| 18 | 07-31-2002 | 2,595.00 | 962.43 | 1,632.57 _Dec._ | 62,529.69 |
| 19 | 08-31-2002 | 2,595.00 | 937.95 | 1,657.05 | 60,872.64 |
| 20 | 09-30-2002 | 2,595.00 | 913.09 | 1,681.91 | 59,190.73 |
| 21 | 10-31-2002 | 2,595.00 | 887.86 | 1,707.14 | 57,483.59 |
| 22 | 11-30-2002 | 2,595.00 | 862.25 | 1,732.75 | 55,750.84 |
| 23 | 12-31-2002 | 2,595.00 | 836.26 | 1,758.74 | 53,992.10 |
| 2002 | totals | 31,140.00 | 11,668.80 | 19,471.20 | |
| 24 | 01-31-2003 | 2,595.00 | 809.88 | 1,785.12 | 52,206.98 |
| 25 | 02-28-2003 | 2,595.00 | 783.10 | 1,811.90 | 50,395.08 |
| 26 | 03-31-2003 | 2,595.00 | 755.93 | 1,839.07 | 48,556.01 |
| 27 | 04-30-2003 | 2,595.00 | 728.34 | 1,866.66 | 46,689.35 |
| 28 | 05-31-2003 | 2,595.00 | 700.34 | 1,894.66 | 44,794.69 |

REDIT CARD LOAN FIRST 36 MONTHS

| mt | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 29 | 06-30-2003 | 2,595.00 | 671.92 | 1,923.08 | 42,871.61 |
| 30 | 07-31-2003 | 2,595.00 | 643.07 | 1,951.93 | 40,919.68 |
| 31 | 08-31-2003 | 2,595.00 | 613.80 | 1,981.20 | 38,938.48 |
| 32 | 09-30-2003 | 2,595.00 | 584.08 | 2,010.92 | 36,927.56 |
| 33 | 10-31-2003 | 2,595.00 | 553.91 | 2,041.09 | 34,886.47 |
| 34 | 11-30-2003 | 2,595.00 | 523.30 | 2,071.70 | 32,814.77 |
| 35 | 12-31-2003 | 2,595.00 | 492.22 | 2,102.78 | 30,711.99 |
| 2003 | totals | 31,140.00 | 7,859.89 | 23,280.11 | |
| | | | | | |
| 36 | 01-31-2004 | 2,595.00 | 460.68 | 2,134.32 | 28,577.67 |
| 37 | 02-29-2004 | 29,006.37 | 428.70 | 28,577.67 | 0.00 |
| 2004 | totals | 31,601.37 | 889.38 | 30,711.99 | |
| | | | | | |
| Grand totals | | 122,426.37 | 33,926.37 | 88,500.00 | |

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CREDIT CARD LOAN REMAINING BALANCE                          06-16-2001  Pg    1
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Compounding period...:  Monthly

Nominal annual rate..:    18.000   %
Effective annual rate:    19.562   %
Periodic rate........:     1.5000  %
Equivalent daily rate:     0.04932 %

