UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6309-CR-Seitz

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN MAMONE,

        Defendant.

_____/

**MOTION TO CORRECT SENTENCE OR, IN THE ALTERNATIVE, TO COMPEL SPECIFIC PERFORMANCE WITH PLEA AGREEMENT**

COMES NOW, the Defendant JOHN MAMONE, by and through his undersigned counsel and hereby respectfully moves this Honorable Court to enter an order correcting the sentence imposed herein. In support thereof, Defendant avers:

As part and parcel of the Defendant's plea agreement with the government, *United States v. Mamone*, *supra*, Plea Agreement, ¶8, the United States agreed that it would not recommend an upward departure as to relevant offense conduct or based upon background. However, in error, in violation of the plea agreement, the government did so.

Specifically, the plea agreement reached by the parties states in pertinent part,

    The United States agrees that it will not recommend an upward departure from the guidelines as determined by the Court based

upon the nature of the offense, the Defendant's relevant offense conduct, or the background of the Defendant.

*United States v. Mamone, supra*, Plea Agreement, p. 3, ¶8.  It is that portion of the plea agreement that the Defendant respectfully seeks to enforce, correct, and adjust as it pertains to the earlier proceedings.

This Honorable Court may recall that the prosecution filed the following pleading: *Government's Objections to the Presentence Investigation Report, Notice of Seeking Enhancement and Incorporated Memorandum of Law*.  That motion is predicated upon what can be construed as "relevant offense conduct" or "the background of the Defendant."  Moreover, the "enhancement" may be liberally interpreted or construed as a departure.

It was the Defendant, himself, who brought to counsels' attention the government's error in this regard.  Moreover, because these sentencing proceedings are not complete, this Honorable Court retains jurisdiction to correct the error, or alternatively, to compel the prosecution to adhere to its agreement. Because this Honorable Court granted the prosecution's enhancement request, an adjustment for that enhancement is appropriate.  The appropriate remedy is outlined in the final section of this memorandum.

## I.
## ARGUMENT

a.  **The prosecution must adhere to its plea agreements.**

If the government breaches express or implied terms of a plea agreement, a violation of due process occurs. *Mabry v. Johnson,* 467 U.S. 504, 509 (1984);

*Santobello v. New York,* 404 U.S. 257, 262-63 (1971). Therefore, a criminal defendant has the right to compel the government to meet its obligations under its written agreements. *Santobello v. New York, supra.*

Courts have found a breach of the plea agreement where the sentence was enhanced based upon a pre-sentence interview, despite the government's agreement that information provided in cooperating will not be used against the defendant. *United States v. Fant,* 974 F.2d 559 (4th Cir. 1992) (defendant's sentence based on information that defendant provided in reliance on agreement, was "plain error" requiring that defendant's sentence be vacated.) Likewise, the government's failure to recommend a reduction for acceptance of responsibility has been held to be a breach of the plea agreement. *United States v. Wolf,* 127 F.3d 84 (DC Cir. 1997) (holding that government's breach of the plea agreement warranted reconsidering entire sentence); *United States v. Valencia,* 985 F.2d 758 (5th Cir. 1993) (prosecutor's comments at defendant's resentencing in which prosecutor stated that defendant should not be entitled to any credit for acceptance of responsibility constituted reversible error); *United States v. Grim,* 170 F.3d 760 (7th Cir. 1999) (holding that failure to recommend acceptance of responsibility reduction breached plea agreement).

The sentence must be reversed where the government breaches its plea agreement to make no sentencing recommendation, *United States v. Nolan-Cooper,* 155 F.3d 221 (3rd Cir. 1998) (holding that government breached its stipulation not to oppose defendant's argument, by pointing out facts that were

contrary to defendant's position or by supporting a higher sentence than agreed to in the plea agreement); *United States v. Johnson*, 132 F.3d 628 (11th Cir. 1998) (holding that the government breached plea agreement by urging a higher drug quantity than agreed to in the plea agreement).

Case law is legion that a prosecutor's promise can bind itself to any component of an agreement. Courts have reversed sentences where the government violated its promise not to recommend a specific sentence, *United States v. Hayes*, 946 F.2d 230 (3rd Cir. 1991) (breached its plea bargain promise that it would not make specific sentence recommendation); *United States v. Camarillo-Tello*, 236 F.2d 1024 (9th Cir. 2001) (holding that the government breached plea agreement by failing to recommend a four level downward "fast track" departure); to stipulate that the offense did not involve more than minimal planning, *United States v. Badaracco*, 954 F.2d 928 (3rd Cir. 1992); and that only two ounces of cocaine were involved. *United States v. Boatner*, 966 F.2d 1575 (11th Cir. 1992) (holding that the government investigators breached the agreement when they told the probation officer that the defendant was involved in over three kilograms of cocaine).

