UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        CASE NUMBER: 00-6309-CR-Seitz

　　　Plaintiff,

vs.

JOHN MAMONE,

　　　Defendant.
_____/

### DEFENDANT JOHN MAMONE'S EMERGENCY MOTION
### TO CONTINUE RESTITUTION HEARING

THE DEFENDANT, JOHN MAMONE, through counsel, moves this Court to enter an Order continuing the restitution hearing presently scheduled for Friday, November 22, 2002, and rescheduling the matter to provide counsel for the defendant and counsel for the defendant's wife sufficient time to properly respond to the government's submission received on Wednesday, November 20, in the afternoon. Further, due to issues raised in the government's papers, it is now necessary for the defense to have witnesses subpoenaed or writted to court, and time is needed to accomplish this. Additionally, it is respectfully submitted that the parties will need far more time than is presently allotted for presentation of witnesses, evidence and argument. In support of this motion, it is alleged as follows:

　　　1.　　The government served, via facsimile, a thirty-five (35) page submission styled "Government's Motion Concerning Restitution and Proposed Repayment Schedule" on Wednesday afternoon. The submission includes a motion with numerous attachments.

　　　2.　　The motion contains numerous factual allegations, many without any support attached thereto, which the defense disputes. Many of these disputes have been aired over the last several

months, while the defense and the government had been meeting and speaking in an attempt to reach an accommodation on the restitution issue.

3. The defendant, John Mamone, has been kept fully apprized of the discussions between the attorneys and the government and has encouraged an amicable resolution of the issues. It is his position that the government is wrong on the amount of restitution and unreasonable in the payment schedule they have recommended. In fact, the first time the government mentioned it was seeking 50% of the money coming into the Mamone household each month was in the pleading just received.

4. Mr. Mamone disputes paragraph 4 of the government's motion. The assertion that he and his family lived off 4.9 million dollars derived from his criminal activity is flat out incorrect, and hopefully falls within the category of hyperbole. With sufficient time to respond, the defense can easily disprove this allegation.

5. Mr. Mamone disputes that the amount of restitution should be any where in the area of 4.9 million dollars. With sufficient time to respond and present witnesses and evidence, the defense submits this, too, can be proven incorrect.

6. Mr. Mamone disputes that the fact his wife's name is on certain entities or accounts in any way was done to "protect or hide his ill-gotten gains from the government." This, too, can and will be refuted at a hearing, with witnesses and evidence to support the Mamones' position.

7. The government states, in footnote 3, that because "It is not clear whether any of [the Bahamian money] can ever be reclaimed " the "government is proceeding under the premise that those monies are unavailable for restitution." If is significant to note that the defendant informed the government about these funds well over one year ago; that the government was aware of funds

Page 2 of 4

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

in the Bahamas even prior to the filing of this case more than two (2) years ago; that Mr. Mamone and his attorneys have offered for months to assist the government in any attempt to determine how much money is there; and Mr. Mamone and his attorneys offered to assist in any way to recover the funds in the Bahamas. Now, one working day prior to the restitution hearing the government dismisses in writing what could well amount to hundreds of thousands of dollars and seeks, instead to have this Court take one-half of what the Mamone family needs to live **every single month for nearly one decade** while John Mamone remains imprisoned, unable in any way to provide financially for his family. Charitably, the government magnanimously "recognizes that Mrs. Mamone and her family have a need for monies to subsist." After paying taxes at a rate of over 30%, with the government taking one-half of the money coming into the household, Grace Mamone and her four children would be left destitute. Perhaps the government would be comfortable if the Court would reschedule the restitution hearing for December 24.

8. Since the government was shown it was Mrs. Mamone's money that was used to start Cargo Transport, and she was exposed to the loss of nearly $100,000.00, the government's assertion that "these monies in actuality represent income to the defendant" is ludicrous. With sufficient time to prepare and respond to this allegation, the defense submits this allegation can be disproved.

9. Mr. Mamone, who is indigent, will need to obtain assistance from the Court for the issuance of witness subpoenas and, in the case of any witnesses who are presently incarcerated, a Writ, to fully and properly present his case.

10. William Cone, Jr., the attorney for Mrs. Mamone joins in this motion.

WHEREFORE, it is respectfully requested that this Court enter its Order resetting the Restitution Hearing in this case to afford Mr. and Mrs. Mamone sufficient time to properly prepare

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

and respond, subpoena witnesses, and present their defense to the government's request for the amount and the method of payment of restitution.

Respectfully Submitted,

THORNTON & ROTHMAN, P.A.

and

NEIL M. SCHUSTER, ESQ.

By: /s/ David Rothman
DAVID ROTHMAN
Florida Bar # 240273

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Emergency Motion to Continue Restitution Hearing was forwarded via facsimile to Assistant U.S. Attorney Diana Fernandez, 500 E. Broward Blvd., Ft. Lauderdale, FL 33394, Neil M. Schuster, Esq. 407 Lincoln Road, Suite 11B, Miami Beach, Florida 33139 and William Cone, Jr., counsel for Grace Mamone, 514 S.E. 7th Street, Ft. Lauderdale, FL 33301-3139, on this the 20th day of November, 2002.

/s/ David Rothman
DAVID ROTHMAN

Page 4 of 4

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747