UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ (S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN MAMONE,

        Defendant.

_____

NIGHT BOX FILED
NOV 21 2002

GOVERNMENT'S SUPPLEMENTAL MOTION CONCERNING
RESTITUTION AND RESPONSE TO DEFENDANT'S EMERGENCY
MOTION FOR CONTINUANCE

The United States of America, through its undersigned Assistant United States Attorneys, files this supplemental motion concerning restitution and response to the defendant's emergency motion for a continuance.[1]

In the government's original motion concerning restitution, the government had requested that the Court enter a Restitution Order in the amount of $4,993,889.17. However, the government has just received today a copy of the sentencing transcript during which the government and the defense counsel agreed that the total

---

[1] Although the defense motion does not specify how much of a continuance is being requested, the restitution order must be entered within 90 days of sentencing. In this matter, 90 days would fall on December 8, 2002 (which happens to be a Sunday).

amount of restitution should be $4,557,438.00.[2] Therefore, the government would stand by this agreement and ask that the Court impose a Restitution Order in the total amount of $4,557,438.00.[3]

Through the defendant's emergency motion, he now seeks to relitigate the total amount of restitution. This position contradicts the statements made by the defendant at the time of his plea, as well as statements by defense counsel at time of sentencing.

During the change of plea proceedings held on December 19, 2001, the government proffered the evidence underlying the RICO Conspiracy to which the defendant was pleading guilty. As part of that proffer, the government stated that the defendant made extortionate loans in excess of $500,000 (Plea transcript at 41-42),[4] that the defendant is responsible "for assisting in the laundering of approximately 1.6 million dollars" in relationship to the Spitaleri fraud (Forex) (Plea Transcript at 45), that as to the South Carolina fraud, approximately 56 million dollars was

---

[2] The higher amount requested was based upon the final compilation of the victims' losses in the Rubbo matter, which had not been completed at the time of defendant's sentencing.

[3] In addition, as to Kevin Sheehan, the total amount of restitution owed to him should be $310,000, rather than $390,000 as listed in the original pleading.

[4] The government will provide the Court and defense counsel, should he need them, full copies of both the plea and sentencing transcripts at the restitution hearing scheduled for tomorrow.

2

collected, the defendant attempted to negotiate 21 fraud checks totaling $1,046,451, as well as obtaining approximately $800,000 from this fraud (Plea Transcript at 47-49), and, that as to the Rubbo boilerroom, the defendant "and his associates were responsible for promoting and concealing approximately one million dollars...." (Plea transcript at 50).

At the completion of the government's proffer, the defendant was asked if he agreed with what the prosecutor had stated; the defendant responded that he did and that he had no changes or corrections to make to it. The defendant also acknowledged that he had had an opportunity to review the government's summary of the evidence with both his counsel prior to the proceeding. (Plea Transcript at 51-52).

Not only did the defendant and his counsel concede the restitution amounts at the time of his plea, the issue arose again at the time of his sentencing. Defense counsel filed objections to the PSI (D.E. 1135). Within those objections at ¶14, it states "[t]he defendant may dispute the amount of restitution." During the sentencing hearing however, defense counsel indicated that he had agreed with the government to withdraw the objection to the amount of restitution. (Sentencing Transcript at 9). This was due to discussions with the government and the recognition that the defendant had already conceded the restitution amounts at the time of his plea. Defense counsel then agreed that the total amount of

restitution should be $4,557,438.00. (Sentencing Transcript at 34).

There is absolutely no need, as the defense emergency motion contends, to present witnesses and evidence as to the total amount of restitution. The record is clear that the defendant himself, along with his counsel, acknowledged his responsibility for this amount and the Court should not permit him to relitigate it in a negotiated plea situation.

Therefore as it relates to restitution, the only dispute between the parties should be the repayment schedule. This repayment schedule has been the subject of discussion between the government and defense counsel since sentence was imposed. The discussions have been extensive, however it was clear this week that there was not going to be any agreement on the repayment schedule. Therefore in imposing restitution, the Court need only decide a repayment schedule, and not entertain the presentation of numerous witnesses by the defense.

The defendant has also chosen at the last moment to file a motion to correct sentence or, in the alternative, to compel specific performance of the plea agreement.[5] The government submits that these motions are merely a last-ditch attempt to lower the defendant's sentence after it has been imposed. This matter was continued solely for the compilation of the victim lists and the imposition of the restitution order and that should proceed

---

[5] The government is filing a separate response to this motion.

without the necessity of a continuance nor the presentation of extensive evidence or numerous witnesses.

CONCLUSION

WHEREFORE, the government respectfully requests that this Honorable Court deny the defendant's emergency motion for a continuance and enter a Restitution Order as to this defendant in the total amount of $4,557,438.00.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: *Diana W. Fernandez for*
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: *Diana W. Fernandez*
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

5

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this 21st day of November, 2002 to:

David Rothman, Esquire
200 South Biscayne Boulevard
Suite 2690
Miami, Florida 33131


Neil M. Schuster, Esquire
407 Lincoln Road
Suite 11B
Miami Beach, Florida 33139

Silas S. Saunders, U.S. Probation Officer
300 N. E. 1st Avenue
Room 315
Miami, Florida 33132


_____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY