UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ (S)(S)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN MAMONE,

    Defendant.

_____

NIGHT BOX FILED

NOV 21 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CORRECT SENTENCE
OR, IN THE ALTERNATIVE, TO COMPEL SPECIFIC
PERFORMANCE AND INCORPORATED MEMORANDUM OF LAW

  The United States of America, through its undersigned Assistant United States Attorneys, files this response in opposition to defendant's motion to correct the defendant's sentence or in the alternative, to compel specific performance of the plea agreement. For the reasons set forth below, the government submits the defendant's motion should be denied in its entirety.

  Defendant claims that the government breached the plea agreement (D.E. 793) (A copy of which is attached) by filing a notice of enhancement (D.E. 1138) (A copy of which is attached). The defendant's argument is flawed and completely ignores the facts.



Paragraph 8 of the plea agreement reads as follows:

> The United States agrees that it will not recommend an **upward departure** from the guidelines as determined by the Court based upon the nature of the offense, the defendant's relevant offense conduct, or the background of the defendant.

(Emphasis added).

Departures under the Sentencing Guidelines are contained, for the most part, in Chapters 4 and 5 of the Guidelines. These include departures concerning criminal history under 4A1.3, other grounds for departure under 5K2.0, et seq., and mitigating circumstances under 5H1.1 et seq.

The enhancement the government recommended to the Court was not an upward departure, it was an enhancement under 2J1.7 for commission of an offense while under release. The government had made absolutely no promises in regard.[1]

There is a significant difference between an enhancement and an upward departure, one which defendant's motion fails to acknowledge. Upward departures are discretionary; the enhancement pursuant to 2J1.7 and 18 U.S.C. 3147 is not. This Court properly found that the defendant committed two groups of offenses while under release and that a three level enhancement should be applied. The Court had no discretion in this regard. The overall effect of

---

[1] This is not an overtechnical reading of the plea agreement and the defendant and defense counsel were well aware that this enhancement was likely to be applied.

applying this enhancement was to raise the total offense level from 33 (168-210) to level 34 (188-235).

Prior to entering into the plea agreement, both the defendant and his counsel had extensive discussions with government counsel concerning all aspects of the plea and the guideline calculations.[2] It was specifically discussed that the defendant could receive any applicable enhancements under the guidelines as well. And in fact, during the sentencing proceeding when the government's notice of enhancement was raised, defense counsel stated that "we agree that we are not going to dispute the government's request for an enhancement." (Sentencing Transcript at 30).

Due to an apparent oversight by probation, the 2J1.7 enhancement was not included in the original PSI guideline calculations. The government was duty bound to point out this error to the Court as it did through its notice of seeking enhancement. The Court would have been in error not to apply this enhancement to the defendant.

This, however, does not constitute an upward departure and therefore the government has not breached the plea agreement.

---

[2] In fact, all parties estimated during these discussions that the defendant would be facing 20 years incarceration.

CONCLUSION

WHEREFORE, the government respectfully requests that this Honorable Court deny the defendant's motion to correct sentence or, in the alternative, to compel specific performance.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: *Diana W. Fernandez for*
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: *Diana W. Fernandez*
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this 21st day of November, 2002 to:

David Rothman, Esquire
200 South Biscayne Boulevard
Suite 2690
Miami, Florida 33131


Neil M. Schuster, Esquire
407 Lincoln Road
Suite 11B
Miami Beach, Florida 33139

Silas S. Saunders, U.S. Probation Officer
300 N. E. 1st Avenue
Room 315
Miami, Florida 33132

*Diana W. Fernandez*
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ(S)(S)

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

JOHN MAMONE,

    Defendant.
_____/

Sealed   Sealed

FILED by _____ D.C.

DEC 19 2001

CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. MIAMI

DE854

Unsealed

## PLEA AGREEMENT

The United States of America and JOHN MAMONE (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the second superseding indictment, which count charges the defendant with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d).

2. The United States agrees to seek dismissal of the remaining counts of the second superseding indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the

applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release of up to three years, the Court may impose a fine of up to $250,000, and must impose restitution. The government recommends that no fine be imposed in this matter in lieu of restitution.

5. The defendant further understands and acknowledged that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing

2

recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States agrees that it will not recommend an upward departure from the guidelines as determined by the Court based upon the nature of the offense, the defendant's relevant offense conduct, or the background of the defendant.

