UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-CR-SEITZ

FILED by _____ D.C.

DEC 2 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,

v.

JOHN MAMONE,

_____/

## JUDGMENT OF RESTITUTION

This matter came before the Court for hearing on restitution. On December 19, 2001, Defendant, John Mamone, pled guilty to Count One of the Second Superseding Indictment in the above-styled case which charged him with RICO conspiracy under Title 18 U.S.C. 1962(d). He was sentenced September 10, 2002, to 115 months incarceration. The determination of restitution was deferred until November 22, 2002. The Court heard from the parties and counsel for Defendant's wife on November 22 and 26, 2002.

Notwithstanding the restitution amount agreed to at sentencing, the general amount of which acknowledged under oath at the time of the plea, the Defendant maintained he should not be held responsible in restitution for certain amounts allocated to three frauds and the amount pertaining to the extortionate loan. Additionally, the Defendant's wife asserted that she should not have to contribute any amounts received from Cargo Transportation to the payment of restitution because it was solely her business. Based on the information provided at the hearing and in the record, the Court found that the wife was merely a nominee for the Defendant's interest in Cargo Transportation, thus, it was appropriate that the money the wife received from Cargo should be used in part to pay restituion. Having heard representations of counsel and being otherwise fully advised, it is



ORDERED that the Defendant, John Mamone, shall make restitution in the amount of $4,302,899.71 as follows:

> $1,845,451 to the Alliance Trust/Chemical Trust Victims (See "North Carolina Victims" list attached);
>
> $700,000.00 to the "Rubbo Victims" (see attached list); and
>
> $1,757,438.17 to the "Forex Victims" (see attached list).

The Alliance Trust/Chemical Trust and Rubbo Victims will be Defendant Mamone's sole responsibility; Defendant Mamone will be liable jointly and severally with Co-Defendant, Joseph Spitaleri, to the Forex Victims in the amount of $1,757,438.17. It is further

ORDERED that, because the North Carolina Victims have recovered approximately forty-four (44%) percent of the defrauded funds, and the Rubbo and Forex Victims have thus far recovered nothing, any monies received shall be first applied to the Rubbo and Forex Victims on a prorata share until the Rubbo victims have recovered the full $700,000.00, and the Forex Victims have recovered forty-five (45%) percent of the defrauded funds. Thereafter, any funds received shall be allocated between the victims in the remaining two frauds in the total amount of $1,845,451.00 to the Alliance Trust/Chemical Trust victims, and $1,757,438.17 to the Forex Victims. It is further

ORDERED that to provide time to readjust the Mamone family's lifestyle, payments on the restitution shall be made as follows:

> Pursuant to the Defendant's oral agreement at the restitution hearing, the Defendant's wife will immediately turn over to the United States the following jewelry: the Lady's Presidential Rolex with the diamond dial, the diamond and platinum ring and the two and one half carat diamond hoop earrings discussed at the restitution hearing. The parties shall make the best effort to gain the maximum value from these assets.

From the monies the wife receives from Cargo Transportation:
$1,000.00 per month shall be paid for the first six (6) months;

$2,000.00 per month shall be paid for the next eighteen (18) months; and

$4,000.00 per month shall be paid thereafter.  It is further

ORDERED that the Defendant will assist the Government with recovery of the money held in the Bahamas which shall be applied to restitution.  It is further

ORDERED that during the term of incarceration, Defendant shall pay fifty 50% of his income earned through the Inmate Financial Responsibility Program.  It is further

ORDERED that upon completion of Defendant's term of incarceration, at the beginning of the term of supervised release, the parties shall submit a revised payment plan with the goal of fully satisfying restitution by the end of the three-year term of supervised release.

DONE AND ORDERED in Miami, Florida this 2nd day of December, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Diana Fernandez, AUSA
David Rothman, Esq.
Silas Saunders, USPO
U.S. Marshal
Bureau of Prisons
Financial Section