UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          DISTRICT CASE NO.: 00-6309-CR-SEITZ

    Plaintiff,                    APPELLATE CASE NO.: 02-15942-A

vs.

JOHN MAMONE,

    Defendant.
_____/

**MOTION TO WITHDRAW AS COUNSEL,
DECLARE THE DEFENDANT INDIGENT
AND APPOINT COUNSEL FOR THE PURPOSE OF APPEAL**

David Rothman, Esq. and Neil Schuster, Esq., file this Motion seeking the Court's Order permitting them to withdraw as counsel, declare the defendant indigent and appoint counsel for the purpose of appeal of the judgment and sentence, including the Order of Restitution and as grounds therefore would state as follows:

1.   Mr. Mamone entered a plea to one count of this second superseding indictment, was sentenced to over nine (9) years in prison and, following a hearing held over two days, was ordered to pay restitution in the amount of approximately $4,300,000.00. In the restitution hearing, the Court received evidence regarding Mr. Mamone's financial condition. Whatever assets Mr. Mamone may arguably possess, i.e. funds sent overseas for investment and income from Cargo Transport, have been effectively seized by virtue of the Court's Order on restitution, a copy of which is attached hereto as Exhibit A.

2.   Mr. Mamone and Mr. Rothman ("Rothman") entered into an agreement for services at the trial level. In large part due to unforseen circumstances that occurred during the

representation, including the closing of the trucking company that generated legitimate income for the Mamones and the revocation of Mr. Mamone's bond, not all of Rothman's trial level fee has been paid. Additionally, several thousand dollars in paid costs have not been reimbursed.

3. Rothman has been representing Mr. Mamone for over two years, beginning at the pre-indictment stage and continuing through case preparation, plea negotiations, sentencing and preparation and litigation regarding restitution.

4. This extremely complicated case has included complex and lengthy pretrial release issues and litigation, with additional related litigation when the government successfully sought an Order revoking bond. There were hundreds of recorded conversations, of both consensual and Title III varieties. Thousands of documents were involved in the money laundering and fraud allegations. The case was referred to in the indictment as an organized crime prosecution, further complicating issues. The FBI and the IRS were involved as investigating agencies in the case. Several cooperating individuals were part of the prosecution. Forfeiture issues abounded, including an attempt by the government to seize a large trucking company in which Mr. Mamone worked. Mr. Mamone's wife became a potential target of the prosecution on at least one occasion, with counsel's firm representing her for no additional fee. Search and seizure issues relating to the Title III recordings were investigated and researched.

5. The preparation of the defense was difficult, intricate and complex. Plea negotiations were lengthy, multifarious, extremely delicate, frequently strained and never easy. To put it succinctly, counsel's representation of Mr. Mamone for the myriad issues springing directly and indirectly from this prosecution has been both exhaustive and exhausting.

Thornton & Rothman, P.A. Attorneys at Law
Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

6.  Mr. Mamone and Mr. Schuster ("Schuster") entered into an agreement for representation at the trial level as well, however much later in the process. Schuster began his representation prior to the finalization of plea negotiations. He and Rothman represented Mr. Mamone throughout the plea, sentence and restitution hearings.

7.  Mr. Mamone has informed both attorneys he cannot afford to hire either of the attorneys for the purpose of pursuing an appeal and that he desires the appointment of counsel to appeal both his judgment and sentence as well as the order of restitution. In fact, Mr. Mamone filed a pro se appeal, before the entry of the Court's Order on restitution at a hearing concluding November 26, 2002.[1] On Monday, December 2, 2002, counsel received a copy of an Order from the Eleventh Circuit remanding the appeal to the district court for "a determination of excusable neglect or good cause."

8.  The Government was provided a copy of this motion on December 2, accompanied by a facsimile cover sheet requesting its position. In the interim, Rothman has been contacted by the Eleventh Circuit regarding the notice of appeal filed by Mr. Mamone. In a telephone conversation on Wednesday, December 4, Rothman agreed to provide a copy of this motion to the Eleventh Circuit so its records will reflect the intention of counsel to seek an order relieving them of further responsibility and protecting the rights of Mr. Mamone. As of December 4, the Government has not informed counsel of its position vis à vis this motion.

---

[1] The plea agreement in this case contains a provision precluding the Defendant from appealing the sentence unless the Government moved for an upward departure. The defense filed a motion seeking specific performance and a reduced sentence on the ground that the Government violated its agreement not to seek a departure sentence when it requested and obtained an enhancement. The Court denied this motion.

3

9. Trial counsel have not filed a Notice of Appeal as is normally required under the Rules and consistent with trial counsels' obligation to protect the rights of the defendant. Under the unusual circumstances in this case, counsel seeks direction from the Court as to how to proceed.

