**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

vs.

JOHN MAMONE,

Defendant.

_____/





**ORDER GRANTING DEFENDANT'S MOTION FOR**
**LEAVE TO FILE OUT OF TIME NOTICE OF APPEAL**
**AND**
**DENYING MOTION TO PROCEED WITH THIS APPEAL IN FORMA PAUPERIS**
**AND**
**ORDER REFERRING TO MAGISTRATE JUDGE MOTION TO WITHDRAW AS COUNSEL, DECLARE**
**THE DEFENDANT INDIGENT, AND APPOINT COUNSEL FOR THE PURPOSE OF APPEAL**

THIS MATTER is before the Court on Defendant John Mamone's Motion Requesting Leave to File an Out of Time Notice of Appeal and Requesting Permission to Proceed with this Appeal In Forma Pauperis. On September 16, 2002, the Court entered judgment and sentenced Defendant to 115 months imprisonment. Although the court ordered Defendant to pay total restitution of $4,557,438.00, because all of the victims were not yet identified and a payment schedule needed to be devised, the Court noted that "[t]he determination of restitution is deferred until November 22, 2002. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination." On October 24, 2002, prior to the Court entering its final judgment of restitution, Defendant filed a Notice of Appeal and Motion Requesting Leave to File an Out of Time Notice of Appeal and Requesting Permission to Proceed with this Appeal In Forma Pauperis.[1] Thereafter, on December 2, 2002, the Court entered a Judgment of Restitution against Defendant in the amount of $4,302,899.71.

Although the Court did not enter final judgment of restitution until December 2, 2002, Defendant pursued his October 24, 2002 Notice of Appeal. Because the Notice of Appeal was not timely filed, on December 5, 2002, the Eleventh Circuit Court of Appeals issued its mandate, remanding the case to this Court for a determination of whether

---

[1] Defendant's *pro se* October 24, 2002 Motion to Proceed In Forma Pauperis is hereinafter referred to as "Pauperis Motion #1." On December 5, 2002, Defense Counsel filed a new motion to declare the Defendant indigent. That motion, hereinafter referred to as "Pauperis Motion #2," shall be referred to the Magistrate Judge for consideration.

Page 1 of 2

Defendant established excusable neglect or good cause which would permit the Eleventh Circuit to consider his untimely appeal. There is no indication, however, in the Eleventh Circuit's limited remand that the Court of Appeals was aware that this Court had not imposed final judgment of restitution until December 2, 2002. Thus, in an effort to conserve judicial resources and to consolidate all matters for appeal, it is hereby

ORDERED that:

(1) Defendant John Mamone's Motion Requesting Leave to File an Out of Time Notice of Appeal is GRANTED, and Defendant's Motion Requesting Permission to Proceed with this Appeal In Forma Pauperis ("Pauperis Motion #1") is DENIED, as Defendant has not sufficiently demonstrated that he is indigent;

(2) Pursuant to Fed. R. App. P 4(b)(4), Defendant shall have until and including **December 31, 2002** to file a consolidated Notice of Appeal as to the Court's September 16, 2002 Judgment imposing sentence [DE-1146] and the Court's December 2, 2002 Judgment of Restitution [DE-1210]; and

(3) Defense Counsel's Motion to Withdraw as Counsel, Declare the Defendant Indigent ("Pauperis Motion #2"), and Appoint Counsel for the Purpose of Appeal is REFERRED to Magistrate Judge Ted E. Bandstra to hold a Tjoflat hearing and to determine whether Defendant is eligible to proceed in forma pauperis on appeal.

DONE and ORDERED in Miami, Florida, this _11th_ day of December, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Ted E. Bandstra
John Mamone, Pro Se, J.A.M. #07803-062, FCI Marianna, Shawnee Unit, PO Box 8000, Marianna, FL 32447
David Rothman, Esq.
Neil Schuster, Esq.
Brian McCormick, AUSA
Diana Fernandez, AUSA

Defendant established excusable neglect or good cause which would permit the Eleventh Circuit to consider his untimely appeal. There is no indication, however, in the Eleventh Circuit's limited remand that the Court of Appeals was aware that this Court had not imposed final judgment of restitution until December 2, 2002. Thus, in an effort to conserve judicial resources and to consolidate all matters for appeal, it is hereby

ORDERED that:

(1) Defendant John Mamone's Motion Requesting Leave to File an Out of Time Notice of Appeal is GRANTED, and Defendant's Motion Requesting Permission to Proceed with this Appeal In Forma Pauperis ("Pauperis Motion #1") is DENIED, as Defendant has not sufficiently demonstrated that he is indigent;

(2) Pursuant to Fed. R. App. P 4(b)(4), Defendant shall have until and including **December 31, 2002** to file a consolidated Notice of Appeal as to the Court's September 16, 2002 Judgment imposing sentence [DE-1146] and the Court's December 2, 2002 Judgment of Restitution [DE-1210]; and

(3) Defense Counsel's Motion to Withdraw as Counsel, Declare the Defendant Indigent ("Pauperis Motion #2"), and Appoint Counsel for the Purpose of Appeal is REFERRED to Magistrate Judge Ted E. Bandstra to hold a Tjoflat hearing and to determine whether Defendant is eligible to proceed in forma pauperis on appeal.

DONE and ORDERED in Miami, Florida, this 11th day of December, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Ted E. Bandstra
John Mamone, Pro Se, J.A.M. #07803-062, FCI Marianna, Shawnee Unit, PO Box 8000, Marianna, FL 32447
David Rothman, Esq.
Neil Schuster, Esq.
Brian McCormick, AUSA
Diana Fernandez, AUSA