Pro-se-def: JOHN MAMONE # 07803-062

FILING FEE

PAID _____
In Forma
Pauperis _____
Clarence Maddox, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

D.C.

APPEAL

JAN - 3 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES OF AMERICA,        :

                 Plaintiff,       :

                                  :              "CONSOLIDATED"
                                                 NOTICE OF APPEAL

        v.                        :              00-06309 CR-PAS
                                                 ─────────────────
                                  :              DC Dkt. No.

                                                 02-15942
                                                 ─────────────────
JOHN MAMONE,                      :              US App. No.

                 Def-Appellant.   :

-------------------------------x


        NOTICE IS HEREBY GIVEN that John Mamone Fed.
Reg. No. 07803-062, hereby appeals to the United States
Court of Appeals for the Eleventh Circuit of Florida from
the Judgments; as to the District Court's September 16,
2002 Judgment imposing sentence [DE-1146] and the Court's
December 2, 2002 Judgment of Restitution [DE-1210], entered
in the above-entitled criminal case. The defendant has
now filed this consolidated notice of appeal in accordance
to the Honorable Patricia A. Seitz order on December 11,
2002.
        On December 19, 2001, the defendant pled guilty
to Count One of a Fifty Five (55) Count second superceding



indictment. Count one charges the defendant with conspiring to participate in a criminal enterprise through a pattern of racketeering activities, in violation of Title 18 United States Code, Section 1962(d). The defendant was also named in the forfeiture count. The defendant was committed to serve a term of imprisonment of 115 months as to count one (97 months for the underlying offenses and 18 months enhancement to be served consecutively to the 97 months for a total of 115 months.) Upon release from imprisonment the defendant shall be on supervised release for a term of 3 years as to count one.

PLEASE TAKE NOTICE that Judge Seitz has acknowledged in her December 11th order (i) Defense counsel's Motion to Withdraw as Counsel, declaring the defendant indigent and (ii) Referring the matter of Appointment of Counsel for the purposes of Appeal to Magistrate Judge Ted. E. Bandstra to hold a Tjoflat hearing and to determine whether Defendant is eligible to proceed in forma pauperis on appeal.

PLEASE TAKE FURTHER NOTICE that the appellant request that the Clerk of the Court forward, any and all, relevant documents on the record, including but not limited to, such said notice of appeal, to the Clerk of the Court of Appeals for the Eleveth Circuit of Florida, at your earliest convenience.

2

NOTING the Defendant has attached hereto as exhibit (A) a true and correct copy of Judge Seitz ORDER granting defendant's motion for leave to file out of time notice of appeal and denying motion to proceed with this appeal in forma pauperis and order referring to Magistrate Judge motion to withdraw as counsel, declare the defendant indigent, and appoint counsel for the purpose of appeal.

Dated:    Marianna, Florida
          December 27, 2002

JOHN MAMONE            PRO-SE
REG. NO. 07803-062
FCI MARIANNA
SHAWNEE UNIT
P.O. BOX 8000
MARIANNA, FL 32447

3

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA


UNITED STATES OF AMERICA,     :

          Plaintiff;    :       00-06309 CR-PAS
                                 02-15942

                     :       AFFIRMATION
       v.

                     :

JOHN MAMONE,          :

          Def-Appellant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x


       JOHN MAMONE hereby declares under penalty of
perjury:

       1. I am the Defendant-Appellant in the above-
entitled caption. That currently I am participating in
the U.S. Department of Justice Witness Security Protection
Program, while under the custody and care of the Federal
Bureau of Prisons.

       2. I submit this "Affirmation" in support of
the "Consolidated Notice of Appeal" which the defendant
has filed in accordance to Judge Seitz ORDER dated December
11, 2002, and respectfully request that this matter be
heard at the Court's earliest convenience.

3. I was represented in this criminal case by defense counsel David Rothman, Esq., 200 South Biscayne Blvd., Suite 2690, Miami, Florida 33131, Tel: (305) 358-9000, and co-counsel Neil Schuster, Esq., 407 Lincoln Road, Suite 11B, Miami, Florida 33139.

