UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ (S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN MAMONE,

        Defendant.
_____

NIGHT BOX FILED
AUG 14 2003
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### GOVERNMENT'S RESPONSE IN OPPOSITION TO GRACE MAMONE'S MOTION TO STAY RESTITUTION PAYMENTS

The United States of America, through its undersigned Assistant United States Attorneys, files this response in opposition to Grace Mamone's motion to stay restitution payments. For the reasons set forth below, the government opposes the stay.

1.   On December 19, 2001, the defendant pled guilty to Count One of the second superseding indictment, which charged him with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d), pursuant to a written plea agreement. On September 10, 2002, the defendant was sentenced to a term of incarceration of 115 months, after the Court granted the government's 5K motion.

2.   As part of the written plea agreement, the defendant agreed to the entry of a forfeiture/restitution order, the exact amount to be determined by the Court.



3. On November 22 and 26, 2002, the Court held a restitution hearing, during which a financial affidavit was presented by Grace Mamone.[1] That financial statement is very similar to the financial breakdown now being presented to the Court, except that Mrs. Mamone's personal credit card debt has increased from approximately $10,000 to over $17,000.

4. The Court took into consideration Mrs. Mamone's financial situation when it imposed the restitution payment schedule. The written Order entered on December 2, 2002, (a copy of which is attached) provides that Mrs. Mamone shall pay $1,000 per month for the first six months from the monies that she receives from Cargo Transportation; for the following eighteen months, $2,000 a month was to be paid; and, $4,000 a month was to be paid thereafter.[2]

5. Although the Judgment of Restitution was entered on December 2, 2002, Mrs. Mamone did not begin make any payments until the end of January 2003. She then made monthly payments of $1,000 through May; no payments were made in June, and then a final $1,000

---

[1] Even with explanations being given by Mrs. Mamone's attorney, the Court expressed its discomfort with the accuracy of Mrs. Mamone's financial statement at the time of the restitution hearing.

[2] The Judgment of Restitution also directed that Mrs. Mamone immediately turn over to the government a Lady's Presidential Rolex with diamond dial, a diamond and platinum ring, and diamond hoop earrings. Those have yet to be provided to the government. In addition, the defendant was to pay fifty percent of his income earned through the Inmate Financial Responsibility Program; to date, no monies have been paid by the defendant.

payment was made in July.

6. In imposing the restitution payment schedule, the Court also noted that Mrs. Mamone was going to have to alter her lifestyle. That apparently has not occurred at all.

7. Mrs. Mamone's motion contains absolutely no justifiable reason for a stay of the restitution payments and should therefore be denied.[3]

## CONCLUSION

WHEREFORE, the government respectfully requests that this Honorable Court deny the request of third party Grace Mamone to stay the restitution payments imposed in this matter.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court I.D. #A5500017

---

[3] Mrs. Mamone's motion also makes note that the defendant has appealed his conviction. However, the defendant waived his right to appeal as part of his plea agreement and there has only been an *Anders* brief filed in this matter.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this 14th day of August, 2003 to:

Richard L. Rosenbaum, Esquire
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

DIANA L.W. FERNANDEZ<br>
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-CR-SEITZ

FILED by _____ D.C.

DEC 2 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,

v.

JOHN MAMONE,
_____/

## JUDGMENT OF RESTITUTION

This matter came before the Court for hearing on restitution. On December 19, 2001, Defendant, John Mamone, pled guilty to Count One of the Second Superseding Indictment in the above-styled case which charged him with RICO conspiracy under Title 18 U.S.C. 1962(d). He was sentenced September 10, 2002, to 115 months incarceration. The determination of restitution was deferred until November 22, 2002. The Court heard from the parties and counsel for Defendant's wife on November 22 and 26, 2002.

Notwithstanding the restitution amount agreed to at sentencing, the general amount of which acknowledged under oath at the time of the plea, the Defendant maintained he should not be held responsible in restitution for certain amounts allocated to three frauds and the amount pertaining to the extortionate loan. Additionally, the Defendant's wife asserted that she should not have to contribute any amounts received from Cargo Transportation to the payment of restitution because it was solely her business. Based on the information provided at the hearing and in the record, the Court found that the wife was merely a nominee for the Defendant's interest in Cargo Transportation, thus, it was appropriate that the money the wife received from Cargo should be used in part to pay restituion. Having heard representations of counsel and being otherwise fully advised, it is

ORDERED that the Defendant, John Mamone, shall make restitution in the amount of $4,302,899.71 as follows:

> $1,845,451 to the Alliance Trust/Chemical Trust Victims (See "North Carolina Victims" list attached);
>
> $700,000.00 to the "Rubbo Victims" (see attached list); and
>
> $1,757,438.17 to the "Forex Victims" (see attached list).

The Alliance Trust/Chemical Trust and Rubbo Victims will be Defendant Mamone's sole responsibility; Defendant Mamone will be liable jointly and severally with Co-Defendant, Joseph Spitaleri, to the Forex Victims in the amount of $1,757,438.17. It is further

ORDERED that, because the North Carolina Victims have recovered approximately forty-four (44%) percent of the defrauded funds, and the Rubbo and Forex Victims have thus far recovered nothing, any monies received shall be first applied to the Rubbo and Forex Victims on a prorata share until the Rubbo victims have recovered the full $700,000.00, and the Forex Victims have recovered forty-five (45%) percent of the defrauded funds. Thereafter, any funds received shall be allocated between the victims in the remaining two frauds in the total amount of $1,845,451.00 to the Alliance Trust/Chemical Trust victims, and $1,757,438.17 to the Forex Victims. It is further

ORDERED that to provide time to readjust the Mamone family's lifestyle, payments on the restitution shall be made as follows:

> Pursuant to the Defendant's oral agreement at the restitution hearing, the Defendant's wife will immediately turn over to the United States the following jewelry: the Lady's Presidential Rolex with the diamond dial, the diamond and platinum ring and the two and one half carat diamond hoop earrings discussed at the restitution hearing. The parties shall make the best effort to gain the maximum value from these assets.

2

From the monies the wife receives from Cargo Transportation:
$1,000.00 per month shall be paid for the first six (6) months;

$2,000.00 per month shall be paid for the next eighteen (18) months; and

$4,000.00 per month shall be paid thereafter. It is further

ORDERED that the Defendant will assist the Government with recovery of the money held in the Bahamas which shall be applied to restitution. It is further

ORDERED that during the term of incarceration, Defendant shall pay fifty 50% of his income earned through the Inmate Financial Responsibility Program. It is further

ORDERED that upon completion of Defendant's term of incarceration, at the beginning of the term of supervised release, the parties shall submit a revised payment plan with the goal of fully satisfying restitution by the end of the three-year term of supervised release.

DONE AND ORDERED in Miami, Florida this ___ day of December, 2002.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Diana Fernandez, AUSA
David Rothman, Esq.
Silas Saunders, USPO
U.S. Marshal
Bureau of Prisons
Financial Section

3