IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

04 JAN -6 PM 2:31

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI

| | | |
|---|---|---|
| United States of America, | : | |
| PLAINTIFF, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | No.: 00-6309-CR-SEITZ/BANDSTRA |
| | : | |
| John Mamone, | : | |
| DEFENDANT. | : | |
| | : | |
| | : | |

## DEFENDANT'S MOTION FOR PERMANENT INJUNCTIVE RELIEF

COMES NOW John Mamone, Defendant in the above-styled matter, and hereby moves this Court to issue permanent injunctive relief against the Plaintiff United States of America, including its agents and employees, specifically, those agents and employees of the United States Department of Justice,

Movant here seeks to have those agents and employees of the United States permanently enjoined from making threats againts Movant, including threatening to have Movant removed from the United States Department of Justice Federal Witness Protection Program and/or transferred to a location different from his current safe place of confinement.

In support of this instant motion Movant simultaneously files herewith his memorandum of law in support of this instant motion.

Respectfully submitted this _30_ day of _DECEMBER_ , 2003.


By: _____

John Mamone (#07803-062), pro se
Defendant-Movant
Post Office Box 8000
Marianna, FL 32447-8000

Tel.: None

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

United States of America,          :
                                   :
                PLAINTIFF,         :
                                   :
     vs.                           :     No.: 00-6309-CR-SEITZ/BANDSTRA
                                   :
John Mamone,                       :
                DEFENDANT.         :
_____    :

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR PERMANENT INJUNCTIVE RELIEF


On the undersigned date Defendant in the above-entitled case, John Mamone ("Movant"), filed a motion for permanent injunctive relief against certain agents/agencies of the United States Government. In support of said motion for permanent injunctive relief Movant simultaneously submits this instant memorandum of law.

On January 21, 2003, Movant filed a pro se motion seeking to prevent his removal from the Federal Witness Protection Program ("FWPP"). The motion was filed as a result of threats made against Movant by the United States Attorney's Office for the Southern District of Florida -- namely, Assistant United States Attorney Brian McCormick.

Movant's January 21, 2003, motion was referred to United States Magistrate Judge Ted E. Bandstra. On January 30, 2003, Magistrate Judge Bandstra denied the motion, without prejudice, because: a) Michael C. Cohen, Esq., had been appointed to represent Movant in all further proceedings in this case; and b) the motion was filed without the requisite memorandum of law.

Firstly, the Court is respectfully noticed that Mr. Cohen has refused to represent Movant in any proceeding in this case except the appeal to the Eleventh Circuit. And, during preparations for the appeal, Mr. Cohen misled Movant into believing that an appellant's brief proper would be filed, when in fact Mr. Cohen filed an Anders' Brief at the very last moment. Fortunately, Movant was able to file a rebuttal to the Anders' Brief; and the matter is now pending before the Eleventh Circuit.

Secondly, the threats cited in Movant's January 21, 2003, motion continue by Mr. McCormick. (See: Attachment A, infra.)

- 2 -

Thirdly, Movant was unaware of Magistrate Judge Bandstra's January 30, 2003, Order until late November 2003. In viewing a copy of the docket sheet for this case Movant discovered Magistrate Judge Bandstra's Order. He then contacted the Clerk's Office and requested a copy. Movant actually received a copy of the Order on December 1, 2003 -- almost a year after the original motion was filed. And, despite the fact that Attorney Michael Cohen was served with a copy of the Order, he never disclosed the Order's existence or otherwise discussed the matter with Movant. (See: Attachment B, infra.) (The original service copy sent to Movant by the Clerk was inadvertently sent to the wrong address and was apparently lost in the mail.)

* * * * * * * * * * * * * * * * * *


## THE FIFTH AMENDMENT

While it is well-settled that, generally speaking, prisoners do not have a right to be confined in a specific facility (Pryor-El v. Kelly, 892 F.Supp. 261 (D.D.C. 1995)), a constitutional liberty interest under the Fifth Amendment is found to exist in situations where the prisoner either is and/or might be subjected to life-threatening prison conditions if transferred out of and into facilities different from that in which he is currently housed.

The United States Attorney General, by and through the Federal Bureau of Prisons ("FBOP"), is charged with protecting Movant. (See: 18 U.S.C. §4042.) Additionally, an agreement was reached between Movant and the United States Attorney's Office for the Southern District of Florida wherein Movant would placed in the FWPP for Movant's own safety as a result of Movant's cooperation with authorities. (See: 18 U.S.C. §3521 et seq.)

The statutory mandate placed upon the Attorney General by 18 U.S.C. §4042, and the agreement reached between Movant and the United States Attorney's Office, serve to invoke the due process clause of the Fifth Amendment, which in turn gives rise to Movant having a protected liberty interest in being housed in a safe facility for the duration of his incarceration, i.e. FWPP Protective Custody Units.

