UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:   00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN MAMONE,

        Defendant,

and

GRACE MAMONE,

        Interested Party.

_____/

## MOTION TO VACATE AND/OR ABATE RESTITUTION PAYMENTS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW an Interested Party, Grace Mamone, by and through her undersigned counsel, and respectfully requests this Honorable Court enter an Order vacating and/or abating payments of restitution required to be paid by Grace Mamone pursuant to the Restitution Order of December 2, 2002 pending further Order of this Court, and as grounds and in support thereof, states as follows:

1.    A Judgment of Restitution was entered on December 2, 2002 requiring Grace Mamone to pay specific amounts of restitution on a monthly basis. A copy of said Judgment is attached hereto as Exhibit "A" and incorporated herein by reference.

2.    Grace Mamone struggled financially yet has remained in compliance with the Restitution Order as long as possible. However, with 4 children to raise and only a $6.00

PERS-GMB 368577 1

I

per hour job, she is unable to make her January, 2004 restitution payment or any further payments.

3.      This Court recently denied Grace Mamone's Motion to Stay Restitution Payments. However, each of the Court's concerns as expressed in the Order have been quelled, and good cause exists to, at a minimum, stay the Order requiring restitution payments at this time.

4.      Grace Mamone has recently been indicted for one count of obstruction of justice in a multi-count, multi-defendant Indictment styled, *State v. Mamone, et al.*, Case No: 04-60006-Cr-COHN.

5.      Upon being advised of the Indictment, Grace Mamone voluntarily surrendered and has been released on a corporate surety bond after satisfying the requirements of *Nebbia*.[1]

6.      To make matters worse, Grace Mamone's income from Cargo Transportation has now unexpectedly stopped. It appears she may soon be totally unemployed.

7.      Grace Mamone's employment prospects are dismal at this juncture. Although previously earning $6.00 per hour as a Broward County school employee, based upon her probationary status as an employee, she has been placed upon administrative leave, pending the outcome of a personnel investigation.

8.      Grace Mamone's husband, John Mamone, who is presently in custody, has appealed, *inter alia*, the Restitution Order, and said issue is pending at the Eleventh Circuit

---

[1] *United States v. Nebbia*, 357 F.2d 303 (2nd Cir 1966); *United States v Ferrandez-Toledo*, 737 F.2d 912 (11th Cir. 1984).

of Appeals.

9.      Based upon the appeal, wherein John Mamone contests the Restitution Order on its face and as to the amount, Grace Mamone should not be required to pay restitution until the Order becomes final.

10.     Grace Mamone asserts that the Restitution Order should be vacated.

11.     The Court failed to comply with Title 18 U.S.C. Sec. 3664 when it imposed restitution in the amount of $4,302,899.71.

12.     Further, in light of a crucial change in circumstances, i.e. Cargo Transportation's refusal to honor its contract with Grace Mamone, she no longer receives income from Cargo Transportation as of January, 2004. According to the Restitution Order, ".... the money the wife received from Cargo should be used in part to pay restitution." Additionally, the restitution monies ordered by the Court to be paid by Grace Mamone are specific: "From the monies the wife receives from Cargo Transportation: ...."

13.     Since entry of the Restitution Order, Grace Mamone's financial situation has radically changed as a direct result of Cargo's actions. Specifically, she no longer receives contemplated and relied upon monthly income of over $9,000.00 per month. The company has cancelled Grace Mamone's health benefits and she has incurred substantial income tax obligations as a result of the 2003 restructuring of payments.

14.     Grace Mamone has been informed her contractual commissions from Cargo shall not be honored by Cargo, and she has not received any of the anticipated January, 2004 payments. She does not anticipate receipt of any sums owed from Cargo absent a Court Order.

15.     A breakdown of Grace Mamone's present income is attached hereto as Exhibit "H.1." Even the meager income of less than $1,000.00 per month is not certain based upon Grace Mamone's probationary status with the elementary school.

16.     Grace Mamone forfeited her jewelry to her counsel a long time ago. See Exhibit "K.1".

17.     The jewelry has substantive and family heirloom value. Grace Mamone maintains that her husband's lawyer was not authorized to barter with her jewelry, and did so without her consent or acquiescence. Nevertheless, Grace Mamone's jewelry has been held for months awaiting word from the Government as to the best way to liquidate the same.

18.     Since no funds are presently being received from Cargo, Grace Mamone lacks any ability to pay restitution at this juncture and no restitution should be required.

19.     Based upon Grace Mamone's financial situation, she can no longer afford to make the restitution payments. The attached documents constitute evidence of Grace Mamone's inability to pay restitution, and justify allowing her to abate the restitution payments pending further Order of this Court.

20.     Grace Mamone's inability to financially comply with the Restitution Order is not due to her neglect or default. See United States v. Boswell, 605 F.2d 171, 174 (5th Cir. 1979); De Sales Street Corp. v. Dragon, Inc., 163 A.2d 623 (DC App. 1960).

WHEREFORE, based upon the foregoing grounds and authority, the Third Party, Grace Mamone, respectfully requests this Honorable Court enter an Order vacating the Restitution Order, or, in the alternative, staying restitution payments based upon her inability to pay.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28th ~~27th~~ day of **JANUARY, 2004**, to: AUSA Diana L.W. Fernandez and AUSA J. Brian McCormick, Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33394.

Respectfully Submitted,

LAW OFFICES OF RICHARD L. ROSENBAUM
ATTORNEY FOR GRACE MAMONE
350 EAST LAS OLAS BOULEVARD
SUITE 1700
FT. LAUDERDALE, FL 33301
PHONE NO : (954) 522-7007
FLA. BAR NO: 394688

BY _____
   RICHARD L. ROSENBAUM

## TABLE OF CONTENTS - EXHIBITS

| EXHIBIT | TITLE |
|---------|-------|
| A | Judgement of Restitution |
| B | Contract of stock sale giving Plaintiff $6450 |
| C | Promissory note of company reimbursement to third party's credit cards for $2595 |
| D | Contract changing the terms of the original sale of stock |
| E | Memorandum cancelling Grace Mamone's health benefits |
| F | Memorandum withholding additional commission of $2500 |
| G | Memo to File (1/16/04) |
| H | Correspondence from Broward County School Board (1/21/04) |
| I<br>I.1<br>I.2<br>I.3<br>I.4 | Incomes<br>Income breakdown<br>Memo from Tax advisor showing projected taxes for calendar year 2003<br>Paycheck from Westchester Elementary School<br>Financial Affidavit |
| J<br>J.1<br>J.2<br>J.3 | List of debts; monthly recurring debts, total debts, paid debts<br>Total debt owed to various sources<br>Recurring monthly payments<br>Payments made in recent transactions |
| K<br>K.1<br>K.2<br>K.2(a) | Documents showing compliance with court's first denial of stay of restitution<br>Affidavit showing third party possession of jewelry<br>Inmate request to staff - Proof of fund withdrawal<br>Inmate financial obligation account - removal of money from John Mamone's commissary account each month |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-CR-SEITZ

FILED by _____ D.C.

**DEC 2 2002**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,

v.

JOHN MAMONE,

_____/

## JUDGMENT OF RESTITUTION

This matter came before the Court for hearing on restitution. On December 19, 2001, Defendant, John Mamone, pled guilty to Count One of the Second Superseding Indictment in the above-styled case which charged him with RICO conspiracy under Title 18 U.S.C. 1962(d). He was sentenced September 10, 2002, to 115 months incarceration. The determination of restitution was deferred until November 22, 2002. The Court heard from the parties and counsel for Defendant's wife on November 22 and 26, 2002.

Notwithstanding the restitution amount agreed to at sentencing, the general amount of which acknowledged under oath at the time of the plea, the Defendant maintained he should not be held responsible in restitution for certain amounts allocated to three frauds and the amount pertaining to the extortionate loan. Additionally, the Defendant's wife asserted that she should not have to contribute any amounts received from Cargo Transportation to the payment of restitution because it was solely her business. Based on the information provided at the hearing and in the record, the Court found that the wife was merely a nominee for the Defendant's interest in Cargo Transportation, thus, it was appropriate that the money the wife received from Cargo should be used in part to pay restitution. Having heard representations of counsel and being otherwise fully advised, it is



ORDERED that the Defendant, John Mamone, shall make restitution in the amount of $4,302,899.71 as follows:

> $1,845,451 to the Alliance Trust/Chemical Trust Victims (See "North Carolina Victims" list attached);
>
> $700,000.00 to the "Rubbo Victims" (see attached list); and
>
> $1,757,438.17 to the "Forex Victims" (see attached list).

The Alliance Trust/Chemical Trust and Rubbo Victims will be Defendant Mamone's sole responsibility; Defendant Mamone will be liable jointly and severally with Co-Defendant, Joseph Spitaleri, to the Forex Victims in the amount of $1,757,438.17. It is further

ORDERED that, because the North Carolina Victims have recovered approximately forty-four (44%) percent of the defrauded funds, and the Rubbo and Forex Victims have thus far recovered nothing, any monies received shall be first applied to the Rubbo and Forex Victims on a prorata share until the Rubbo victims have recovered the full $700,000.00, and the Forex Victims have recovered forty-five (45%) percent of the defrauded funds. Thereafter, any funds received shall be allocated between the victims in the remaining two frauds in the total amount of $1,845,451.00 to the Alliance Trust/Chemical Trust victims, and $1,757,438.17 to the Forex Victims. It is further

ORDERED that to provide time to readjust the Mamone family's lifestyle, payments on the restitution shall be made as follows:

> Pursuant to the Defendant's oral agreement at the restitution hearing, the Defendant's wife will immediately turn over to the United States the following jewelry: the Lady's Presidential Rolex with the diamond dial, the diamond and platinum ring and the two and one half carat diamond hoop earrings discussed at the restitution hearing. The parties shall make the best effort to gain the maximum value from these assets.

