UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ(S)(S)/BROWN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN MAMONE,

        Defendant.
_____

NIGHT BOX FILED
FEB 17 2004
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

GOVERNMENT'S RESPONSE IN OPPOSITION TO
GRACE MAMONE'S MOTION TO VACATE AND/OR
ABATE RESTITUTION PAYMENTS AND
<u>INCORPORATED MEMORANDUM OF LAW</u>

    The United States of America, through its undersigned Assistant United States Attorneys, files this response in opposition to Grace **Mamone's** motion to vacate and/or abate restitution payments. For the reasons set forth below, the government opposes the request of Grace Mamone.

<u>Background</u>

    1. On December 19, 2001, the defendant pled guilty to Count One of the second superseding indictment, which charged him with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d), pursuant to a written plea agreement. On September 10, 2002, the defendant was sentenced to a term of incarceration of 115 months, after the Court granted the government's 5K motion.



2. As part of the written plea agreement, the defendant agreed to the entry of a forfeiture/restitution order, the exact amount to be determined by the Court.

3. On November 22 and 26, 2002, the Court held a restitution hearing, during which a financial affidavit was presented by Grace Mamone.[1]

4. The Court took into consideration Mrs. Mamone's financial situation when it imposed the restitution payment schedule. The written Order entered on December 2, 2002, provides that Mrs. Mamone shall pay $1,000 per month for the first six months from the monies that she receives from Cargo Transportation; for the following eighteen months, $2,000 a month was to be paid; and, $4,000 a month was to be paid thereafter.[2]

5. Although the Judgment of Restitution was entered on December 2, 2002, Mrs. Mamone did not begin to make payments until the end of January 2003. To date, a total of $18,400.00 has been provided to the Clerk's Office.[3]

---

[1] Even with explanations being given by Mrs. Mamone's attorney, the Court expressed its discomfort with the accuracy of Mrs. Mamone's financial statement at the time of the restitution hearing.

[2] The Judgment of Restitution also directed that Mrs. Mamone immediately turn over to the government a Lady's Presidential Rolex with diamond dial, a diamond and platinum ring, and diamond hoop earrings. This property is expected to be turned over to the government in the near future.

[3] $400.00 of that money has come from payments made by the defendant through the Inmate Financial Responsibility Program. The

6.  Grace Mamone was originally being paid the following monthly amounts from Cargo Transportation: $6,450 in commissions; $2,500 as a paycheck; and, $2,595 in loan repayment. As of January 2004, Grace Mamone is no longer receiving either commissions or a paycheck, but is, however, still receiving the loan repayment.

## Argument

Grace Mamone's motion requests that the payments of restitution under the John Mamone Restitution Order be either vacated and/or abated due to the fact that the payments from Cargo Transportation have ceased. Grace Mamone's motion also states that John Mamone's conviction, including the Restitution Order, is pending appeal to the Eleventh Circuit.

To begin, John Mamone's appeal has been already considered by the Eleventh Circuit. It was dismissed on January 23, 2004, and his conviction was affirmed. Therefore the Restitution Order stands as it was entered.

As to the restitution payments being made by Grace Mamone, the Court's Order requires:

> ORDERED that to provide time to readjust the Mamone family's lifestyle, payments on the restitution shall be made as follows:
>
> . . . .

---

rest has been made by Grace Mamone as follows: $1,000 a month January 2003 through May 2003; $1,000 in July 2003; $4,000 in both September and October 2003; $2,000 in December 2003; and, $2,000 in January 2004.

3

> From the monies the wife [Grace Mamone] receives from Cargo Transportation:
>
> $1,000.00 per month shall be paid for the first six (6) months;
>
> $2,000.00 per month shall be paid for the next eighteen (18) months; and
>
> $4,000.00 per month shall be paid thereafter....

Title 18, United States Code, Section 3664(k) controls possible modifications of restitution orders:

> (k) A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification from the United States or from the victims. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Since the government just learned of the situation involving Cargo Transportation, the government has not yet notified the victims of this change in economic circumstances, but will do so immediately.[4] The government recommends that a hearing concerning Grace Mamone's economic situation be held in order to determine whether the payment schedule in the Restitution Order should be modified at this time. At the hearing, the Court should consider

---

[4] To date, the Clerk of the Court has received $18,400.00 towards John Mamone's restitution, which is to total $4,302,899.71. None, as yet, has been distributed to the victims, however the Clerk's Office informed the undersigned that it is expected that now that the defendant's appeal has been denied, a distribution of monies will be made.

4

the factors contained within Title 18, United States Code, Section 3572(a).

## CONCLUSION

WHEREFORE, the government respectfully requests that this Honorable Court deny the request of third party Grace Mamone to vacate and/or abate the restitution payments imposed in this matter. Further, the government submits that a hearing should be held to determine whether the repayment schedule previously imposed in this matter should be modified.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court I.D. #A5500017

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was faxed and mailed this 17th day of February, 2004 to:

Richard L. Rosenbaum, Esquire
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY