UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6309-Cr-SEITZ (S)(S)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN MAMONE,

    Defendant.
_____/

NIGHT BOX FILED
JUN 16 2004
CLARENCE MADDOX
CLERK USDC / SDFL / MIA

GOVERNMENT'S RESPONSE IN OPPOSITION
TO THIRD PARTY GRACE MAMONE'S
MOTION TO RETURN PROPERTY

    The United States of America, through the undersigned Assistant United States Attorneys, files this response in opposition to third party Grace Mamone's motion to return property. For the reasons set forth below, the government submits that her motion should be denied.

    1. On December 19, 2001, the defendant pled guilty to Count One of the second superseding indictment, which charged him with RICO Conspiracy, in violation of Title 18, United States Code, Section 1962(d), pursuant to a written plea agreement. On September 10, 2002, the defendant was sentenced to a term of incarceration of 115 months, after the Court granted the government's 5K motion.

    2. As part of the written plea agreement, the defendant agreed to the entry of a forfeiture/restitution order, the exact



amount to be determined by the Court.

3. On November 22 and 26, 2002, the Court held a restitution hearing. During these hearings, the defendant's wife, Grace Mamone, was present and represented by counsel, William J. Cone, Esquire. At the first hearing on November 22, 2002, Grace Mamone presented a financial statement which became an issue because it did not list certain assets, such as jewelry, that the defendant had purchased for her during the years of the defendant's criminal activity (November 22, 2002, transcript at 36). At the second hearing held on November 26, 2002, counsel for Grace Mamone presented an amended financial statement which now listed a number of items of jewelry. During the course of the hearing, counsel for the defendant, David Rothman, Esquire, stated that the jewelry would be provided to the government, that he (Mr. Rothman) had just spoken with the defendant and Grace Mamone, that they have the jewelry and would provide it to the government (November 26, 2002, transcript at 131). At the conclusion of the hearing, the Court ordered that $20,000 worth of jewelry was to be turned over as restitution (*Id.* at 183).[1]

4. In the Court's written Restitution Order entered on

---

[1] The jewelry was finally turned over to the government in 2004. It consisted of a ladies Rolex watch, a diamond ring, and diamond hoop earrings. The government has recently received appraisals of each - for the Rolex watch, $4,000, $4,100, and $3,850; for the diamond ring - $1,100 and $1,150; and, for the diamond earrings, $800 and $850. Even with the highest appraisals, this does not total $20,000 in jewelry.

2

December 2, 2002, the Court ordered a total restitution of $4,302,899.71. As part of that Order, the Court directed that three pieces of jewelry be turned over to the government pursuant to the defendant's oral agreement at the restitution hearing. To date, the defendant (and/or the defendant's wife) has made restitution payments to the Clerk of the Court in the amount of $18,575, with the last payment being on May 20, 2004, in the amount of $25.00.

5. The defendant filed an appeal of his conviction, sentence, and the restitution Order.[2] Defendant's brief acknowledged that there had been a knowing and voluntary waiver of appeal and that there was no error committed at the restitution hearing either in the amount imposed or in the Court's consideration of the ability of the defendant and/or his family to pay the restitution. The Eleventh Circuit affirmed the defendant's conviction and dismissed his appeal. A copy of that opinion is attached. As the Court observed, even an "independent examination of the record reveals no issues of arguable merit ...."

### Argument

The defendant's wife is now claiming that defendant's counsel, David Rothman, Esquire, did not have authority to offer Grace Mamone's personal jewelry as part of the restitution and asks that

---

[2] The appeal was filed as an *Anders* brief because the defendant had executed a valid appeal waiver as part of his plea.

the portion of the Restitution Order directing the jewelry be applied to the restitution be vacated.

After two lengthy days of a restitution hearing held on November 22 and 26, 2002, before the Honorable Patricia A. Seitz, the Court imposed a total amount of restitution of $4,302,899.71 for which the defendant is responsible. This amount represents restitution to victims of three separate frauds which the defendant participated in. At this point in time, the defendant has only paid $18,575.00, which consists of monies paid from Cargo Transportation payments to the defendant's wife (which has now ceased) and minimal payments being made by the defendant through the Inmate Financial Responsibility Plan.

During the restitution hearing, the Court took an extensive amount of time considering the defendant's and/or his family's ability to pay the restitution under the strictures of the Victim and Witness Protection Act, 18 U.S.C. 3663 et seq.. There was presented an amended financial statement of Grace Mamone (November 26, 2002, transcript at 5)[1], followed by extensive discussion by all parties concerning a payment schedule. The Court then imposed an amount of restitution which was reasonably related to the defendant's own criminal activity. The Court's Order dated

---

[1] An amended financial statement had to be submitted by Grace Mamone since all parties agreed that her original one discussed at the first day of the restitution hearing had failed to list a number of assets.