CASH FLOW DATA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
      Event     Date            Amount     #  Period  End-date
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  1   Loan      01-31-04      28,577.67    1
  2   Payment   02-29-04       4,000.00    7  Monthly 08-31-04
  3   Payment   09-30-04       2,461.17    1
```

AMORTIZATION SCHEDULE - Normal amortization

| Pmt | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 01-31-2004 | | | | 28,577.67 |
| 1 | 02-29-2004 | 4,000.00 | 428.67 | 3,571.33 | 25,006.34 |
| 2 | 03-31-2004 | 4,000.00 | 375.10 | 3,624.90 | 21,381.44 |
| 3 | 04-30-2004 | 4,000.00 | 320.72 | 3,679.28 | 17,702.16 |
| 4 | 05-31-2004 | 4,000.00 | 265.53 | 3,734.47 | 13,967.69 |
| 5 | 06-30-2004 | 4,000.00 | 209.52 | 3,790.48 | 10,177.21 |
| 6 | 07-31-2004 | 4,000.00 | 152.66 | 3,847.34 | 6,329.87 |
| 7 | 08-31-2004 | 4,000.00 | 94.95 | 3,905.05 | 2,424.82 |
| 8 | 09-30-2004 | 2,461.17 | 36.35 | 2,424.82 | 0.00 |
| 2004 | totals | 30,461.17 | 1,883.50 | 28,577.67 | |

| Grand totals | | 30,461.17 | 1,883.50 | 28,577.67 | |

# INSTALLMENT AGREEMENT

## INSTALLMENT AGREEMENT FOR THE SALE AND PURCHASE OF STOCK IN CARGO TRANSPORTATION SERVICES, INC.

**THIS AGREEMENT** is entered into on July 1, 2001 by and between ANNA GRACE MAMONE, whose address is 1960 Augusta Terrace, Coral Springs, Florida 33071 ("SELLER"), and STACY BELL, whose address is 7705 Andes Lane, Parkland , Florida 33067 ("BUYER").

### RECITALS

A. CARGO TRANSPORTATION SERVICES, INC. (the "COMPANY") is a Florida corporation in good standing with all of its shares of common capital STOCK issued and outstanding.

B. The SELLER is the owner of shares of the common capital of the COMPANY, comprising FIFTY PERCENT (50%) of all the issued and outstanding common capital ( "the STOCK").

C. The SELLER desires to sell and the BUYER desires to buy the STOCK under the terms and conditions set forth herein.

THEREFORE, in consideration of the promises mutually exchanged in this Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

### AGREEMENT

1.    Sale of Shares. Subject to the provisions of this Agreement, the SELLER agrees to sell the STOCK to the BUYER. The SELLER agrees to execute such additional documents as the BUYER deems necessary to perfect the BUYER's title to the STOCK.

2.    Purchase Price. The purchase price shall be FIVE HUNDRED AND FIFTY FIVE THOUSAND, FIVE HUNDRED AND FOURTEEN DOLLARS AND NINETY EIGHT CENTS ($555,514.98). This purchase price shall not be paid in a lump sum, but instead shall be paid in installments, including principal and interest, of SIX THOUSAND FOUR HUNDRED FIFTY DOLLARS ($6,450) per month commencing on August 1, 2001 and continuing thereafter on the first day of each consecutive month, through and including May 1, 2011.

3.    Default. If the BUYER fails to make payment of any one of the installments when they shall become due, and in case the payment is not made after TWENTY ( 20) days' notice of such default, the SELLER may retain any deposits paid by the BUYER and redeem the STOCK transferred to BUYER as liquidated damages. In this event, the parties shall be relieved of all obligations under this Agreement. Additionally, the BUYER shall have the option to buy the STOCK for a lump sum amount representing the unpaid balance of the purchase price.

4.    Representations and Warranties of SELLER. The SELLER hereby represents that SELLER has good, absolute, and marketable title to the STOCK, free from all liens, claims, and encumbrances. The SELLER has the unfettered right, power, and authority to sell all of the STOCK under this Agreement. Delivery of the STOCK to

1        INITIALS: Buyer _____ Seller _____

the BUYER as contemplated by this Agreement will vest unencumbered title to the STOCK in the BUYER.

     5.     <u>Termination.</u> This Agreement may be terminated by the BUYER if COMPANY assets suffer any loss or casualty, which substantially affects the value of the STOCK transferred by this Agreement or the use of COMPANY assets, irrespective of insurance. On the occurrence of this event, the parties may agree upon an amount by which the purchase price shall be reduced by reason of such event, in which case the BUYER shall not terminate this Agreement and the purchase price shall be so reduced.

     6.     <u>Governing Law</u>. This Agreement shall be governed in its enforcement, construction, and interpretation by the laws of the state of Florida.

     7.     <u>Entire Agreement</u>. This Agreement constitutes the entire Agreement of the parties and may not be amended or modified except in a writing signed by both parties. All prior understandings and Agreements between the parties are merged in this Agreement, which alone fully and completely expresses their understanding.

     8.     <u>Successors</u>. This Agreement shall be binding on and inure to the benefit of the parties and their respective successors, assigns, and personal representatives.

     ACCEPTED AND AGREED on the date first above stated.

Witnesses as to BUYER:

(Print) _OJ ODUNNA_

(Sign) _____

BUYER: STACY BELL

_Stacy Bell_

Stacy Bell

Witness as to SELLER:

(Print) _____

(Sign) _____

SELLER: ANNA GRACE MAMONE

_Anna Grace Mamone_

Anna Grace Mamone

2     INITIALS: Buyer ____ Seller ____