Likewise, the government can promise and be bound to the filing of Rule 35 or U.S.S.G. §5K1.1 relief. *See Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. Hernandez*, 34 F.3d 998 (11th Cir. 1994); *United States v. Rueda*, 19 F.3d 3 (11th Cir. 1994); *United States v. Yesil*, 991 F.2d 1527 (11th Cir. 1992); *United States v. Isaac*, 141 F.3d 477 (3rd Cir. 1998) (the defendant's

4

reasonable expectation must be taken into account in construing a bargain which incorporates a Section 5K1.1 motion); *United States v. Rounsavall*, 128 F.3d 665 (8th Cir. 1997) (defendant entitled to evidentiary hearing on the prosecution's decision to forego filing a §3553(e) motion arising from separate agreement); *United States v. De La Fuente*, 8 F.3d 1333, 1340 (9th Cir. 1993) (allowing courts to order Rule 35 motion); *United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994) (same); *United States v. Hernandez*, 17 F.3d 78, 81-82 (5th Cir. 1994) (same); *United States v. Dixon*, 998 F.2d 228, 231 (4th Cir. 1993) (same); *United States v. Knights*, 968 F.2d 1483, 1486 (2d Cir. 1992) (same); *United States v. Drown*, 942 F.2d 55, 59 (1st Cir. 1991) (motion mandated by court where the government's refusal was an attempt to ensure a defendant's continued cooperation, despite his pre-sentence cooperation); *United States v. Treleaven*, 35 F.3d 458, 462 (9th Cir. 1994) (defendant who gave grand jury testimony provided substantial assistance for purposes of Sentencing Guidelines section) (further citations omitted); *United States v. Ming He*, 94 F.3d 782, 795 (2nd Cir. 1996). *Yesil* and *Hernandez* of this Circuit as well as *Wade, supra,* clearly provide plenary authority for the district court to specifically enforce promises regarding the filing of motions for sentencing leniency.

"In construing the terms of an agreement and the parties' obligations under it, the courts generally employ traditional contract principles." G. Nicholas Herman, *Plea Bargaining,* §10:04, at 190 (1997). A leading criminal procedure treatise illuminates the relationship between these contract law principles and

broader issues of criminal procedure.

> [Contract rules] have to be applied to plea agreements with two things in mind which may require their tempering in particular cases. First, the defendant's underlying "contract" right is constitutionally based and therefore reflects concerns that differ fundamentally from and run wider than those of commercial contract law.... Second, with respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights--to concerns for the "honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal scheme of government." [This means that] both constitutional and supervisory concerns require holding the Government to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for imprecisions or ambiguities in plea agreements.... This is particularly appropriate where, as would usually be the case, the Government has proffered the terms or prepared a written agreement--for the same reason that dictate that approach in interpreting private contracts.

5 Wayne R. Lafave, Jerold H. Israel & Nancy J. King, *Criminal Procedure,* §21.2(d), at 57 (2d ed.1999) (quoting *United States v. Harvey,* 791 F.2d 294 (4th Cir.1986).

### b. Construction of Plea Agreements.

In *United States v. Pielago*, 135 F.3d 703, 709 -710 (C.A.11 (Fla.),1998), this Circuit noted, "The construction of proffer agreements, like plea agreements, is governed generally by the principles of contract law, as we have adapted it for the purposes of criminal law. *See United States v. Weaver,* 905 F.2d 1466, 1472 (11th Cir.1990); *Rowe v. Griffin,* 676 F.2d 524, 528 (11th Cir.1982) (interpreting immunity agreements pursuant to principles applied to interpretation of plea agreements); *cf. United States v. Jefferies,* 908 F.2d 1520, 1523 (11th Cir.1990)

("Plea agreements are interpreted and applied in a manner that is sometimes likened to contractual interpretation."). "This analogy, however, should not be taken too far." *Jefferies*, 908 F.2d at 1523. A "hyper-technical reading of the written agreement" and "a rigidly literal approach in the construction of language" should not be accepted. *In re Arnett*, 804 F.2d 1200, 1203 (11th Cir.1986) (internal citation and quotes omitted). The written agreement should be viewed "against the background of the negotiations." *Id.*

Courts generally interpret plea agreements according to principles borrowed from contract law. *United States v. Jefferies*, supra. Because of the necessity of insuring "fairness" to the defendant, however, courts hold the government to a higher standard than would be applied in a civil contract dispute. For example, " '[a] plea agreement is not an appropriate context for the government to resort to a rigidly literal approach in the construction of the language.' " *In re Arnett*, 804 F.2d 1200, 1203 (11th Cir.1986) (quoting *United States v. Bowler*, 585 F.2d 851, 854 (7th Cir.1978)). Thus, any ambiguities in the terms of a proffer agreement are resolved in favor of the criminal defendant. *See Rowe*, 676 F.2d at 526 n. 4. A court should not accept a "hyper-technical reading" of a plea agreement. *Jefferies*, 908 F.2d at 1523. In interpreting a plea agreement, a court must look to "*the defendant's reasonable understanding at the time he entered the plea.* " *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir.1992) (emphasis added); *see also Arnett*, 804 F.2d at 1202-03.