9. The defendant agrees that he shall cooperate fully with this Office by:

(a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and,

(b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence required by the Sentencing Guidelines, this Office may at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file such a motion and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a government motion pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 10 of this agreement, should the government exercise its discretion to file such a motion.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which that sentence was determined, unless (1) the sentence exceeds the maximum permitted by statute, (2) the sentence is the result of an upward departure from the guideline range the court establishes at sentencing, and/or (3) the Court decides not to follow one or more of the sentencing recommendations made pursuant to paragraph 8 above. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although the defendant will be sentenced in conformity with the Sentencing Guidelines, by

5

this agreement the defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentencing Guidelines.

13. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

Role in the offense: That the defendant should receive a four-level increase as an organizer and leader of criminal activity that involved five or more participants, pursuant to Section 3B1.1 of the Sentencing Guidelines.

14. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the

defendant, the government, or a recommendation made jointly by both the defendant and the government.

15. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 12/19/01

GUY A. LEWIS
UNITED STATES ATTORNEY

_____
BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY

Date: 12/19/01

_____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY

Date: 12/19/01

_____
JOHN MAMONE
DEFENDANT

Date: 12/19/01

_____
DAVID ROTHMAN
ATTORNEY FOR DEFENDANT

7



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ (S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN MAMONE,

        Defendant.
_____

GOVERNMENT'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT,
NOTICE OF SEEKING ENHANCEMENT AND
INCORPORATED MEMORANDUM OF LAW

    The United States of America, through its undersigned Assistant United States Attorneys, files these objections to the Presentence Investigation Report (PSI) and notice of seeking enhancement pursuant to 2J1.7.

    Group Seven incorrectly lists Michael Cmpagnano as the victim. This group should, in fact, list Michael Carattini as the victim of this collection of an extortionate extension of credit.

    The government submits that there should be a three level enhancement to the guideline calculation pursuant to 2J1.7 for commission of an offense while under release, which would apply to Groups Four (Bass) and Six (Cougill). The reasons supporting this enhancement are set forth below.

The defendant was arrested on the original indictment in October of 2000 and on November 4, 2000, was released on bond and placed under house arrest with electronic monitoring. After that, the defendant used John O'Sullivan to make extortionate collections on a debt owed by codefendant Jeff Bass. In March 2001, a first superseding indictment was returned, somewhat modifying the original charges. Mamone's bond status was continued. After the return of the superseding indictment, codefendant Bass began to cooperate with the government. He made numerous loanshark payments to O'Sullivan on the debt owed Mamone. O'Sullivan delivered the loanshark proceeds to Mamone while Mamone was under house arrest. These collections were made on a frequent basis.

The government also received information Adam Cougill who met with O'Sullivan during the summer of 2001. At that time O'Sullivan obtained a loanshark loan from Mamone on behalf of O'Sullivan and the cooperating witness.

In August 2001, a second superseding indictment was returned in which the RICO and loansharking conspiracies were extended to August 2001, in order to include the additional criminal conduct that Mamone and O'Sullivan were engaged in while Mamone was on release and under house arrest.[1]

---

[1] The fact that the government included the crimes committed while under release in the same indictment is of no consequence; the enhancement is still applicable. See United States v. Kentz, 251 F.3d 835 (9th Cir. 2001).

2

Sentencing Guideline 2J1.7 provides that if an enhancement un 18 U.S.C. 3147 is applicable, then 3 levels should be added to the offense level for the offense committed while on release. Under 18 U.S.C. 3147, a person convicted of a felony offense which was committed while under release is to be sentenced to a term of imprisonment of not more than 10 years, which is to be imposed consecutively to any other sentence of imprisonment. By the clear language of the statute and the provisions of 2J1.7, there is no question but that a 3 level enhancement applies to the defendant. *See e.g. United States v. Tyndale*, 209 F. 3d 1292 (11th Cir. 2000).

The three level enhancement is to be applied only to those groups which represent criminal activity which took place while the defendant was on bond. *United States v. Bahhur*, 200 F.3d 917, 927 (6th Cir. 2000). If those enhancements are added to these two groups, it would raise their adjusted offense level to 27. Then under the Multiple Group Adjustment (3D1.4), each of these groups would now add ½ unit, increasing the entire offense level to 3 rather than 2. The resulting total offense level, after the adjustment for acceptance of responsibility, should now be 34,

3

which at a criminal history category of III, provides for a guideline imprisonment range of 188-235.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: */s/ Brian McCormick*
BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: */s/ Diana W. Fernandez*
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230