WHEREFORE, it is respectfully requested this Court enter its Order allowing undersigned counsel to withdraw, declare the defendant indigent, appoint counsel and direct undersigned counsel as to how to proceed in this matter to protect the appellate rights, if any, the defendant possesses.

Respectfully submitted,

THORNTON & ROTHMAN, P.A.

By: _____
DAVID ROTHMAN, ESQ.

_____
NEIL SCHUSTER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION TO WITHDRAW AS COUNSEL, DECLARE THE DEFENDANT INDIGENT AND APPOINT COUNSEL FOR THE PURPOSE OF APPEAL** was forwarded via facsimile to Assistant U.S. Attorneys Diana Fernandez and Brian McCormick, 500 East Broward Blvd., Ft. Lauderdale, Fl 33301 on this the ___4th___ day of December, 2002.

_____
DAVID ROTHMAN

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-CR-SEITZ



UNITED STATES OF AMERICA,

v.

JOHN MAMONE,
_____/

## JUDGMENT OF RESTITUTION

This matter came before the Court for hearing on restitution. On December 19, 2001, Defendant, John Mamone, pled guilty to Count One of the Second Superseding Indictment in the above-styled case which charged him with RICO conspiracy under Title 18 U.S.C. 1962(d). He was sentenced September 10, 2002, to 115 months incarceration. The determination of restitution was deferred until November 22, 2002. The Court heard from the parties and counsel for Defendant's wife on November 22 and 26, 2002.

Notwithstanding the restitution amount agreed to at sentencing, the general amount of which acknowledged under oath at the time of the plea, the Defendant maintained he should not be held responsible in restitution for certain amounts allocated to three frauds and the amount pertaining to the extortionate loan. Additionally, the Defendant's wife asserted that she should not have to contribute any amounts received from Cargo Transportation to the payment of restitution because it was solely her business. Based on the information provided at the hearing and in the record, the Court found that the wife was merely a nominee for the Defendant's interest in Cargo Transportation, thus, it was appropriate that the money the wife received from Cargo should be used in part to pay restituion. Having heard representations of counsel and being otherwise fully advised, it is

ORDERED that the Defendant, John Mamone, shall make restitution in the amount of $4,302,899.71 as follows:

> $1,845,451 to the Alliance Trust/Chemical Trust Victims (See "North Carolina Victims" list attached);
>
> $700,000.00 to the "Rubbo Victims" (see attached list); and
>
> $1,757,438.17 to the "Forex Victims" (see attached list).

The Alliance Trust/Chemical Trust and Rubbo Victims will be Defendant Mamone's sole responsibility; Defendant Mamone will be liable jointly and severally with Co-Defendant, Joseph Spitaleri, to the Forex Victims in the amount of $1,757,438.17. It is further

ORDERED that, because the North Carolina Victims have recovered approximately forty-four (44%) percent of the defrauded funds, and the Rubbo and Forex Victims have thus far recovered nothing, any monies received shall be first applied to the Rubbo and Forex Victims on a prorata share until the Rubbo victims have recovered the full $700,000.00, and the Forex Victims have recovered forty-five (45%) percent of the defrauded funds. Thereafter, any funds received shall be allocated between the victims in the remaining two frauds in the total amount of $1,845,451.00 to the Alliance Trust/Chemical Trust victims, and $1,757,438.17 to the Forex Victims. It is further

ORDERED that to provide time to readjust the Mamone family's lifestyle, payments on the restitution shall be made as follows:

> Pursuant to the Defendant's oral agreement at the restitution hearing, the Defendant's wife will immediately turn over to the United States the following jewelry: the Lady's Presidential Rolex with the diamond dial, the diamond and platinum ring and the two and one half carat diamond hoop earrings discussed at the restitution hearing. The parties shall make the best effort to gain the maximum value from these assets.

2

From the monies the wife receives from Cargo Transportation:
$1,000.00 per month shall be paid for the first six (6) months;

$2,000.00 per month shall be paid for the next eighteen (18) months; and

$4,000.00 per month shall be paid thereafter. It is further

ORDERED that the Defendant will assist the Government with recovery of the money held in the Bahamas which shall be applied to restitution. It is further

ORDERED that during the term of incarceration, Defendant shall pay fifty 50% of his income earned through the Inmate Financial Responsibility Program. It is further

ORDERED that upon completion of Defendant's term of incarceration, at the beginning of the term of supervised release, the parties shall submit a revised payment plan with the goal of fully satisfying restitution by the end of the three-year term of supervised release.

DONE AND ORDERED in Miami, Florida this ___ day of December, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Diana Fernandez, AUSA
David Rothman, Esq.
Silas Saunders, USPO
U.S. Marshal
Bureau of Prisons
Financial Section

3