4. David Rothman, Esq. and Neil Schuster, Esq., jointly filed a Motion seeking the Court's order permitting them to withdraw as counsel, declare the defendant indigent and appoint counsel for the purpose of appeal of the judgment and sentence, including the Order of Restitution. **Id. at Defendant's attch. Exh. (B)**

5. In defense counsels' Motion it has been made clear, Mr. Mamone has informed both attorneys he cannot afford to hire either of the attorneys for the purpose of pursuing an appeal and that he desires the appointment of counsel to appeal the forementioned judgment, sentence and restitution order.

6. In the restitution hearing, the Court received evidence regarding the defendant's financial condition. Whatever assets the defendant arguably possess, i.e. funds sent overseas for investment and income from Cargo Transport, have been effectively seized by virtue of the Court's Order on restitution, a copy of which is attached to defense counsels' Motion attached thereto as Exhibit (A). **Id. at Defendant's attch Exh. (B)**

2

7. The defendant has also furnished the Court documentation which would further support his request for appointment of counsel. Defendant's exhibit (C) consist of an Inmate Request To Staff assigned to the WSP-PCU unit detailing his work assignment as the Witsec Unit Orderly, earning a total of $30.00 dollars per monthly wages, that of which 50% earned income is garnished in accordance with the Court's Restitution Order.

PLEASE TAKE NOTICE that the defendant is furnishing the Clerk of the United States District Court, one (1) original and four (4) copies of the attached hereto **"Notice of Appeal"** and accompanied **"Affirmation"** in compliance with the FRAP Rule 3(d)(1) to enable the Clerk to effect service upon the opposing counsel and defense counsel of record.

For the reasons set forth, this Court should grant an ORDER pending the outcome of the Tjoflat hearing for the appointment of counsel and grant permission to proceed with this appeal in accordance with the findings and views of Magistrate Judge Ted. E. Bandstra.

I **HEREBY CERTIFY** under penalty of perjury pursuant to Title 28 United States Code, Section 1746, that the foregoing statement is true and correct to the best of my knowledge and belief.

3

I thank this Court ahead, for any consideration with this matter. I await your guidance.


Dated:      Marianna, Florida
            December 27, 2002

                        _____
                        JOHN MAMONE          PRO-SE
                        REG. NO. 07803-062

4

DEFENDANT'S PROPOSED EXHIBIT (A)

Decision and Order by Judge Seitz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

vs.

JOHN MAMONE,

Defendant.

_____/



FILED by _____ D.C.

DEC 1 2 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE OUT OF TIME NOTICE OF APPEAL
### AND
## DENYING MOTION TO PROCEED WITH THIS APPEAL IN FORMA PAUPERIS
### AND
## ORDER REFERRING TO MAGISTRATE JUDGE MOTION TO WITHDRAW AS COUNSEL, DECLARE THE DEFENDANT INDIGENT, AND APPOINT COUNSEL FOR THE PURPOSE OF APPEAL

THIS MATTER is before the Court on Defendant John Mamone's Motion Requesting Leave to File an Out of Time Notice of Appeal and Requesting Permission to Proceed with this Appeal In Forma Pauperis. On September 16, 2002, the Court entered judgment and sentenced Defendant to 115 months imprisonment. Although the court ordered Defendant to pay total restitution of $4,557,438.00, because all of the victims were not yet identified and a payment schedule needed to be devised, the Court noted that "[t]he determination of restitution is deferred until November 22, 2002. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination." On October 24, 2002, prior to the Court entering its final judgment of restitution, Defendant filed a Notice of Appeal and Motion Requesting Leave to File an Out of Time Notice of Appeal and Requesting Permission to Proceed with this Appeal In Forma Pauperis.[1] Thereafter, on December 2, 2002, the Court entered a Judgment of Restitution against Defendant in the amount of $4,302,899.71.