Movant does not believe that the FBOP will, on its own initiative, seek to transfer Movant. On the other hand, if Mr. McCormick (or anyone else from the U.S. Attorney's Office) were to make a transfer request through the Office of Enforcement Operations (which is actually the controlling agency within the Department of Justice for federal witness protection), then consideration could very well be given to transferring Movant from his current safe place of confinement.

### THE EIGHTH AMENDMENT

The Eighth Amendment's prohibition against cruel and unusual punishment is not restricted to the physical. "The Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59. "Eighth amendment proscribes not only punishment that is physically barbarous but also punishment involving either unnecessary and wanton infliction of pain or imposition of pain totally without penological justification." Evans v. Dugger, 908 F.2d 801 (11th. Cir. 1990).

Movant is being made to suffer mental anguish as the result of being continuously subjected to governmental threats  of being removed from teh FWPP and transferred from his current safe place of confinement. This mental anguish inflicted by the Assistant United States Attorney violates the Eighth Amendment's prohibition against cruel and unusual punishment.

There is absolutely no penological justification for the threats levelled at this Movant.

In Payne v. Monroe County, 779 F.Supp. 1330 (S.D.Fla. 1991), the Court found that the intent requirement is implicit in the Eighth Amendment's ban on cruel and unusual punishment. The intent here is found in the Assistant United States Attorney's intent to punish Movant; and that intent to punish comes from the Assistant United States Attorney's misbelief that Movant

has not divulged all he knew surrounding the criminal activities in which Movant cooperated.  Intent is found when the punishment is deliberately administered for disciplinary purposes.  Wilson v. Seiter, 115 L.Ed.2d 271.

Additionally, in Wilson, the Supreme Court found that "wanton" depends upon the constraints placed upon the one administering the punishment.  115 L.Ed.2d at 282.  Here, the Assistant United States Attorney is not constrained to having to level threats at Movant of FWPP removal.  On the contrary, the threats are levelled without constraint and with reckless desregard of: a) the mental anguish Movant is suffering; b) the likelihood of Movant's murder if he is removed from the FWPP and transferred from his current place of confinement; and c) the breach of agreement between Movant and the Government as to Movant's FWPP placement.

## CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §2201, Movant hereby respectfully asks this Court to issue declaratory judgment in his favor, finding: 1) that Movant has the right and is entitled to be housed in a safe and secure facility, such as that in which he is now housed, for the duration of his incarceration; and 2) that threats of Movant's removal from the FWPP are without penological justification and under these instant circumstances violate both the Fifth and Eighth Amendments to the U.S. Constitution.

FURTHER, pursuant to 28 U.S.C. §2202, Movant respectfully asks this Court to grant him permanent injunctive relief and enjoin Brian McCormick, and all other agents/employees of the United States Attorney's Office for the Southern District of Florida, from making threats against Movant, either vicariously or directly to Movant, including threats to have Movant removed from the FWPP; AND FURTHER enjoin Mr. McCormick, and all other agents/employees of the United States Attorney's Office for the Southern District of Florida, from seeking Movant's transfer from his current place of confinement.

Respectfully submitted this _30_ day of _DECEMBER_ , 2003.

By: _____

        John Mamone (#07803-062), pro se
        Defendant-Movant
        Post Office Box 8000
        Marianna, FL 32447-8000

        Tel.: None

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that a true and accurate copy of both the foregoing DEFENDANT'S MOTION FOR PERMANENT INJUNCTIVE RELIEF and MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PERMANENT INJUNCTIVE RELIEF were served, together, upon

                Mr. Brian J. McCormick
            Assistant United States Attorney
              Southern District of Florida
         Office of the United States Attorney
                500 East Broward Blvd.
              Fort Lauderdale, FL 33394,

by me on this ____30____ day of ____DECEMBR____, 2003.

/s/ _____

                John Mamone (#07803-062), pro se
                Post Office Box 8000
                Marianna, FL 32447-8000
                Tel.: None



# MEMO

**To:**        **FILE**
**From:**      **RICHARD L. ROSENBAUM**
**Subject:**   **MAMONE, JOHN/GRACE**
**Date:**      **10/17/03**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I was contacted by AUSA Brian McCormick.  He said that he has spoken to O.E.O.

and unless I file my Notice of Appearance, I shall no longer going to be able to have any legal

calls with John.  He stated that John is being kicked out of the Witsec program.  I told him

that I had reviewed documents surrounding that assertion and that I believed it to be untrue.

He backpedaled and said that John shall be moved to another institution, but still part of the

Wit-Sec Protection Plan.

1349R-0000\* 369113.1                                    1                    **ATTACHMENT A**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FEDERAL COURTHOUSE SQUARE
301 N. MIAMI AVENUE, ROOM 150
MIAMI, FLORIDA 33128-7788

OFFICIAL BUSINESS

JOHN MAMONE
07803-062
FCI MARIANNA
SHAWNEE UNIT
PO BOX 8000
MARIANNA FL 32447

32447+8000

ATTACHMENT B