From the monies the wife receives from Cargo Transportation:
$1,000.00 per month shall be paid for the first six (6) months;

$2,000.00 per month shall be paid for the next eighteen (18) months; and

$4,000.00 per month shall be paid thereafter.  It is further

ORDERED that the Defendant will assist the Government with recovery of the money held in the Bahamas which shall be applied to restitution.  It is further

ORDERED that during the term of incarceration, Defendant shall pay fifty 50% of his income earned through the Inmate Financial Responsibility Program.  It is further

ORDERED that upon completion of Defendant's term of incarceration, at the beginning of the term of supervised release, the parties shall submit a revised payment plan with the goal of fully satisfying restitution by the end of the three-year term of supervised release.

DONE AND ORDERED in Miami, Florida this _____ day of December, 2002.



PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE


Copies to:
Diana Fernandez, AUSA
David Rothman, Esq.
Silas Saunders, USPO
U.S. Marshal
Bureau of Prisons
Financial Section

3

### INSTALLMENT AGREEMENT FOR THE SALE AND PURCHASE OF STOCK IN CARGO TRANSPORTATION SERVICES, INC.

THIS AGREEMENT is entered into on July 1, 2001 by and between ANNA GRACE MAMONE, whose address is 1960 Augusta Terrace, Coral Springs, Florida 33071 ("SELLER"), and STACY BELL, whose address is 7705 Andes Lane, Parkland, Florida 33067 ("BUYER").

### RECITALS

A. CARGO TRANSPORTATION SERVICES, INC. (the "COMPANY") is a Florida corporation in good standing with all of its shares of common capital STOCK issued and outstanding.

B. The SELLER is the owner of shares of the common capital of the COMPANY, comprising FIFTY PERCENT (50%) of all the issued and outstanding common capital ("the STOCK").

C. The SELLER desires to sell and the BUYER desires to buy the STOCK under the terms and conditions set forth herein.

THEREFORE, in consideration of the promises mutually exchanged in this Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

### AGREEMENT

1. **Sale of Shares.** Subject to the provisions of this Agreement, the SELLER agrees to sell the STOCK to the BUYER. The SELLER agrees to execute such additional documents as the BUYER deems necessary to perfect the BUYER's title to the STOCK.

2. **Purchase Price.** The purchase price shall be FIVE HUNDRED AND FIFTY FIVE THOUSAND, FIVE HUNDRED AND FOURTEEN DOLLARS AND NINETY EIGHT CENTS ($555,514.98). This purchase price shall not be paid in a lump sum, but instead shall be paid in installments, including principal and interest, of SIX THOUSAND FOUR HUNDRED FIFTY DOLLARS ($6,450) per month commencing on August 1, 2001 and continuing thereafter on the first day of each consecutive month, through and including May 1, 2011.

3. **Default.** If the BUYER fails to make payment of any one of the installments when they shall become due, and in case the payment is not made after TWENTY ( 20) days' notice of such default, the SELLER may retain any deposits paid by the BUYER and redeem the STOCK transferred to BUYER as liquidated damages. In this event, the parties shall be relieved of all obligations under this Agreement. Additionally, the BUYER shall have the option to buy the STOCK for a lump sum amount representing the unpaid balance of the purchase price.

4. **Representations and Warranties of SELLER.** The SELLER hereby represents that SELLER has good, absolute, and marketable title to the STOCK, free from all liens, claims, and encumbrances. The SELLER has the unfettered right, power, and authority to sell all of the STOCK under this Agreement. Delivery of the STOCK to

1       INITIALS Buyer _____ Seller _____

*"B"*

the BUYER as contemplated by this Agreement will vest unencumbered title to the STOCK in the BUYER.

5.    Termination. This Agreement may be terminated by the BUYER if COMPANY assets suffer any loss or casualty, which substantially affects the value of the STOCK transferred by this Agreement or the use of COMPANY assets, irrespective of insurance. On the occurrence of this event, the parties may agree upon an amount by which the purchase price shall be reduced by reason of such event, in which case the BUYER shall not terminate this Agreement and the purchase price shall be so reduced.

6.    Governing Law. This Agreement shall be governed in its enforcement, construction, and interpretation by the laws of the state of Florida.

7.    Entire Agreement. This Agreement constitutes the entire Agreement of the parties and may not be amended or modified except in a writing signed by both parties. All prior understandings and Agreements between the parties are merged in this Agreement, which alone fully and completely expresses their understanding.

8.    Successors. This Agreement shall be binding on and inure to the benefit of the parties and their respective successors, assigns, and personal representatives.

ACCEPTED AND AGREED on the date first above stated.

Witnesses as to BUYER:

(Print)  OJ ODUNNA
(Sign)  _____

Witness as to SELLER:
(Print)  _____
(Sign)  _____

BUYER: STACY BELL

_Stacy Bell_
Stacy Bell

SELLER: ANNA GRACE MAMONE

_Anna Grace Mamone_
Anna Grace Mamone

# PROMISSORY NOTE

$ 88,500.00

Coral Springs. Florida
May 7, 2001

**FOR VALUE RECEIVED,** the undersigned, **CARGO TRANSPORTATION SERVICES, INC.** a Florida corporation ("Maker"), promises to pay to the order of **ANNA GRACE MAMONE,** or their successors or assigns ("Lender") the principal sum of eighty eight thousand five hundred and 00/100 Dollars ($ 88,500.00) or such lesser amount that actually may be advanced to Maker and remain outstanding plus interest as hereinafter provided (the "Loan"). Any amounts advanced under this Promissory Note and then repaid will decrease the maximum Principal Amount of this Promissory Note by the amount of such repayment  The interest rate set forth herein shall be referred to as the "Note rate".

Principal and interest shall be due and payable as follows:

Commencing on the first (1*) day of the first calendar month after the execution date noted above and continuing thereafter on the first day of each and every month, through and including September 30, 2004, monthly payments of principal and interest are due as follows:  First thirty-six months (36) is two thousand five hundred ninety-five dollars and 00/100 ($ 2,595.00), the next seven (7) payments is four thousand and 00/100 dollars ($ 4,000.00) and a final payment of two thousand four hundred sixty-one and 17/100 dollars ($ 2,461.17) computed at the rate of eighteen percent (18.00%) per annum for the $ 88,500.00 of the average daily outstanding balance shall be due and payable. If not sooner paid, the entire unpaid principal balance of this promissory note, together with all interest accrued thereon, shall be due and payable on September 30, 2004  This promissory Note may be partially or fully prepaid, without penalty. Provided, however, if Maker is sold (by sale or transfer of all or substantially all of the assets of the Maker, by sale or transfer of a controlling interest of the Maker's stock, by merger or otherwise), the entire unpaid principal balance of this Promissory Note, together with all interest accrued thereon, shall, at the option of the Lender, be immediately due and payable

All installments of principal and/or interest shall be make to Grace Mamone and are payable at 1960 Augusta Terrace Coral Springs, FL 33071, or at such other place as Lender hereof may, from time to time, designate in writing, in lawful money of the United States of America which shall be legal tender for public and private debts at the time of payment.

"C"

# AGREEMENT

THIS AGREEMENT, made and entered into by and between CARGO TRANSPORTATION INC., a corporation organized and operating under the Laws of the State of Florida, with its principle place of business at 100 S. Pine Island Rd Ste 112, Plantation Florida 33324 and STACEY BELL whose address is 7705 Andes Lane, Parkland, Florida 33067, (hereinafter collectively the "First party") and ANNA GRACE MAMONE an individual whose address is 1960 Augusta Terrace, Coral Springs, Florida 33071 (hereinafter the "Second party")

## RECITALS

A.    The parties', STACEY BELL and ANNA GRACE MAM ONE, desire to make provisions for present and future conduct of disposition of the Shares in order to prevent interference with the orderly conduct of the business of the Corporation.

B.    The parties', STACEY BELL and ANNA GRACE M AMONE, as shareholders in the "Corporation," CARGO TRANSPORTATION SERVICES, INC. on or about July, 1, 2001 contracted for the sale to STACEY BELL, ANNA GRACE MAMONE'S fifty (50) percent share interest in the Corporation.

C.    To date, STACEY BELL and ANNA GRACE MAMONE have operated under an Installment Purchase Agreement, which was essentially modified by subsequent conduct of Corporation and the parties' as it relates to the terms of payment for the Shares.

D.    As of December 31, 2001, STACEY BELL and ANNA GRACE MAMONE agree that change in the business conditions of CARGO TRANSPORTATION INC. since January 1, 2002, necessitated a change in the business relationship between the parties.

E.    By entering into this Agreement, parties acknowledge satisfaction and/or waiver of STACEY Bell's obligations created under Installment Purchase Agreement attached hereto as exhibit "A".    This agreement supercedes the afore indicated Installment Purchase Agreement. Specifically, STACEY BELL paid  thirty-six thousand five hundred and fifty dollars($ 36,550) representing payment in full for GRACE MAMONE'S 50 % share in CARGO TRANSPORTATION, INC.

F.    The "Corporation" and the First Party hereby agree to continue to make commission payments to the second party to the extent obligated.