4

December 2, 2002, required four different avenues through which restitution was to be made while the defendant was incarcerated.

1) Three pieces of jewelry were to be provided to the government and sold at the maximum value available;

2) Staggered amounts to be paid from the monies that Grace Mamone was receiving from Cargo Transportation;

3) Recovery of monies which had been invested in the Bahamas; and,

4) 50% of the income defendant earned through the Inmate Financial Responsibility Program.

The defendant's payments through the Inmate Financial Responsibility Program has been minimal. Further, although there has been discussion with counsel for both the defendant and Grace Mamone, there has been no progress made towards recovering any monies from the Bahamas and it is unclear whether any monies will ever be recovered in that regard. Grace Mamone is no longer receiving any payments from Cargo Transportation therefore that portion of the Restitution Order has been suspended.

Therefore all that remains is the jewelry, which this Court should still require to be applied toward restitution.[4] During the course of Grace Mamone's marriage to the defendant, and

---

[4] And as the Supreme Court recognized in *Craft v. United States*, 535 U.S. 274, 275 (2002), tenants by the entirety property qualifies as property under 26 U.S.C. 6321 allowing a federal tax lien to attach to it. Therefore the jewelry would, under this theory, also be properly applied toward restitution.

particularly during the years of the defendant's criminal activity in South Florida, Grace Mamone was not employed or earning an income except through the trucking companies which the defendant operated. Almost all other possible restitution monies are no longer available and the defendant has only paid a minimal amount towards the total restitution of approximately $4.5 million dollars.

And unlike Grace Mamone's rendition of the restitution hearing, that the defendant's counsel offered the jewelry without her approval, the transcript makes it crystal clear that she was part of that offer.

> MR. ROTHMAN: Judge, we'll give the jewelry to the government. They can have it. They can have the jewelry and they can sell it and see what they can get for it. We'll give it to them. **I just talked to Mr. and Mrs. Mamone. They have the jewelry. We'll give it to them.**

November 26, 2002, transcript at 131 (emphasis added).

Although this particular statement was made by counsel for the defendant, Grace Mamone was also represented by counsel throughout the restitution hearing, Mr. Cone. At no time was any objection ever raised by Grace Mamone or her counsel to the application of these three pieces of jewelry to the restitution.

Grace Mamone's motion contains no justifiable reason to now alter the Restitution Order which was carefully considered by the Court and entered only after a lengthy restitution hearing. As the Court recognized during that hearing,

6

> THE COURT: ... the whole purpose of restitution is so that the individuals that have been victimized, those individuals that have had their life savings taken away from them, those people that have been harmed by the actions of the defendant being involved in the conspiracy, are made whole, or at least some effort made to put them back into their former position before the fraud occurred.

*Id.* at 7-8.

Although the application of the three pieces of jewelry will not complete the defendant's payment of the restitution, it at least takes a step towards making the victims whole.

## CONCLUSION

WHEREFORE, the government respectfully submits that the motion by third party Grace Mamone to return property should be denied in all respects.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: *[signature]*
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: *[signature]*
DIANA L.W. FERNANDEZ
Assistant United States Attorney
Court I.D. #A5500017

7

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this 16th day of June, 2004 to:

Richard L. Rosenbaum, Esquire
350 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301

_____
DIANA L.W. FERNANDEZ

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 2   2004
THOMAS K. KAHN
CLERK
```

Nos. 02-15942 and 03-10134
Non-Argument Calendar

D.C. Docket No. 00-06309-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MAMONE,

Defendant-Appellant.

Appeals from the United States District Court for the
Southern District of Florida

(January 23, 2004)

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

Counsel in this direct criminal appeal has moved to withdraw and filed a brief pursuant to *Anders v. California*, 87 S. Ct. 1396 (1967). Appellant John Mamone has moved for replacement of counsel. Our independent review of the entire record reveals that, in light of Mamone's knowing and voluntary waiver of his right to appeal his sentence, counsel's assessment of the relative merit of the appeal is correct. Because Mamone knowingly and voluntarily waived his right to appeal his sentence, and independent examination of the record reveals no issues of arguable merit, counsel's motion to withdraw is GRANTED, Mamone's motion for replacement of counsel is DENIED, Mamone's conviction is AFFIRMED, and his appeal of his sentence is DISMISSED.