The Rule of Lenity also applies as a rule of construction in this case. Although the Rule applies in statutory construction, a plea agreement is a contract and requires similar treatment. Whenever there is any uncertainty or ambiguity about a criminal statute or regulation, or in this case a contractual agreement, it must be strictly construed against the government, and in favor of leniency for a defendant. *Adamo Wrecking Co. v. United States*, 434 U.S. 275, 283 (1978); *Huddleston v. United States*, 415 U.S. 814, 830-31 (1974); *United States v. Bass*, 404 U.S. 336 (1971); *United States v. Campos-Serrano*, 404 U.S. 293, 297 (1971); *United States v. Cook*, 384 U.S. 257, 262-63 (1966); *United States v. Healy*, 376 U.S. 75, 82 (1964); *United States v. Monasterski*, 567 F.2d 677, 681 (6th Cir. 1977); *United States v. Allen*, 566 F.2d 1193, 1195 (3d Cir. 1977); *United States v. Moreno*, 561 F.2d 1321, 1323 (9th Cir. 1977); *United States v. McClain*, 545 F.2d 988, 995 (5th Cir. 1977); *United States v. Block*, 452 F.Supp. 907, 910-11 (M.D.Fla.1978). The principle of strict construction, and the rule of lenity that it includes is

> . . . rooted in the law's concern for the rights of the individual, and the need to provide a clear, definite, and fair warning about what constitutes criminal conduct and is therefore punishable by the loss of liberty or property. *United States v. Block*, 452 F.Supp. at 911. See *Huddleston v. United States*, 415 U.S. at 831, 94 S.Ct. at 1271, 39 L.Ed.2d at 794; *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 375, 93 S.Ct. 1652, 1663, 36 L.Ed.2d 318, 333 (1973); *United States v. Bass*, 404 U.S. at 347-48, 92 S.Ct. at 522, 30 L.Ed.2d at 496-97; *876 United States v. Monasterski*, 567 F.2d at 682. Hence, the principle of strict construction leads to the interpretation of the regulation that precludes its application to defendant's religious activity.

*United States v. Silberman*, 464 F.Supp. 866, 875 -876 (D.C.Fla., 1979). Therefore, under the Rule of Lenity, specific enforcement and adjustment for the enhancement should issue.

c.  **Remedy.**

In a case in which the court required the prosecution to file for plenary sentencing leniency, Senior District Judge Highsmith notes,

> Clearly, a plea agreement which is ambiguous must be resolved against the government, and any plea agreement which contains a commitment to file a Rule 35 motion in return for the Defendant's cooperation is subject to specific enforcement. See *United States v. De La Fuente,* 8 F.3d 1333, 1340-41 (9th Cir. 1993), *United States v. Melton,* 930 F.2d 1096, 1098-99 (5th Cir. 1991) (agreement contained in cover letter to plea agreement). Applying these criteria, the Court finds it appropriate to enforce Mr. Ganz's understanding of the agreement. …. Read in a nontechnical manner, against the backdrop of the prolonged negotiations, the agreement provides for a recommendation of sentence reduction in exchange for Mr. Ganz's cooperation and renunciation of a claim against forfeiture of his family home. [FN2] Given Mr. Ganz's full performance of his side of the bargain, the government's performance, in the form of a 5K1.1 motion, should have followed.

*United States v. Ganz,* 806 F.Supp. 1567, 1570 –1571 (S.D.Fla. 1992).

As calculated by the initial PSR, with CHC of III, prior to the government's successful motion for a sentencing enhancement, the Defendant's guideline range was 168-210 months. As a result of the government's breach of the plea, a guideline range of 188-235 months was ordered. Because of the statutorily required consecutive term that must be imposed in light of USSG §2J1.7, an additional sentence of 18 months was imposed. The remedy in this case is to place the Defendant in the position he would have occupied, with the Court's

42% reduction for cooperation, but for the government's violation of the plea agreement.

WHEREFORE, the Defendant respectfully prays that this Honorable Court construe the plea agreement to preclude the government from seeking enhancement and accordingly adjust and correct the sentence imposed.

Respectfully submitted,

NEIL M. SCHUSTER, Esq.
407 Lincoln Rd., Suite 11-B
Miami Beach, FL 33139
(305) 673-3737
Fax: (305) 534-5470


DAVID ROTHMAN, Esq.
Florida Bar No. 240273
3420 SE Financial Center
Suite 2690
Miami, Florida 33131
(305) 358-9000

By:_____
Neil M. Schuster
Florida Bar No. 216909


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished this 20th day of November to: AUSAs Brian McCormick and Diana Fernandez, Office of the United States Attorney, 500 East. Broward Blvd., Fort Lauderdale, FL 33394   By:_____

Neil M. Schuster