Although the Court did not enter final judgment of restitution until December 2, 2002, Defendant pursued his October 24, 2002 Notice of Appeal. Because the Notice of Appeal was not timely filed, on December 5, 2002, the Eleventh Circuit Court of Appeals issued its mandate, remanding the case to this Court for a determination of whether

_____

[1] Defendant's *pro se* October 24, 2002 Motion to Proceed In Forma Pauperis is hereinafter referred to as "Pauperis Motion #1." On December 5, 2002, Defense Counsel filed a new motion to declare the Defendant indigent. That motion, hereinafter referred to as "Pauperis Motion #2," shall be referred to the Magistrate Judge for consideration.

Page 1 of 2

Defendant established excusable neglect or good cause which would permit the Eleventh Circuit to consider his untimely appeal. There is no indication, however, in the Eleventh Circuit's limited remand that the Court of Appeals was aware that this Court had not imposed final judgment of restitution until December 2, 2002. Thus, in an effort to conserve judicial resources and to consolidate all matters for appeal, it is hereby

ORDERED that:

(1) Defendant John Mamone's Motion Requesting Leave to File an Out of Time Notice of Appeal is GRANTED, and Defendant's Motion Requesting Permission to Proceed with this Appeal In Forma Pauperis ("Pauperis Motion #1") is DENIED, as Defendant has not sufficiently demonstrated that he is indigent;

(2) Pursuant to Fed. R. App. P 4(b)(4), Defendant shall have until and including **December 31, 2002** to file a consolidated Notice of Appeal as to the Court's September 16, 2002 Judgment imposing sentence [DE-1146] and the Court's December 2, 2002 Judgment of Restitution [DE-1210]; and

(3) Defense Counsel's Motion to Withdraw as Counsel, Declare the Defendant Indigent ("Pauperis Motion #2"), and Appoint Counsel for the Purpose of Appeal is REFERRED to Magistrate Judge Ted E. Bandstra to hold a Tjoflat hearing and to determine whether Defendant is eligible to proceed in forma pauperis on appeal.

DONE and ORDERED in Miami, Florida, this _11th_ day of December, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge Ted E. Bandstra
John Mamone, Pro Se, J.A.M. #07803-062, FCI Marianna, Shawnee Unit, PO Box 8000, Marianna, FL 32447
David Rothman, Esq.
Neil Schuster, Esq.
Brian McCormick, AUSA
Diana Fernandez, AUSA

DEFENDANT'S PROPOSED EXHIBIT (B)

Motion to Withdraw As Counsel
and
Attached Thereto Exhibit (A)
Judgment of Restitution

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

Plaintiff,

vs.

JOHN MAMONE,

Defendant.

_____/

DISTRICT CASE NO.: 00-6309-CR-SEITZ

APPELLATE CASE NO.: 02-15942-A

## MOTION TO WITHDRAW AS COUNSEL,
## DECLARE THE DEFENDANT INDIGENT
## AND APPOINT COUNSEL FOR THE PURPOSE OF APPEAL

David Rothman, Esq. and Neil Schuster, Esq., file this Motion seeking the Court's Order permitting them to withdraw as counsel, declare the defendant indigent and appoint counsel for the purpose of appeal of the judgment and sentence, including the Order of Restitution and as grounds therefore would state as follows:

1.    Mr. Mamone entered a plea to one count of this second superseding indictment, was sentenced to over nine (9) years in prison and, following a hearing held over two days, was ordered to pay restitution in the amount of approximately $4,300,000.00. In the restitution hearing, the Court received evidence regarding Mr. Mamone's financial condition. Whatever assets Mr. Mamone may arguably possess, i.e. funds sent overseas for investment and income from Cargo Transport, have been effectively seized by virtue of the Court's Order on restitution, a copy of which is attached hereto as Exhibit A.

2.    Mr. Mamone and Mr. Rothman ("Rothman") entered into an agreement for services at the trial level.   In large part due to unforseen circumstances that occurred during the

representation, including the closing of the trucking company that generated legitimate income for the Mamones and the revocation of Mr. Mamone's bond, not all of Rothman's trial level fee has been paid. Additionally, several thousand dollars in paid costs have not been reimbursed.

3.    Rothman has been representing Mr. Mamone for over two years, beginning at the pre-indictment stage and continuing through case preparation, plea negotiations, sentencing and preparation and litigation regarding restitution.