G.    This agreement is entered into for the specific purpose of amending to the extent stated and effect given, that Installment Agreement attached hereto as Exhibit "A"

"D"

**NOW THEREFORE**, in consideration of the mutual promises and covenants made herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties do hereby further agree as follows:

## ARTICLE 1: Purpose

The purpose of this agreement is to memorialize, outline and define in writing the contractual relationship existing by and between the parties as of January 1, 2002, particularly as it relates to the transfer of ownership interest in the "Corporation" by and between the parties. ANNA GRACE MAMONE, shall continue to serve as a Consultant and be entitled to receive monthly commissions thru the year 2011, of not less than six thousand four hundred and fifty dollars ($6450) for business operations specifically pertaining to the east coast air freight division.

## ARTICLE 2: Representations and Warranties of Parties.

### Section 2.1    Representations and Warranties of First Party

"Corporation" hereby represents and warrants to Second Party as follows:

    (a)    Due Incorporation and Organization.    First Party is a corporation duly organized, validly existing and in good standing under the laws of the State of Florida, with all requisite corporate power and authority to carry on the Business as now being conducted, and to own, operate, lease and utilize the assets, properties and businesses of First Party, including the Business.

    (b)    Authority.    First Party by and through its officers has the legal power and authority to enter into and perform this Agreement and the transactions contemplated by this Agreement. The execution, delivery and performance of this Agreement by First Party and the transactions contemplated by this Agreement have been duly and validly approved and authorized by all necessary corporate and shareholder action of First Party.

    (c)    Absence of Conflicts and Consent Requirements.    First Party's execution and delivery of this Agreement and performance of its obligations hereunder, do not (i) conflict with or violate First Party's Articles of Incorporation or Bylaws.

### Section 2.2 -  Representations and Warranties of Second Party

First Party "individual" hereby represents and warrants to Second Party as follows:

    (a)    Due Person.    First Party are individuals who resides in the County of Broward, State of Florida.

    (b)    Authority.    First Party has the legal power and authority to enter into, to be obligated and perform this Agreement.

### Section 2.3 - Representations and Warranties of Second Party

Second Party hereby represents and warrants to First Party as follows:

      (a)     Due Person.   Second Party are individuals who resides in the County of Broward, State of Florida.

      (b)     Authority.   Second Party has the legal power and authority to enter into, to be obligated and perform this Agreement.

## ARTICLE 3
## Miscellaneous

**Section 3.1 Amendments.** This agreement may be amended, modified or supplemented in whole or in part only by an instrument in writing executed by both Second Party and First Party.

**Section 3.2    Assignment.**   The parties agree that neither this Agreement nor any rights or obligations created hereby shall be assignable by any party.

**Section 3.3  Counterparts.**  This Agreement may be executed in any number of counterparts, each of which shall be considered to be an original instrument.

**Section 3.4    Expenses.**  First Party and Second Party shall each bear the respective expenses incurred by them in connection with the negotiation, execution and delivery of this Agreement.

**Section 3.5  Entire Agreement.**  This Agreement contains the entire agreement between Second Party and First Party and supersedes all prior arrangements or understandings with respect to the matters herein.

**Section 3.6  Descriptive Headings.**  The description headings are for convenience of reference only and shall not control or affect the meaning or construction of any provision of this Agreement.

**Section 3.7    Notices.**  All notices or other communications that are required or permitted hereunder shall be in writing and sufficient if delivered personally or sent by registered or certified mail, postage prepaid, addressed as stated above.

**Section 3.8  Waiver or Modification.**  No change, modification, or waiver of any provision of this Agreement shall be valid or binding unless it is in writing dated after the date hereof and signed by the parties intended to be bound. No waiver of any breach, term, or condition of this Agreement by either party shall constitute a subsequent waiver of the same or any other breach, term, or condition or a continuing waiver after demand for strict compliance.

**Section 3.9    Change in Business conditions.**  Notwithstanding anything to the contrary contained in this Agreement, the parties', STACY BELL and ANNA GRACE MAMONE, shall be entitled to terminate this Agreement in the event of any significant disruption or change in the business conditions/operations of CARGO TRANSPORTATION, INC. East Coast Airfreight Division.

**Section 3.10    No employment relationship intended.**  Notwithstanding anything to the contrary, this Agreement shall not be construed as creating a business relationship between the parties or otherwise subjecting this Agreement to any employment or labor laws, rules, and regulations.

**Section 3.11    Survival of Covenants, Representations, Warranties and Indemnifications.**  All covenants, representations and warranties made by any party to this Agreement shall be deemed made for the purpose of inducing the other parties to enter into this Agreement. The representations, warranties and covenants contained in this Agreement shall, except as otherwise provided in this Agreement, survive indefinitely. The covenants, presentations and warranties of both First Party and Second Party are made only to and for the benefit of the other party to this Agreement and shall not create or vest rights in other persons. Should any part, clause or provision of this Agreement be held to be void, invalid or inoperative, the parties hereby direct that such invalidity should not effect any other clause, provision or condition hereof; but the remainder of this Agreement shall be effective as though such clause, provision or condition had not been contained herein.

**Section 3.12    Controlling Law.**  This Agreement shall be governed by and construed pursuant to the laws of Florida

**Section 3.13    WAIVER OF JURY TRIAL:**  FIRST PARTY AND SECOND PARTY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION BASED HEREON OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTION OF EITHER PARTY.  THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE FIRST PARTY AND SECOND PARTY ENTERING INTO THIS AGREEMENT.

**THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT.  IF NOT FULLY UNDERSTOOD, SEEK THE ADVISE OF AN ATTORNEY PRIOR TO SIGNING.**  Notwithstanding, the parties hereby acknowledge and agree that they have the right and have had ample opportunity to seek the advice and counsel of their own attorney in connection with this Agreement and have, in fact, consulted with an attorney of their choosing and in executing this Agreement and agreeing to the terms of this Agreement, does so freely and without coercion or otherwise.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by three authorized persons on, 2.

First Party No 1 "Individual": STACEY BELL

BY: _Stacey Bell_____
   STACEY BELL

ATTEST:

BY: _Guilaine L. Sosa_____
Name: _Guilaine L. Sosa_____


STATE OF FLORIDA          )
                          SS.)
COUNTY OF BROWARD         )


I, _Guilaine L. Sosa____, a Notary Public for said County and State, do hereby certify that STACEY BELL, personally appeared before me this day who, being by me first duly sworn, deposes and says that he has read the foregoing instrument and that it is true and correct to the best of her knowledge and belief.

Witness my hand and official seal, this _27_ day of _March_____, 2003.

_Guilaine L. Sosa_____
Notary Republic

My commission expires _____.

Guilaine L. Sosa
Commission # DD 066701
Expires Oct. 22, 2005
Bonded Thru
Atlantic Bonding Co., Inc.

First Party No. 2 "Corporation":    CARGO TRANSPORTATION INC.

BY: _Beatriz Eguaras_ (signature)
    Beatriz Eguaras
Title: Vice President

ATTEST:

BY: _____
Name: _____
Title: _____

        [CORPORATE SEAL]


STATE OF FLORIDA     )
                     SS.)
COUNTY OF BROWARD  )


I, _MARLEN BACERIO_____, a Notary Public for said County and State, do hereby certify that Beatriz Eguaras personally appeared before me this day and stated that she is Vice President and Secretary of CARGO TRANSPORTATION INC., Florida corporation, and that by authority duly given and as the act of the corporation, the foregoing instrument was signed in its name by its president, sealed with its corporate seal and attested by himself/herself as its Secretary.

Witness my hand and official seal, this _____ day of _____, ~~2002.~~ 2000

_(signature)_
Notary Republic

My commission expires _11/18/05_

                                    MARLEN BACERIO
                           Notary Public - State of Florida
                           My Commission Expires Nov 18, 2005
                           Commission # DD085010
                           Bonded By National Notary Assn.

Second Party: ANNA GRACE MAMONE.

BY: _____
    ANNA GRACE MAMONE

ATTEST:

BY: _____
Name: _JASON O. SININSKY_

STATE OF FLORIDA        )
                        SS.)
COUNTY OF BROWARD       )

I, _JASON O SININSKY_, a Notary Public for said County and State, do hereby certify that ANNA GRACE MAMONE personally appeared before me this day who, being by me first duly sworn, deposes and says that he has read the foregoing instrument and that it is true and correct to the best of his knowledge and belief.

Witness my hand and official seal, this _21_ day of _APRIL_, 2003.

Jason D. Sininsky
MY COMMISSION # DD183635 EXPIRES
February 12, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

_____
Notary Republic

My commission expires _02/07_

Page 7 of 7

## Cargo Transportation Services, Inc.

### Facsimile

**To:**   Grace

**Fm:**   B

**Re:**   Insurance Termination

Please know that your last coverage date with both the Health plan and Dental plan through CTS is 04/30/03.

Since you are no longer an employee of Cargo Transportation, and have declined Cobra coverage, termination of benefits will be effective 05/01/03 (your last coverage date will be 04/30/03).

Do not hesitate to contact me should you have any questions.

Kind Regards,

Beatriz

"E"

# CARGO TRANSPORTATION SERVICES, INC

November 24, 2003


Mrs. Anna Grace Mamone
1960 Augusta Terrace
Coral Springs, FL 33071


**Re:     *Mid Month Commissions***
**       *$2500.00***


Grace,

David Bell asked me to inform you that effective immediately we can no longer send you
the mid month $2500.00 commission due to loss in business over the last few months.

You will be receiving the $6450.00 commissions and the $2595.00 payment for the
Credit Cards. There is a possibility we may have to reduce the amount of commissions
sent to you if business does not turn around favorably and soon.