4.    This extremely complicated case has included complex and lengthy pretrial release issues and litigation, with additional related litigation when the government successfully sought an Order revoking bond. There were hundreds of recorded conversations, of both consensual and Title III varieties. Thousands of documents were involved in the money laundering and fraud allegations. The case was referred to in the indictment as an organized crime prosecution, further complicating issues. The FBI and the IRS were involved as investigating agencies in the case. Several cooperating individuals were part of the prosecution. Forfeiture issues abounded, including an attempt by the government to seize a large trucking company in which Mr. Mamone worked. Mr. Mamone's wife became a potential target of the prosecution on at least one occasion, with counsel's firm representing her for no additional fee. Search and seizure issues relating to the Title III recordings were investigated and researched.

5.    The preparation of the defense was difficult, intricate and complex. Plea negotiations were lengthy, multifarious, extremely delicate, frequently strained and never easy. To put it succinctly, counsel's representation of Mr. Mamone for the myriad issues springing directly and indirectly from this prosecution has been both exhaustive and exhausting.

2

6.      Mr. Mamone and Mr. Schuster ("Schuster") entered into an agreement for representation at the trial level as well, however much later in the process. Schuster began his representation prior to the finalization of plea negotiations. He and Rothman represented Mr. Mamone throughout the plea, sentence and restitution hearings.

7.      Mr. Mamone has informed both attorneys he cannot afford to hire either of the attorneys for the purpose of pursuing an appeal and that he desires the appointment of counsel to appeal both his judgment and sentence as well as the order of restitution. In fact, Mr. Mamone filed a pro se appeal, before the entry of the Court's Order on restitution at a hearing concluding November 26, 2002.[1] On Monday, December 2, 2002, counsel received a copy of an Order from the Eleventh Circuit remanding the appeal to the district court for "a determination of excusable neglect or good cause."

8.      The Government was provided a copy of this motion on December 2, accompanied by a facsimile cover sheet requesting its position. In the interim, Rothman has been contacted by the Eleventh Circuit regarding the notice of appeal filed by Mr. Mamone. In a telephone conversation on Wednesday, December 4, Rothman agreed to provide a copy of this motion to the Eleventh Circuit so its records will reflect the intention of counsel to seek an order relieving them of further responsibility and protecting the rights of Mr. Mamone. As of December 4, the Government has not informed counsel of its position vis à vis this motion.

---

[1] The plea agreement in this case contains a provision precluding the Defendant from appealing the sentence unless the Government moved for an upward departure. The defense filed a motion seeking specific performance and a reduced sentence on the ground that the Government violated its agreement not to seek a departure sentence when it requested and obtained an enhancement. The Court denied this motion.

3

9.    Trial counsel have not filed a Notice of Appeal as is normally required under the Rules and consistent with trial counsels' obligation to protect the rights of the defendant. Under the unusual circumstances in this case, counsel seeks direction from the Court as to how to proceed.

WHEREFORE, it is respectfully requested this Court enter its Order allowing undersigned counsel to withdraw, declare the defendant indigent, appoint counsel and direct undersigned counsel as to how to proceed in this matter to protect the appellate rights, if any, the defendant possesses.

Respectfully submitted,

THORNTON & ROTHMAN, P.A.

By:_____

DAVID ROTHMAN, ESQ.

_____

NEIL SCHUSTER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION TO WITHDRAW AS COUNSEL, DECLARE THE DEFENDANT INDIGENT AND APPOINT COUNSEL FOR THE PURPOSE OF APPEAL** was forwarded via facsimile to Assistant U.S. Attorneys Diana Fernandez and Brian McCormick, 500 East Broward Blvd., Ft. Lauderdale, Fl 33301 on this the ____ day of December, 2002.

_____

DAVID ROTHMAN

4

# EXHIBIT A

Thornton & Rothman, P.A. Attorneys at Law

Suite 2690, First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131 • Telephone (305) 358-9000 • Telefax (305) 374-5747

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-CR-SEITZ



FILED by _____ D.C.

DEC  2 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,

v.