Please know that these decisions come from David Bell and if you were to have any
questions or comments you would need to address them with him directly. No one here
at CTS can decide otherwise.

Thank you for your understanding.

Sincerely,

*Beatriz Figuaras*


Remittance to David Bell:


*FCI-Miami*
*David Bell, 27545-004*
*P.O. Box 779800*
*Miami, FL 33177*





**I N T E R**

# MEMO

**O   F   F   I   C   E**

**To:**        **FILE**
**From:**      **RLR**
**Subject**   **GRACE MAMONE/CARGO TRANSPORTATION**
**Date:**      **January 16, 2004**

*************************************************************************************

*************************************************************************************

Grace has been informed by individuals at Cargo Transportation that she shall

no longer be receiving monies pursuant to the contract of stock sale.  She has been

referred to another attorney to initiate suit for all causes of action relative thereto.

1349R-00001 369598 1

"G"



# THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA



Dr. Joe Melita, Executive Director
Professional Standards & Special Investigative Unit
Tel (754)321-0735 • FAX (754)321-0736

Special Investigative Unit
Tel (754)321-0725 • FAX (754)321-0930

**SCHOOL BOARD**

Chair    CAROLE L. ANDREWS
Vice Chair    STEPHANIE ARMA KRAFT, ESQ
JUDIE S. BUDNICK
DARLA L. CARTER
BEVERLY A GALLAGHER
ROBERT D PARKS, Ed D
MARTY RUBINSTEIN
LOIS WEXLER
BENJAMIN J WILLIAMS

DR. FRANK TILL
*Superintendent of Schools*

## HAND DELIVERED

January 21, 2004

Grace Mamone
1960 Augusta Terrace
Coral Springs, FL 33071

Dear Ms. Mamone:

This letter is to inform you that you are hereby placed on administrative leave, with pay, pending the outcome of a personnel investigation. This leave status is to be effective immediately upon receipt of this correspondence. You are to report to Maria Radinson, Instructional Materials, 3901 Northwest 10th Avenue, Oakland Park, Florida, telephone (954) 928-0261 on Friday, January 23, 2004 at 8:00 a.m. At that time you will be assigned a specific responsibility.

You are not to return to Park Trails Elementary School unless so directed by me. Formal contact with the Broward County School Board regarding your employment status should be conducted through me. I can be reached at (754) 321-0735.

Sincerely,

Joe Melita, Executive Director
Professional Standards & Special Investigative Unit

JM:rg

c:    Joanne W. Harrison, Ed.D., North Area Superintendent
      Noninstructional Staffing/Wage & Salary
      Francine Renguso, Principal, Park Trails Elementary School
      Charles Rawls, Supervisor, Professional Standards & Special Investigative Unit
      Maria Radinson, Textbook Analyst, Instructional Materials

*Transforming Education  One Student At A Time*
*Broward County Public Schools Is An Equal Opportunity/Equal Access Employer*



## PRESENT INCOME BREAKDOWN

|  |  | Westchester Elementary School |
|---|---|---|
| Net Income per month |  | $277.51 |
| Net Income per year |  | $11,768.06 |
| Est. Taxes per month |  | $30.00 |
| Est. Taxes per year |  | $360.00 |
| Usable Income per year |  | $11,408.00 |
| Usable Income per month |  | $950.00 |
| Total past income |  |  |

"I-1"

**JAY FOX**
CERTIFIED PUBLIC ACCOUNTANT

**VIA FAX**
**954/753-1967**

4315 AUSTIN BOULEVARD
ISLAND PARK, NEW YORK 11558
TELEPHONE (516) 897-4444
June 4, 2003    FACSIMILE (516) 897-4460

Mrs. Grace Mamone
1960 Augusta Terrace
Coral Springs, FL 33071

Dear Grace:

You recently asked me to give to you in writing the tax consequences, in percentages and dollars, of you receiving monthly commissions of $6,450 plus $2,000 of additional earned income (excluding $500 monthly reimbursement for health insurance) for a grand total of $8,450 monthly, or $101,400 annually.

Since the monthly amount you will be receiving is exclusive of any taxes withheld and is, by it's nature, nonemployee compensation, the tax effect is two fold. First of all, you are responsible for self-employment tax on the $101,400, which for 2003 is 12.40% on the first $87,000 and 2.90% of the total amount resulting in a self-employment tax of approximately $14,000. The amount of self-employment tax calculated above is based on net self-employment earnings. If you have any expenses related to these earnings, the rates discussed above would be applied against the net of the $101,400 and the related expenses in which case your self-employment tax would be reduced. However, for the purpose of this letter, we are assuming no expenses.

In addition to the self-employment tax, you are responsible for income taxes on the $101,400 as well. For 2003, exclusive of any itemized deductions or personal exemptions, the projected income tax on the $101,400, using pre tax law change rate tables, is approximately $26,000.

Therefore Grace, based on the above assumptions and calculations, we project a 2003 gross tax liability of approximately $40,000 relating to the $101,400 that you anticipate to receive in 2003. Should you have any questions regarding this letter, feel free to contact me.

Sincerely,

Jay Fox

/jjk

*Sworn to me on this 4th day of June, 2003.*

Notary Public

" I-2 "

S2032A

## THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| | | | | | | |
|---|---|---|---|---|---|---|
| NAME...... MAHONE,GRACE ANN | | PERS. NO..... 00051343 | | PERIOD FROM..... 02/21/2003 | | |
| SSN....... 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 | | CHECK DATE.... 03/14/2003 | | PERIOD THRU..... 03/07/2003 | | |
| LOCATION.. NON-INSTRUCTIONAL-TEMP | | TAX STATUS.... Married | | EXEMPTIONS..... 05 | | |
| POSITION.. TEMPORARY TEACHER AIDE | | GROUP..... NONUNION | | LEVEL..... 00 | | |

| | | | GROSS INCOME | TXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|---|
| CONTRACT EARNED... | 0.00 | | | | | | |
| CONTRACT PAID..... | 0.00 | CURRENT | 267.74 | 247.66 | 3.88 | 20.08 | 243.78 |
| ANNUAL SALARY..... | 0.00 | CAL YTD | 621.46 | 575.04 | 9.01 | 46.62 | 566.03 |

### CURRENT PERIOD EARNINGS SUMMARY

| DESCRIPTION | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| Overtime  Straight | 80035432 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.25 | 25.71 |
| Overtime  Straight | 80052423 | 4.25 | 25.71 |
| Overtime  Straight | 80052423 | 4.25 | 25.71 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
|  |  |  |  |
| TOTAL GROSS EARNINGS | | | 267.74 |

### DEDUCTIONS SUMMARY

| PRE-TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec | 20.08 | 46.62 |
| PRE-TAX TOTAL | 20.08 | 46.62 |

### LEAVE SUMMARY IN HOURS

| | PERIOD USED | YTD USED | BALANCE |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| SICK | 0.00 | 0.00 | 0.00 |
| SPR | 0.00 | 0.00 | * Included in Sick Balance |

### TAX DEDUCTION SUMMARY

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| MEDICARE FICA | 3.88 | 9.01 |
| EMPLOYEE TAXES TOTAL | 3.88 | 9.01 |

REMOVE DOCUMENT ALONG THIS PERFORATION   Check No. 382185

## THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| | | | | | | |
|---|---|---|---|---|---|---|
| NAME...... MAHONE,GRACE ANN | | PERS. NO..... 00051343 | | PERIOD FROM..... 01/28/2003 | | |
| SSN....... 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 | | CHECK DATE.... 03/31/2003 | | PERIOD THRU..... 01/21/2003 | | |
| LOCATION.. NON INSTRUCTIONAL TEMP | | TAX STATUS.... Married | | EXEMPTIONS..... 05 | | |
| POSITION.. TEMPORARY TEACHER AIDE | | GROUP..... NONUNION | | LEVEL..... 00 | | |

| | | | GROSS INCOME | TXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|---|
| CONTRACT EARNED | 0.00 | | | | | | |
| CONTRACT PAID | 0.00 | CURRENT | 814.53 | 771.78 | 12.13 | 42.75 | 741.65 |
| ANNUAL SALARY | 0.00 | CAL YTD | 1,448.19 | 1,348.82 | 21.14 | 109.37 | 1,321.68 |

### CURRENT PERIOD EARNINGS SUMMARY

| DESCRIPTION | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| Differences from pre | | | 390.27 |
| Hourly Pay  1509 | 80035432 | 3.50 | 22.69 |
| Hourly Pay  1509 | 80035432 | 2.50 | 22.69 |
| Hourly Pay  1509 | 80035432 | 3.50 | 45.38 |
| Hourly Pay  1509 | 80035432 | 3.50 | 22.69 |
| Hourly Pay  1509 | 80035432 | 3.50 | 22.69 |
| Hourly Pay  1509 | 80035432 | 3.50 | 22.69 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80052423 | 4.50 | 27.23 |
| Overtime  Straight | 80035432 | 3.50 | 27.23 |
|  |  |  |  |
| TOTAL GROSS EARNINGS | | | 814.53 |

### DEDUCTIONS SUMMARY

| PRE-TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec | 42.75 | 109.37 |
| PRE-TAX TOTAL | 42.75 | 109.37 |

### LEAVE SUMMARY IN HOURS

| | PERIOD USED | YTD USED | BALANCE |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| SICK | 0.00 | 0.00 | 0.00 |
| SPR | 0.00 | 0.00 | * Included in Sick Balance |

### TAX DEDUCTION SUMMARY

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| MEDICARE FICA | 12.13 | 21.14 |
| EMPLOYEE TAXES TOTAL | 12.13 | 21.14 |