JOHN MAMONE,

_____/

## **JUDGMENT OF RESTITUTION**

This matter came before the Court for hearing on restitution. On December 19, 2001, Defendant, John Mamone, pled guilty to Count One of the Second Superseding Indictment in the above-styled case which charged him with RICO conspiracy under Title 18 U.S.C. 1962(d). He was sentenced September 10, 2002, to 115 months incarceration. The determination of restitution was deferred until November 22, 2002. The Court heard from the parties and counsel for Defendant's wife on November 22 and 26, 2002.

Notwithstanding the restitution amount agreed to at sentencing, the general amount of which acknowledged under oath at the time of the plea, the Defendant maintained he should not be held responsible in restitution for certain amounts allocated to three frauds and the amount pertaining to the extortionate loan. Additionally, the Defendant's wife asserted that she should not have to contribute any amounts received from Cargo Transportation to the payment of restitution because it was solely her business. Based on the information provided at the hearing and in the record, the Court found that the wife was merely a nominee for the Defendant's interest in Cargo Transportation, thus, it was appropriate that the money the wife received from Cargo should be used in part to pay restituion. Having heard representations of counsel and being otherwise fully advised, it is



ORDERED that the Defendant, John Mamone, shall make restitution in the amount of $4,302,899.71 as follows:

> $1,845,451 to the Alliance Trust/Chemical Trust Victims (See "North Carolina Victims" list attached);
>
> $700,000.00 to the "Rubbo Victims" (see attached list); and
>
> $1,757,438.17 to the "Forex Victims" (see attached list).

The Alliance Trust/Chemical Trust and Rubbo Victims will be Defendant Mamone's sole responsibility; Defendant Mamone will be liable jointly and severally with Co-Defendant, Joseph Spitaleri, to the Forex Victims in the amount of $1,757,438.17. It is further

ORDERED that, because the North Carolina Victims have recovered approximately forty-four (44%) percent of the defrauded funds, and the Rubbo and Forex Victims have thus far recovered nothing, any monies received shall be first applied to the Rubbo and Forex Victims on a prorata share until the Rubbo victims have recovered the full $700,000.00, and the Forex Victims have recovered forty-five (45%) percent of the defrauded funds. Thereafter, any funds received shall be allocated between the victims in the remaining two frauds in the total amount of $1,845,451.00 to the Alliance Trust/Chemical Trust victims, and $1,757,438.17 to the Forex Victims. It is further

ORDERED that to provide time to readjust the Mamone family's lifestyle, payments on the restitution shall be made as follows:

> Pursuant to the Defendant's oral agreement at the restitution hearing, the Defendant's wife will immediately turn over to the United States the following jewelry: the Lady's Presidential Rolex with the diamond dial, the diamond and platinum ring and the two and one half carat diamond hoop earrings discussed at the restitution hearing. The parties shall make the best effort to gain the maximum value from these assets.

2

From the monies the wife receives from Cargo Transportation:
$1,000.00 per month shall be paid for the first six (6) months;

$2,000.00 per month shall be paid for the next eighteen (18) months; and

$4,000.00 per month shall be paid thereafter.  It is further

ORDERED that the Defendant will assist the Government with recovery of the money held in the Bahamas which shall be applied to restitution.  It is further

ORDERED that during the term of incarceration, Defendant shall pay fifty 50% of his income earned through the Inmate Financial Responsibility Program.  It is further

ORDERED that upon completion of Defendant's term of incarceration, at the beginning of the term of supervised release, the parties shall submit a revised payment plan with the goal of fully satisfying restitution by the end of the three-year term of supervised release.

DONE AND ORDERED in Miami, Florida this 2nd day of December, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE


Copies to:
Diana Fernandez, AUSA
David Rothman, Esq.
Silas Saunders, USPO
U.S. Marshal
Bureau of Prisons
Financial Section

3

**DEFENDANT'S PROPOSED EXHIBIT (C)**

Inmate Request To Staff

Bp-S148-055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                               FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Mr. Montez/Unit Counl. | 12-27-02 |
| FROM: J.A.M. | REGISTER NO: 07803-062 |
| WORK ASSIGNMENT: Unit Orderly | UNIT: Shawnee |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I Request for you to provide me with the following confirmation:

I request for you to include in this response facts which would confirm

that I have been assigned duties as the Shawnee Unit Orderly as part of

a work program required by the BOP. Please include my hourly rate and

total monthly wages.