I-3

## THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| | | |
|---|---|---|
| MAMONE,GRACE ANN | PERS. NO.... 00051343 | PERIOD FROM.... 02/07/2003 |
| 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 | CHECK DATE... 02/28/2003 | PERIOD THRU.... 02/20/2003 |
| NON-INSTRUCTIONAL-TEMP | TAX STATUS... Married | EXEMPTIONS.... 05 |
| TEMPORARY TEACHER AIDE | GROUP........ NONUNION | LEVEL........ 00 |

| | | | GROSS INCOME | TXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|---|
| EARNED... | 0.00 | | 353.92 | 327.38 | 5.13 | 26.54 | 322.25 |
| PAID..... | 0.00 | CURRENT | | | | | |
| ARY..... | 0.00 | CAL YTD | 353.92 | 327.38 | 5.13 | 26.54 | 322.25 |

### CURRENT PERIOD EARNINGS SUMMARY

| | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| from pre | | | 137.64 |
| Straight | 80052423 | 4.25 | 25.71 |
| Straight | 80052423 | 4.00 | 24.20 |
| Straight | 80052423 | 4.25 | 25.71 |
| Straight | 80052423 | 4.50 | 27.23 |
| Straight | 80052423 | 5.00 | 30.25 |
| Straight | 80052423 | 5.25 | 31.76 |
| Straight | 80052423 | 4.25 | 25.71 |
| Straight | 80052423 | 4.25 | 25.71 |
| R EARNINGS | | | 353.92 |

### DEDUCTIONS SUMMARY

| PRE-TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec | 26.54 | 26.54 |
| PRE-TAX TOTAL | 26.54 | 26.54 |

### LEAVE SUMMARY IN HOURS

| | PERIOD USED | FTD USED | BALANCE |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| SICK | 0.00 | 0.00 | 0.00 |
| BPR | 0.00 | 0.00 | * Included in Sick Balance |

### TAX DEDUCTION SUMMARY

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| MEDICARE FICA | 5.13 | 5.13 |
| EMPLOYEE TAXES TOTAL | 5.13 | 5.13 |

— REMOVE DOCUMENT ALONG THIS PERFORATION —   Check No. 372869

## THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| | | |
|---|---|---|
| NAME ... MAMONE,GRACE ANN | PERS. NO. 00051343 | PERIOD FROM 01/22/2003 |
| SSN ... 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 | CHECK DATE. 01/15/2003 | PERIOD THRU 01/01/2003 |
| LOCATION WESTCHESTER ELEMENTARY | TAX STATUS.. Married | EXEMPTIONS 05 |
| POSITION TCH AIDE UNIQUE 196 DAYS | GROUP GRADE 10 | LEVEL 00 |

| | | | GROSS INCOME | TXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|---|
| CONTRACT EARNED.. | 240.16 | | 356.92 | 320.15 | 57.91 | 56.77 | 242.24 |
| CONTRACT PAID... | 426.95 | CURRENT | | | | | 1,929.92 |
| ANNUAL SALARY | 11,768.06 | CAL YTD | 2,715.11 | 2,044.97 | 79.05 | 144.14 | |

### CURRENT PERIOD EARNINGS SUMMARY

| DESCRIPTION | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| Cafeteria Fringe | | | 6.25 |
| EQ. Adjustment | | | 63.10 |
| EQ. Period pay amoun | | | 690.33 |
| Hourly Pay - 1%0% | 80015413 | 2.00 | 18.15 |
| Hourly Pay - 1%0% | 80015412 | 2.00 | 18.15 |
| Hourly Pay - 1%0% | 80015412 | 2.00 | 18.15 |
| Hourly Pay - 1%0% | 80015412 | 2.00 | 18.15 |
| Overtime Straight | 80052423 | 4.50 | 27.23 |
| Overtime Straight | 80052423 | 4.50 | 27.23 |
| Overtime Straight | 80052423 | 4.50 | 27.23 |
| Overtime Straight | 80052423 | 4.50 | 27.23 |
| Overtime Straight | 80052423 | 4.50 | 27.23 |
| Overtime Straight | 80015412 | 2.50 | 15.13 |
| Overtime Straight | 80015412 | 2.50 | 15.13 |
| Overtime Straight | 80015412 | 7.00 | 42.35 |
| Overtime Straight | 80015412 | 2.50 | 15.13 |
| TOTAL GROSS EARNINGS | | | 356.92 |

### DEDUCTIONS SUMMARY

| PRE TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec | 56.77 | 144.14 |
| PRE TAX TOTAL | 56.77 | 144.14 |

### LEAVE SUMMARY IN HOURS

| | PERIOD USED | FTD USED | BALANCE |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| SICK | 0.00 | 0.00 | 0.00 |
| BPR | 0.00 | 0.00 | * Included in Sick Balance |

### TAX DEDUCTION SUMMARY

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| FICA | 44.91 | 44.91 |
| MEDICARE FICA | 13.90 | 13.92 |
| EMPLOYEE TAXES TOTAL | 57.91 | 79.05 |

# THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| | | |
|---|---|---|
| NAME........ MAMONE,GRACE ANN | PERS. NO...... 00051343 | PERIOD FROM |
| SSN..... 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 | CHECK DATE..... 05/09/2003 | PERIOD THRU.... 04/08/2003 |
| LOCATION.... WESTCHESTER ELEMENTARY | TAX STATUS..... Married | EXEMPTIONS.. 04/09/2003 |
| POSITION.... TCH AIDE-UNIQUE 196 DAYS | GROUP........ GRADE 10 | LEVEL...... 05 |
| | | 00 |

| | GROSS INCOME | TXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| CONTRACT EARNED... =360.24 | | | 21.22 | 20.81 | 235.48 |
| CONTRACT PAID..... =343.76 | CURRENT | 277.51 | 256.70 | 60.27 | 186.95 | 2,205.40 |
| ANNUAL SALARY..... 15768.26 | CAL YTD | 2,892.62 | 2,305.67 | | | |

### CURRENT PERIOD EARNINGS SUMMARY

| DESCRIPTION | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| Cafeteria Fringe | | | 6.25 |
| EQ: Adjustment | | | 273.52- |
| EQ: Period pay amoun | | | 490.33 |
| Differences from pre | | | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| | | | |
| TOTAL GROSS EARNINGS | | | 277.51 |

### DEDUCTIONS SUMMARY

| PRE-TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec | 20.81 | 186.95 |
| PRE-TAX TOTAL | 20.81 | 186.95 |

### LEAVE SUMMARY IN HOURS

| | PERIOD USED | YTD USED | BALANCE |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| SICK | 0.00 | 0.00 | 0.00 |
| PPR | 0.00 | 0.00 | * Included in Sick Balance |

### TAX DEDUCTION SUMMARY

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| FICA - FICA | 17.20 | 84.13 |
| MEDICARE FICA | 4.02 | 16.14 |
| EMPLOYEE TAXES TOTAL | 21.22 | 100.27 |

**REMOVE DOCUMENT ALONG THIS PERFORATION  Check No. 413252**

## THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| | | |
|---|---|---|
| NAME........ MAMONE,GRACE ANN | PERS. NO.... 00051341 | PERIOD FROM.... 04/10/2003 |
| SSN......... 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 | CHECK DATE.... 05/23/2003 | PERIOD THRU.... 04/30/2003 |
| LOCATION.... WESTCHESTER ELEMENTARY | TAX STATUS.... Married | EXEMPTIONS.... 05 |
| POSITION.... TCH AIDE-UNIQUE 196 DAYS | GROUP........ GRADE 10 | LEVEL........ 00 |

| | | GROSS INCOME | TAXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|
| CONTRACT EARNED... 900.61 | | 368.26 | 445.86 | 28.18 | 77.58- | 417.68 |
| CONTRACT PAID.... 860.59 | CURRENT | | | | | |
| ANNUAL SALARY.... 11,768.06 | CAL YTD | 2,860.90 | 2,751.53 | 128.45 | 109.37 | 2,623.08 |

### CURRENT PERIOD EARNINGS SUMMARY

| DESCRIPTION | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| Cafeteria Fringe | | | 6.25 |
| EQ: Adjustment | | | 271.51- |
| EQ: Period pay amoun | | | 490.34 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |

TOTAL GROSS EARNINGS                                        565.19

### DEDUCTIONS SUMMARY

| PRE-TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec | 77.58- | 109.37 |
| PRE-TAX TOTAL | 77.58- | 109.37 |

### TAX DEDUCTION SUMMARY

| | PERIOD USED | YTD USED | BALANCE |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| SICK | 0.00 | 0.00 | 0.00 |
| BPR | 0.00 | 0.00 | * Included in Sick Balance |

**LEAVE SUMMARY IN HOURS**

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| FICA | 22.84 | 86.97 |
| MEDICARE FICA | 5.34 | 41.48 |
| EMPLOYEE TAXES TOTAL | 28.18 | 128.45 |

---

## THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| | | |
|---|---|---|
| NAME........ MAMONE,GRACE ANN | PERS. NO.... 00051341 | PERIOD FROM.... 05/13/2003 |
| SSN......... 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 | CHECK DATE.... 06/11/2003 | PERIOD THRU.... 05/22/2003 |
| LOCATION.... WESTCHESTER ELEMENTARY | TAX STATUS.... Married | EXEMPTIONS.... 05 |
| POSITION.... TCH AIDE UNIQUE 196 DAYS | GROUP........ GRADE 10 | LEVEL........ 00 |

| | | GROSS INCOME | TAXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|
| CONTRACT EARNED 1,841.27 | | 441.79 | 441.79 | 49.09 | 0.00 | 592.70 |
| CONTRACT PAID.. 1,841.27 | CURRENT | | | | | |
| ANNUAL SALARY.... 11,768.06 | CAL YTD | 4,126.33 | 4,016.96 | 225.25 | 109.37 | 3,791.71 |