PLEASE BE ADVISED: This request has been filed in relation to my criminal

case. The information provided will be submitted to the United States District

Court for the Southern District of Florida, as defendant's attached thereto

exhibit (C) to assist the Court with the factfinding process.

NOTE: This information requested is urgently necessary due to the time

constraints set forth by the court upon the defendant. Due date 12-31-02.

(Do not write below this line) Thank you Sr.

DISPOSITION:

See Attached. I provided you a copy of your progress report which contains the appropriate information as well as a copy of your pay account statement.

Signature Staff Member _____ Acting Unit Manager       Date 12-39-02

Record Copy - File; Copy - Inmate
This form may be replicated via WP.

BP-S187.058 **PROGRESS REPORT** CDFRM
FEB 94

**U. S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | **Date**<br><br>September 5, 2002 |
|---|---|

Inmate Reviewed

| **Inmate's Signature** | **Date**<br><br>*9-5-02* |
|---|---|

**1. Type of Progress Report**

X  Initial                    ☐ Statutory Interim                    ☐ Pre-Release

☐ Transfer                    ☐ Triennial                    ☐ Other (Specify) _____

| **2. Inmate's Name**<br><br>MAMONE, John | **3. Register Number**<br><br>07803-062 | **4. Age (DOB)**<br><br>(51) 06-12-1951 |
|---|---|---|

**5. Present Security/Custody Level**

Unassigned

**6. Offense/Violator Offense**

N/A

**7. Sentence**

N/A

| **8. Sentence Began**<br><br>N/A | **9. Months Served + Jail Credit**<br><br>N/A | **10. Days GCT/ or EGT/SGT**<br><br>N/A |
|---|---|---|
| **11. Days FSGT/WSGT/DGCT**<br><br>0/0/0 | **12. Projected Release**<br><br>N/A | **13. Last USPC Action**<br><br>N/A |

**14. Detainer/Pending Charges**

Unknown

**15. Co-defendants**

N/A

Record Copy - Inmate File; copy - U.S. Probation Office; copy - Parole Commission Regional Office (If applicable); copy - Inmate
(This form may be replicated via WP)                    Replaces all BP-Class-3 and BP-187(58) of NOV 90

| Inmate's Name: MAMONE, John | Register No.: 07803-062 | Date: September 5, 2002 |
|---|---|---|

**16. Institutional Adjustment:** Mr. Mamone has made a good adjustment to his incarceration. His relationship with supervisors and co-workers, peers, attitude, punctuality, willingness to accept and complete assignments, and willingness to accept supervision are all rated as good.

**A. Program Plan:** At Mr. Mamone's initial classification was held on May 9, 2002. The unit team recommended he complete the Beginning Typing course, and participate in the Culinary Arts course

**B. Work Assignments:** Mr. Mamone is assigned as a Unit Orderly. His responsibilities include cleaning the housing unit and other duties deemed necessary by the work supervisor. His supervisor indicates he is a good worker who follows instructions, and gets along well with everyone.

**C. Education/Vocational Participation:** Mr. Mamone's institutional education record is indicated below

```
-------------------------- EDUCATION INFORMATION --------------------------
ASSIGNMENT DESCRIPTION                      START DATE/TIME STOP DATE/TIME
ESL HAS   ENGLISH PROFICIENT                05-03-2002 1006 CURRENT
GED EN    ENROLL GED NON-PROMOTABLE         05-03-2002 1006 CURRENT

-------------------------- EDUCATION COURSES --------------------------
DESCRIPTION                  START DATE  STOP DATE EVNT AC LV  HRS
BASIC CULINARY TECHNIQUES    07-23-2002 CURRENT
BEGIN TYPING 2 00-3 30PM M/W 07-01-2002 08-23-2002
```

Mr. Mamone is currently participating in the WordPerfect course, in the Culinary Baking course, and completed the Dental Hygiene Workshop on August 8, 2002

**D. Correctional Counseling Programs:** Mr. Mamone is currently participating in the Self-Recovery Drug Program and Relationship and Responsibility counseling group

**E. Incident Reports:** Mr. Mamone has maintained clear conduct during his incarceration.

**F. Institutional Movement:** N/A.

**G. Physical and Mental Health:** Mr. Mamone is assigned regular duty with no medical restrictions He has not informed the unit staff of any emotional problems at this time Mr. Mamone appears to be in good health and is considered fully employable upon his release from federal custody.