### CURRENT PERIOD EARNINGS SUMMARY

| DESCRIPTION | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| Cafeteria Fringe | | | 6.25 |
| EQ: Period pay amoun | | | 490.34 |
| Hourly Pay - 150% | 80034432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80034432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80034432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80034432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80034432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80034432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80034432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80034432 | 2.00 | 18.15 |

TOTAL GROSS EARNINGS                                        441.79

### DEDUCTIONS SUMMARY

| PRE-TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec | | 109.37 |
| PRE-TAX TOTAL | | 109.37 |

### TAX DEDUCTION SUMMARY

| | PERIOD USED | YTD USED | BALANCE |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| SICK | 0.00 | 0.00 | 36.00 |
| BPR | 0.00 | 0.00 | * Included in Sick Balance |

**LEAVE SUMMARY IN HOURS**

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| FICA | 39.75 | 165.43 |
| MEDICARE FICA | 9.30 | 55.65 |
| EMPLOYEE TAXES TOTAL | 49.09 | 433.63 |

## THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| NAME...... MAMINE,GRACE ANN | PERS. NO.... 00051343 | PERIOD .... 05/23/2003 |
|---|---|---|
| SSN....... 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 | CHECK DATE.... 06/12/2003 | PERIOD 1 .... 06/03/2003 |
| LOCATION.... WESTCHESTER ELEMENTARY | TAX STATUS.. Married | EXEMPTIONS .. 05 |
| POSITION.... TCH AIDE·UNIQUE 196 DAYS | GROUP...... GRADE 10 | LEVEL...... 00 |

|  |  | GROSS INCOME | TXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|
| CONTRACT EARNED... 2,341.60 |  |  |  |  | 0.00 | 542.40 |
| CONTRACT PAID..... 2,331.61 | CURRENT | 587.34 | 587.34 | 44.94 |  | 542.40 |
| ANNUAL SALARY.... 11,768.06 | CAL YTD | 4,713.67 | 4,604.30 | 270.19 | 109.37 | 4,334.11 |

### CURRENT PERIOD EARNINGS SUMMARY

| DESCRIPTION | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| Cafeteria Fringe |  |  | 6.25 |
| EQ: Period pay amoun |  |  | 490.34 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| TOTAL GROSS EARNINGS |  |  | 587.34 |

### DEDUCTIONS SUMMARY

| PRE-TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec |  | 109.37 |
| PRE-TAX TOTAL |  | 109.37 |

### LEAVE SUMMARY IN HOURS

|  | USED | USED | BALANCES |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| #SICK | 0.00 | 0.00 | 30.00 |
| #PR | 0.00 | 0.00 | * Included in Sick Balance |

### TAX DEDUCTION SUMMARY

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| FICA | 36.42 | 201.84 |
| MEDICARE FICA | 8.52 | 68.35 |
| EMPLOYEE TAXES TOTAL | 44.94 | 270.19 |

—— REMOVE DOCUMENT ALONG THIS PERFORATION ——   Check No. 443472

## THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA

| NAME...... MAMINE,GRACE ANN | PERS. NO.... 00051343 | PERIOD FROM... 06/04/2003 |
|---|---|---|
| SSN....... 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 | CHECK DATE.... 06/12/2003 | PERIOD THRU... 06/16/2003 |
| LOCATION.... WESTCHESTER ELEMENTARY | TAX STATUS.. Married | EXEMPTIONS .. 05 |
| POSITION.... TCH AIDE·UNIQUE 196 DAYS | GROUP...... GRADE 10 | LEVEL...... 00 |

|  |  | GROSS INCOME | TXBL INCOME | TAXES | DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|---|
| CONTRACT EARNED... 2,021.93 |  |  |  |  |  |  |
| CONTRACT PAID..... 2,021.93 | CURRENT | 609.47 | 609.47 | 44.32 | 0.00 | 559.15 |
| ANNUAL SALARY.... 11,768.06 | CAL YTD | 4,319.14 | 5,209 YTD | 314.51 | 109.37 | 4,891.26 |

### CURRENT PERIOD EARNINGS SUMMARY

| DESCRIPTION | POSITION | HOURS | AMOUNT |
|---|---|---|---|
| Cafeteria Fringe |  |  | 6.25 |
| EQ: Period pay amoun |  |  | 490.34 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| Hourly Pay - 150% | 80035432 | 2.00 | 18.15 |
| TOTAL GROSS EARNINGS |  |  | 609.47 |

### DEDUCTIONS SUMMARY

| PRE-TAX DEDUCTIONS | CURRENT | YTD |
|---|---|---|
| Alternate Social Sec |  | 109.37 |
| PRE-TAX TOTAL |  | 109.37 |

### LEAVE SUMMARY IN HOURS

|  | USED | USED | BALANCE |
|---|---|---|---|
| VACATION | 0.00 | 0.00 | 0.00 |
| SICK | 0.00 | 0.00 | 30.00 |
| PR | 0.00 | 0.00 | * Included in Sick Balance |

### TAX DEDUCTION SUMMARY

| TAXES | CURRENT | CAL YTD |
|---|---|---|
| FICA | 37.54 | 239.38 |
| MEDICARE FICA | 8.78 | 77.13 |
| EMPLOYEE TAXES TOTAL | 44.32 | 314.51 |

IN THE CIRCUIT COURT IN THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

IN RE: THE MARRIAGE OF:

ANNA GRACE MAMONE

Petitioner/_____,

CASE NO:  00-6309-CR-PAS
JUDGE: SEITZ

vs.

_____

Respondent/_____,

_____ ____ _____/

FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)

STATE OF     . _____
COUNTY OF_____ _____

BEFORE ME, this day personally appeared _____ _____. who
being duly sworn, deposes and says that the following information is true and correct according
to his/her best knowledge and belief.

EMPLOYMENT AND INCOME

| | |
|---|---|
| OCCUPATION: | HOUSEWIFE |
| ADDRESS: | 1960 AUGUSTA TERR CORAL SPRINGS, FL |
| SOC. SEC. # | 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 |
| DATE OF BIRTH: | 8/6/60 |
| PAY PERIOD: | JULY 2003 |
| RATE OF PAY: | |

If you are employed, but expecting soon to become unemployed or change jobs, describe the
change you expect and why and how it will affect your income. If currently unemployed, describe
your efforts to find employment, how soon you expect to be employed, and the pay you expect
to receive.
WORK FOR WESTCHESTER ELIMENTARY SCHOOL, WAS LAID OFF
WHEN SCHOOL ENDED IN JUNE 2003 WILL HAVE TO REAPPLY
FOR SCHOOL POSITION AS AIDE WHEN SCHOOL REOPENS IN
AUGUST DEPENDING ON THE BUDJET.  INCOME WAS APPROXIMATELY
$1000.00 A MONTH.

PERS-MLC 308259.1

"I-4"

EXCEPT IN PROCEEDINGS FOR ADOPTION, SIMPLIFIED DISSOLUTION OF MARRIAGE, ENFORCEMENT, CONTEMPT, AND INJUNCTIONS FOR DOMESTIC OR REPEAT VIOLENCE, ALL OF THE FOLLOWING MUST BE ATTACHED TO THE COPY OF THIS FINANCIAL AFFIDAVIT SERVED ON THE OPPOSING PARTY. THE ATTACHMENTS SHALL NOT BE FILED WITH THE COURT: Your 3 most recent pay stubs, your most recent Federal tax return, and the most recent W-2 forms. If last year's Federal income tax return has not yet been filed, attach W-2s, 1099s, K-1s, and any other document to be attached to your tax return. If the attachments are not made to the copy served on the opposing party, an explanation is required, UNLESS THE PARTIES HAVE AGREED THAT THEY WILL NOT GIVE EACH OTHER THESE DOCUMENTS. See also Florida Family Law Rule of Procedure 12.285.

SEE APPENDIX A

[ ✓ one only] _____ YES OR_____ NO. WE HAVE AGREED TO WAIVE THE REQUIREMENTS OF FLORIDA FAMILY LAW RULE OF PROCEDURE 12.285.

| LAST YEAR'S INCOME | Yours | Other Party's (if known) |
|---|---|---|
| 1. Gross earned income last calendar year (2002) | $ 116,151 | $ |
| 2. All other income (same year) | $ | $ |
| 3. Total income taxes paid on above income (incl Fed., FICA) | $ 19,501 | $ |
| 4. Net income | $ 96,650 | $ |

AVERAGE GROSS MONTHLY INCOME FROM EMPLOYMENT

See Appendix 3 for how to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under "other" should be listed separately with separate dollar amounts.