**H. Financial Responsibility Program:** N/A

**17. Release Plans:** Present classification and confinement policy dictates that specific release plans are guarded and will be finalized closer to the release date.

**D. Release Preparation Program:** Mr. Mamone is currently participating in the Release Preparation Program. He will be encouraged to complete the program prior to his release.

Date: 12/30/2002
Time: 9:06:12 am

Federal Bureau of Prisons
TRUFACS
**View Inmate Transactions**
Limited Official Use

**Criteria:** Income Transactions

Facility ████

| Date/Time | Inmate Reg# | Inmate Name | Facility | User Id | TransactionType | Amount | Reference# | Receipt# | Payment# | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 2/18/2002 12:42:06 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 2/16/2002 02:06:20 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 2/13/2002 12:52:53 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 2/09/2002 03:08:09 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 2/09/2002 03:08:09 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 2/03/2002 03:08:09 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 2/01/2002 01:03:38 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | Payroll - IPP | $30.00 | JVO018 | ████ | | ████ |
| 2/02/2002 10:45:23 AM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | $30.00 | ████ | ████ | | ████ |
| 1/05/2002 03:03:28 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 1/05/2002 03:03:28 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 1/05/2002 03:03:28 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 1/04/2002 09:37:12 AM | XXXXXXX | XXXX, XXXX | ████ | ████ | Payroll - IPP | $30.00 | JVO016 | ████ | | ████ |
| 10/08/2002 02:21:10 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 0/08/2002 02:21:10 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | Payroll - IPP | $37.20 | ████ | ████ | | ████ |
| 9/07/2002 09:05:57 AM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 09/24/2002 09:54:27 AM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 09/24/2002 09:54:27 AM | XXXXXXX | XXXX, XXXX | ████ | ████ | ████ | ████ | ████ | ████ | | ████ |
| 9/19/2002 02:02:32 PM | XXXXXXX | XXXX, XXXX | ████ | ████ | Payroll - IPP | $25.00 | ████ | ████ | | ████ |

WorkstationID: ████

UserID: ████

Date: 12/30/2002
Time: 9:06:12 am

Federal Bureau of Prisons
TRUFACS
**View Inmate Transactions**
Limited Official Use

Facility:

| Date/Time | Inmate Reg# | Inmate Name | Facility | User Id | TransactionType | Amount | Reference# | Receipt# | Payment# | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/09/2002 03:22:37 PM | XXXXXXX | XXXX, XXXX | | | | | | | | |
| 09/03/2002 12:21:59 PM | XXXXXXX | XXXX, XXXX | | | | | | | | |
| 08/15/2002 01:33:07 PM | XXXXXXX | XXXX, XXXX | | | Payroll - IPP | $37.20 | JV0127 | | | |
| 08/08/2002 12:41:01 PM | XXXXXXX | XXXX, XXXX | | | | | | | | |
| 08/05/2002 10:12:12 AM | XXXXXXX | XXXX, XXXX | | | Payroll - IPP | $31.60 | JV0114 | | | |
| 08/01/2002 03:42:50 PM | XXXXXXX | XXXX, XXXX | | | | | | | | |
| 07/22/2002 03:05:55 PM | XXXXXXX | XXXX, XXXX | | | | | | | | |
| 07/12/2002 03:22:30 PM | XXXXXXX | XXXX, XXXX | | | | | | | | |
| 07/08/2002 03:41:15 PM | XXXXXXX | XXXX, XXXX | | | Payroll - IPP | $18.00 | JV0106 | | | |
| 07/01/2002 12:06:28 PM | XXXXXXX | XXXX, XXXX | | | | | | | | |