PERS-MLC 360759 1

| | |
|---|---|
| Present gross income from employment | $ |
| Bonuses, commissions, allowances, overtime, tips, and similar payment | 8450 |
| Business income from sources such as self-employment, partnership, close corporations, and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income) | |
| Disability benefits | |
| Workers' Compensation | |
| Unemployment Compensation | |
| Pension, retirement, or annuity payments | |
| Social Security benefits | |
| Spousal support received from previous marriage | |
| Interest and dividends | |
| Rental income (gross receipts minus ordinary and necessary expenses required to produce income) | |
| Income from royalties, trust, or estates | |
| Reimbursed expenses and in kind payments to the extent that they reduce personal living expenses | 500 2595 |
| Gains derived from dealing in property (not including nonrecurring gains) | |
| Itemize any other income of a recurring nature | |
| **TOTAL MONTHLY INCOME** | **$ 11,495** |

LESS MONTHLY DEDUCTIONS

See Appendix for how to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under "other" should be listed separately with separate dollar amounts.

| | | |
|---|---|---|
| ** | Federal, state, and local income taxes (corrected for filing status and actual number of withholding allowances)SEE ATTACHED | EST. 26,000 ANNUAL |
| ** | FICA or self-employment tax (annualized)SEE ATTACHED | EST. 14,000 ANNUAL |
| | Mandatory union dues | |
| | Mandatory retirement | |
| | Health insurance payments | 500.00 |
| | Court ordered support payments for the children actually paid | |
| | BUSINESS CREDIT CARDS | 2595.00 |
| | TOTAL DEDUCTIONS | ESTIMATED $ 6428.33 |
| | | |
| | TOTAL NET INCOME | ESTIMATED $ 5066.67 |

** SEE ACCOUNTANT LETTER APPENDIX A

PERS-MLC 3082591

## AVERAGE MONTHLY EXPENSES

HOUSEHOLD:
Barber/beauty parlor
Cosmetics/toiletries
Mtg. or rent payments  INCL. TAXES   INS. & EQUITY LINE AND  GARBAGE REMOVAL
3541.60
Gifts for special holidays
Property taxes & insurance

Other expenses:   SEE ATTACHED MONTHLY EXPENSE

Electricity                                       $ 658.84
Water, garbage, & sewer    55.80          $
Telephone                  149.45    INSURANCES:
Fuel oil or natural gas
Repairs and maintenance              Health        EST 500.00
Lawn and pool care          30.00    Life              51.27
Pest control                21.00    Other insurance
Misc. household

Food and household items   800.00
Meals outside home

Other:

AUTOMOBILE:                          OTHER EXPENSES NOT LISTED ABOVE:
Gasoline and oil     $    200.00     SEE ATTACHED MONTHLY EXPENSES
Repairs                              Dry cleaning and laundry
Auto tags and license       92.40    Affiant's clothing
Insurance                  316.95    Affiant's medical,
                                     dental, prescriptions

Other:  SEE ATTACHED MONTHLY EXPENSES

Affiant's grooming

Affiant's gifts
Pets:

CHILDREN'S EXPENSES:                 Membership dues
SEE ATTACHED MONTHLY EXPENSES        Professional dues
Nursery or babysitting      20.00
                                     Social dues
School tuition                       Entertainment

PERS-MLC 366250 1

| | | | |
|---|---|---|---|
| School supplies | _____ | Vacations | |
| Lunch money | _____ | Publications | _____ |
| Allowance | _____ | Religious organizations | _____ |
| Clothing | _____ | Charities | _____ |
| Medical, dental, prescriptions | _____ | Bank charges/ credit card fees | _____ |
| Vitamins | _____ | Miscellaneous | _____ |

OTHER EXPENSES:

_____    _____

_____    _____

TOTAL ABOVE EXPENSES  $_____

PAYMENTS TO CREDITORS PERSONAL CREDIT CARDS SEE ATTACHED

| TO WHOM: | BALANCE DUE | MONTHLY PAYMENTS: |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

TOTAL MONTHLY PAYMENTS TO CREDITORS:          $ 435.00

TOTAL MONTHLY EXPENSES:                        $ _____

ASSETS (OWNERSHIP: IF MARITAL, PUT ONE-HALF OF THE TOTAL VALUE UNDER PETITIONER AND ONE-HALF UNDER RESPONDENT NO MATTER WHOSE NAME THE ITEM IS IN. See Appendix sheet 2 for definition of "marital and nonmarital" assets and obligations.)

| Description | Value | Petitioner | Respondent |
|---|---|---|---|

PERS-MLC 366269 1

Cash on hand _____ _____ _____
Cash in banks _____ _____ _____
Stocks/bonds _____ _____ _____
Notes _____ _____ _____

Real estate:  SEE ATTACHED APPENDIX C
Home: _____ _____ _____

1960 AUGUSTA TERR _____ _____ _____
CORAL SPRINGS _____ _____ _____

Automobiles:
FORD EXPLORER _____ _____ _____
FORD EXPLORER _____ _____ _____

Other personal property:
Contents of home 15,000 EST. _____
Jewelry WEDDING RING 4,000 EST. _____
  SMALL ITEMS
Life ins./cash
surrender value _____ _____ _____
Other assets:
_____ _____ _____ _____
_____ _____ _____ _____
_____ _____ _____ _____

TOTAL ASSETS:    $_____    $_____    $_____

LIABILITIES  CREDIT CARDS,MORTGAGE,EQUITY LINE, TWO CAR PAYMENTS
JUDGEMENT TRANSPORT CLEARENCE AND RICHARD ROSEN

| Creditor | Security | Balance | Husband | Wife |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

TOTAL:   $_____   $_____   $_____   $_____

NET WORTH

Total Assets                                    $_____

PERS-MLC 506259.1

**Less:** Total Liabilities (excluding contingent liabilities)*    $ _____

**Net Worth**    $ _____

*If there is a claim for contingent liabilities, it should be set forth in a separate schedule attached

I AM AWARE THAT ANY MATERIALLY FALSE STATEMENT KNOWINGLY MADE WITH THE INTENT TO DEFRAUD OR MISLEAD SHALL SUBJECT ME TO THE PENALTY FOR PERJURY AND MAY BE CONSIDERED A FRAUD UPON THE COURT.

I CERTIFY THAT THE FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM) WAS:
( ✓ check one only) _____ mailed, _____ telefaxed and mailed, or _____ hand delivered to the person(s) listed below on *(date)* _____ ,200____.

Party or their attorney if represented                    Other

Name_____    Name_____

Address_____    Address_____

| City | State | Zip | City | State | Zip |
|------|-------|-----|------|-------|-----|

Telephone No._____    Telephone No._____

Telefax No_____    Telefax No_____

DATED:_____

_____
Signature of party signing certificate and affidavit
Printed name_____
c/o Richard L. Rosenbaum, Esq.
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301
(954) 522-7007
(954) 52-7003 (fax)
Fla. Bar No. 394688

STATE OF FLORIDA
COUNTY OF *(name)*_____

Sworn to (or affirmed) and subscribed before me on *(date)*_____,
200____ by *(name)* _____

_____
NOTARY PUBLIC—STATE OF FLORIDA

_____
[Print, type, or stamp commissioned name of notary]

[ ✓ one only]

_____ Personally known    _____ Produced identification
Type of identification produced_____

PER3-MLC 364259.1

## Total amount owed

| Recipient | Amount Owed | Description |
|---|---|---|
| Wells Fargo Mortgage | $352,589.05 | Primary Mortgage |
| Home Equity Access LCA | $145,578.24 | Second Mortgage |
| Citi Platinum Select Card | $9,808.71 | Credit Card |
| Sears Gold Mastercard | $2,326.07 | Credit Card |
| Discover Platinum Card | $7,326.17 | Credit Card |
| JCPenney | $306.75 | Credit Card |
| American Express | $984.17 | Credit Card |
| BP Gas Station | $230.14 | Gas Card |
| WalMart | $227.52 | Credit |
| Sam's Club | $269.08 | Credit |
| BrandsMart | $1,923.93 | Credit |
| Direct Merchants Bank | $3,411.41 | Credit |
| Macy's | $208.79 | Credit |
| Burdines | $157.81 | Credit |
| City of Coral Springs | $319.50 | Fire Transport Services |
| Broward Adjustment Service | $1,562.86 | Coral Springs Med Ctr Adj. |
| Total Debt Owed | $527,230.20 | |

"J-1"

## Monthly Recurring Debts

| Recipient | Amount | Description |
| --- | --- | --- |
| Wells Fargo Mortgage | 2893.95 | Mortgage for Home |
| Home Equity Access LCA | 578.24 | Second Mortgage |
| Florida Kid Care | 20.00 | Child Insurance |
| Complete Pool Maintenance | 65.00 | Pool Service |
| Florida Pre-Paid | 51.25 | College Payments Tuition |
| Florida Pre-Paid | 33.27 | College Payments Dorm |
| State Farm Insurance | 48.78 | Insurance |
| Ford Motor Credit | 498.72 | Vehicle Payment |
| Ford Motor Credit | 475.64 | Vehicle Payment |
| BellSouth | ~100.00 | Telephone Service |
| Florida Power and Light | ~560.00 | Electric |
| State Farm Insurance | 368.73 | Insurance |
| Advanced Cable Comm | 63.14 | Cable Service |
| Monthly Recurring Debts | 5756.72 | |

"J-2"

## Recent Bills Paid

| Date | Cost | Amount Paid | Check # | Recipient |
|------|------|-------------|---------|-----------|
| 12/08/03 | $2,060.72 | $2,060.72 | 2239 | Internal Revenue Service |
| 11/26/03 | $2,893.95 | $2,892.95 | 2224 | Wells Fargo Home Mortgage |
| 12/20/03 | $587.24 | | | Home Equity Access LCA |
| 12/15/03 | $9,808.71 | $1,000.00 | | Citi Platinum Select Card |
| 8/28/03 | $20.00 | $20.00 | | Florida Kid Care |
| | $65.00 | | | Complete Pool Maintenance |
| 01/20/04 | $51.25 | | | Florida Pre-Paid College (Tuition) |
| 01/20 | $33.27 | | | Florida Pre-Paid College (Dorm) |
| 01/13/04 | $2,326.07 | | | Sears Gold MasterCard |
| 01/07/04 | $48.56 | | | State Farm Insurance |
| 12/27/03 | $498.72 | | | Ford Motor Credit |
| 12/29/03 | $475.64 | | | Ford Motor Credit |
| 11/25/03 | $160.63 | $160.63 | 2238 | Home Depot Credit Svcs |
| 12/24/03 | $7,328.17 | | | Discover Platinum Card |
| 12/18/03 | $81.68 | $81.68 | 2255 | Coral Springs Improv Dist. |
| 11/18/03 | $399.96 | $100.00 | | JCPenney |
| 11/23/03 | $230.14 | $60.00 | 0536 | BP Gas Station |
| 01/03/04 | $984.17 | | | American Express |
| 11/29/03 | $117.20 | $117.20 | 225? | Bellsouth |
| 12/17/03 | $306.75 | $25.00 | | JCPenney |
| 12/02/03 | $227.52 | $30.00 | 2242 | WalMart |
| 12/04/03 | $235.53 | $35.00 | 2241 | Sams Club |
| 11/21/03 | $269.08 | $69.00 | 2243 | Sams Club |
| 11/24/03 | $560.58 | $560.58 | 2245 | Florida Power and Light |
| 11/24/03 | $1,923.93 | $67.00 | 2344 | BrandsMart Credit |
| 12/24/03 | $369.73 | | | State Farm Insurance |

"J-3"

| | | | | |
|---|---|---|---|---|
| 12/13/03 | $126.28 | | | Advanced Cable Comm. |
| 12/17/03 | $2,082.72 | | | Wells Fargo Credit |
| 12/17/03 | $3,411.41 | | | Direct Merchants Bank |
| 12/13/03 | $208.79 | | | Macy's |
| 12/13/03 | $157.81 | | | Burdines |
| 9/16/03 | $319.50 | | | City of Coral Spring (Fire Transport) |
| 11/27/03 | $1,562.86 | | | Broward Adjustment Svcs |
| | $39,933.60 | | | Total Owed on recent bills |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

v.

JOHN MAMONE,

_____/

FILED by ___ D.C.

SEP - 3 2003

CLARENCE MADDOX
CLERK. U.S. DIST. CT.
S D. OF FLA. - MIAMI

## ORDER DENYING MOTION TO
## STAY RESTITUTION PAYMENTS

This matter came before the Court on Grace Mamone's Motion to Stay Restitution Payments Based Upon Inability to Pay. The Court has reviewed the Motion and the Government's Response. Mrs. Mamone has not shown any basis for the amendment of the order. In fact, it appears that she is using debt incurred subsequent to the restitution order to justify her failure to pay the ordered restitution. Furthermore, it appears that Mrs. Mamone has not turned over the jewelry she and her husband agreed to forfeit over ten months ago. Thus, it appears that Mrs. Mamone's failure to pay reflects her desire not to pay rather than an inability to pay. Additionally, Defendant was to pay fifty percent of his income earned through the Inmate Financial Responsibility Program, however, no monies have been paid to date. Therefore, it is

ORDERED that the Motion to Stay Restitution Payments is DENIED. Mrs. Mamone shall immediately bring current all outstanding restitution payments and continue making payments as ordered. If Mrs. Mamone fails to comply with this order, the Court will entertain a motion for appropriate sanctions.

DONE AND ORDERED in Miami, Florida this 2nd day of September, 2003.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Brian McCormick, AUSA
Diana Fernandez, AUSA
Richard Rosenbaum, Esq.

"K"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:    00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN MAMONE,

        Defendant.

_____/

## A F F I D A V I T

**STATE OF FLORIDA**

**COUNTY OF _____**

    BEFORE ME, the undersigned authority, personally appeared **WILLIAM J. CONE, JR., ESQUIRE,** and after first being duly sworn, deposes and says:

1.    The Affiant is William J. Cone, Jr., an attorney licensed to practice law in the State of Florida.

2.    The Affiant was Grace Mamone's prior counsel.

3.    Following the Restitution Hearing conducted on November 22, 2002 and November 26, 2002, Grace Mamone provided the Affiant with specified items of jewelry.

4.    The Affiant has safely retained all of the items of jewelry since that time.

5.    The Affiant has attempted to co-ordinate the Government's retrieval of the

"K-1"

jewelry, but to date, has had no success.

**FURTHER AFFIANT SAYETH NAUGHT.**

DATED this _____ day of _____, 2003.

_____
WILLIAM J. CONE, JR., ESQUIRE

_____
NOTARY PUBLIC

_____
PRINTED NOTARY NAME

Personally Known___ _____ or Produced Identification _____

Type of Identification Produced:_____

Bp-S148-055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Unit Team/Shawnee Unit | 09-06-03 |
| FROM: J.A.M. | REGISTER NO. 07803-062 |
| WORK ASSIGNMENT Orderly | UNIT Shawnee Unit |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back. if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I request for the Unit Team to provide me the following confirmation:

1. That on July, 2003, the Bureau of Prisons (the BOP) had me enter into
an agreement, that $100.00 dollars would be deducted from my inmate trust
funds every month thereafter and accredited towards the District Court's
Restitution Payment Order in my criminal case.

2. That from the date I entered into this agreement, that the BOP has
already deducted from my inmate trust funds, payments for the months of
August and September, 2003.

PLEASE NOTE: That the foregoing request for confirmation, is now required
by my family attorney to support my contentions, thru, motions pleadings,
and/or appeals, that I have been in compliance with my financial obligation
pursuant to the Restitution Payment Order.

DISPOSITION:

*See Attached*

Signature Staff Member                          Date  9-9-03

Record Copy - File, Copy - Inmate
This form may be replicated via WP

"K-2"

MNADL                     INMATE FINANCIAL RESPONSIBILITY          09-08-2003
PAGE 002 OF 002  *   DISPLAY INMT FINANCIAL OBLG ADJUSTMENTS  *      00:32:02

REGNO: 07803-062   OBLG NO: ALL   NO. ADJ TO VIEW: 15        FUNC: DSS
NAME.: JAM                          TYPE OBLG: RESTITUTION NON-FED VICTIM U
OBLG STATUS.: AGREED        OBLG BAL..: 4557238.00        OBLG NO: 2

| DATE ADDED | FCL | ADJ TYPE | ADJ REASON | ADJ AMT | DEP NO. | DETAIL |
|---|---|---|---|---|---|---|
| 09-04-2003 | MNA | PAYMENT | INSIDE PMT | 100.00 | | N |
| 08-06-2003 | MNA | PAYMENT | INSIDE PMT | 100.00 | 3111 | N |

G0005        TRANSACTION SUCCESSFULLY COMPLETED   CONTINUE PROCESSING IF DESIRED

" K-2(a) "

REGNO: 07803-062 LNAME: JAM                    OBLG NO: 2       FUNC: DIS
FIN DOC NO: 1    FRP ASGN: PART                        CAUSE OF ACTION: XRNF
TYPE OBLG.: RESTITUTION NON-FED VICTIM USDC
COJ/COJ OV: FFLS        DOCKET NO: 00-6309-CR-SEITZ     DATE IMPOSED.: 09-10-200
AMT IMP...: 4557438.00                                 WHEN PAYABLE.: IMMEDIATE
USAO NO...:                                            OBLG STATUS..: AGREED
FIXED PAYMENT AMT............:
CALCULATED EXPIRATION DATE...:              MANUAL EXPIRATION DATE:
U.S. DISTRICT COURT ADDRESS..:
   U.S. DISTRICT COURT
   301 N. MAIAMI AVE.
   FEDERAL COURTHOUSE SQUARE
   MIAMI FL 33128-7788
   COMM NO: AREA: 305 NO: 523-5050   EXT:
   FTS  NO: AREA:      NO:       EXT:       FAX NO: AREA: 305 NO: 523-5059
TOTPAY(-): 200.00        TOTREF(+): 0.00          TOTCOR(+): 0.00
OBLG BALANCE..: 4557238.00      DT LAST PAYMENT.: 09-04-2003
DT LAST REFUND:                 DT FINAL PAYMENT:
DT OBLG ADDED.: 07-09-2003      DT LAST UPDATED.: 09-04-2003   USERID: AUTODED

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRE

Case 0:00-cr-06309-PAS   Document 1504   Entered on FLSD Docket 01/29/2004   Page 483 of 048

```
REGNO......: 07803-062    LNAME: JAM                        FUNC: DIS
DECISION NO: 1     CONTRACT NO: 1                  DECISION TYPE: AGREED
AMOUNT.....: 100.00        PCT: 0    FREQ: MONTHLY    PAYMT ORIGIN: TRUST FUN
START CYCLE: 08-2003 ON OR AFTER          OBLG PAYMENT ORDER: POLICY
STOP DT....:                              REASON STOPPED....:
```

FIRST WITHDRAWAL EXPECTED: 08-2003

NUMBER OF PAYMENTS MADE: 2          CYCLE PERIOD OF MOST RECENT PAYMENT: 09-2003

THE FOLLOWING OBLIGATIONS ARE INCLUDED IN THE ABOVE DECISION:

```
( 2     ) (       ) (       ) (       ) (       ) (       ) (       ) (       )
(       ) (       ) (       ) (       ) (       ) (       ) (       ) (       )
(       ) (       ) (       ) (       ) (       ) (       ) (       ) (       )
(       ) (       ) (       ) (       ) (       ) (       ) (       ) (       )
```

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED