AO 243 (Rev. 11/2002) Motion Under 28 USC. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: **00-6309-CR-Seitz**

UNITED STATES OF AMERICA

v.

John A. Mamone
_____
Name of Movant (name under which convicted)

05-20200

05-60119

CIV-SEITZ

07803-062
_____
Prisoner No.

FDC-Miami
_____

Miami, Fl 33101-9120
_____
Place of Confinement

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| | | |
|---|---|---|
| 1. | Name and location of court which entered the judgment of conviction under attack | Southern District of Florida (Miami Division) |
| 2. | **Date of judgment of conviction** | **September 16,2002** |
| 3. | **Length of sentence** | **115 months as to count 1 ( 97 months for the underlying offense ans 18 months enhancement to be served consecutively to the 97 months; 3 years supervised release; $4,557,438.00 restitution (total).** |
| 4. | **Nature of offense involved (all counts)** | **Racketeering Conspiracy --contrary to Title 18 USC section 1962** |

5. **What was your plea?  (Check One)**

    (a)    Not Guilty    ☐

    (b)    Guilty    **X**

    (c)    Nolo contendere    ☐

**If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:**

**N/A**

AO 243 (Rev. 11/2002) Motion Under 28 USC. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody

6.    If you pleaded not guilty, what kind of trial did you have? (Check one)

      (a)      Jury              ☐

      (b)      Judge only      ☐

7.    Did you testify at the trial?

      Yes      ☐      No      ☐

8.    Did you appeal from the judgment of conviction?

      Yes      X      No      ☐

9.    If you did appeal, answer the following:

      (a)      Name of court      Eleventh Circuit Court of Appeals Case nos. 02-15942 and 03-10134 (consolidated

      (b)      Result      Conviction affirmed; appeal of sentencing errors dismissed

      (c)      Date of result      January 23, 2004

10.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

      Yes      ☐      No      X

11.    If your answer to 10 was "yes", give the following information:

      (a)      1.      Name of court      N/A

                  2.      Nature of proceeding

                  3.      Grounds raised

                  4.      Did you receive an evidentiary hearing on your petition, application or motion?

                        Yes      ☐      No      ☐

                  5.      Result

                  6.      Date of result

      (b)      As to any second petition, application or motion give the same information:

                  1.      Name of court

                  2.      Nature of proceeding

                  3.      Grounds raised

AO 243 (Rev. 11/2002) Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody

4.     Did you receive an evidentiary hearing on your petition, application or motion?

Yes     ☐     No     ☐

5.     Result     _____

6.     Date of result     _____

(c)     Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

1.     First petition, etc.     Yes     ☐     No     ☐

2.     Second petition, etc.     Yes     ☐     No     ☐

(d)     If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.     State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the same.

     Caution:  If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

     For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion zl1 available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

     Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)     Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)     Conviction obtained by use of coerced confession.

(c)     Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)     Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)     Conviction obtained by a violation of the privilege against self incrimination

AO 243 (Rev. 11/2002) Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody

(f)     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)     Conviction obtained by a violation of the protection against double jeopardy.

(h)     Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)     Denial of effective assistance of counsel.

(j)     Denial of right of appeal.

A.     Ground one:          SEE ATTACHED


          Supporting FACTS (state *briefly* without citing cases or law)          SEE ATTACHED


B.     Ground two:          SEE ATTACHED


          Supporting FACTS (state *briefly* without citing cases or law)          SEE ATTACHED


C.     Ground three:          SEE ATTACHED


          Supporting FACTS (state *briefly* without citing cases or law)          SEE ATTACHED

_____

_____

AO 243 (Rev. 11/2002) Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody

D.    Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13.    If any of the grounds listed in 12 A, B, C, and D were not previously presented, state *briefly* what ground were not so presented, and give your reasons for not presenting them:

Not sufficiently preserved for appeal; Fundamental error; Plain error; John Mamone filed a Notice of Appeal, but after his

court appointed counsel filed an *Anders* Brief, his appeal was dismissed.  The crux of the *Anders* Brief was that John

Mamone had executed a valid "appeal waiver[1]."  All other errors were the result of ineffective assistance of counsel

or other 5th and 6th Amendment violations.

14.    Do you have any petition or appeal now pending in any court, as to the judgment under attack?

Yes    ☐        No    **X**

15.    Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a)    At preliminary hearing        David Rothman, Thornton and Rothman, 200 S. Biscayne Blvd. Suite 2690
                                      Miami, Florida 33131

(b)    At arraignment and plea       David Rothman, Thornton and Rothman, 200 S. Biscayne Blvd. Suite 2690
                                      Miami, Florida 33131 and Neil M. Schuster, 555 N E 1st St., Miami, Florida 33133

(c)    At trial                      N/A

(d)    At sentencing                 David Rothman, Thornton and Rothman, 200 S. Biscayne Blvd. Suite 2690
                                      Miami, Florida 33131 and Neil M. Schuster, 555 N E 1st St., Miami, Florida 33133

_____

[1]In light of the "appeal waiver," even Booker/Blakely claims have been barred in this Circuit.  See *United States v. Rubbo*, 11th Circuit Case No: 04-10874.

| (e) | On appeal | Michael Cohen, Esq., 500 W. Cypress Creek Rd., #300, Ft Laud.,FL 33309 |
|---|---|---|

| (f) | In any post-conviction proceeding | |
|---|---|---|

| (g) | On appeal from any adverse ruling in a post conviction proceeding | |
|---|---|---|

---

AO 243 (Rev. 11/2002) Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☐    No **X**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes **X**    No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: Southern District of Florida; United States v. Russo, et al, case # 04-60006-CR-Cohn

(b) Give date and length of the above sentence: Sentenced on December 16, 2004 to a term of 78 months to run consecutively to the undischarged term of imprisonment in case # 00-6309- CR-Seitz

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐    No X

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

AO 243 (Rev. 11/2002) Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☐    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐    No ☐

    (a)    If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

    (b)    Give date and length of the above sentence: _____

_____

    (c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

        Yes ☐    No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____

(date)

_____

Signature of Movant

*John Mamone v. United States*
Case No: 00-06309-CR-PAS

## ATTACHMENT TO MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

A)    **Ground 1:   The Petitioner was Denied Effective Assistance of Counsel and Due Process of the Law**

Defense counsel failed to object or preserve for appeal the sentencing errors which occurred at bar.  More specifically, counsel failed to object and in fact encouraged the Defendant to be sentenced at a level which included upward Guideline adjustments based upon facts not charged in the Indictment; never admitted to; unrelated to the counts John Mamone; and improperly added points to John Mamone's base offense level.

Counsel failed to preserve *Blakely* error.  Counsel failed to preserve *Apprendi* error when the judge used conduct unrelated to the counts the Defendant plead guilty to.  John Mamone authorized or knowingly agreed to his counsel withdrawing his objections to the PSI calculations.  Further, counsel never objected or preserved for review the improper calculation of loss conduct or other enhancement.  Based upon *Booker*, there should not have been any "range to begin with."  Further, counsel failed to object or preserve for review the improper restitution amount by including restitution for uncharged conduct.

**Ground 2:   Fundamental Sentencing Error Occurred at Bar**

Fundamental sentencing error occurred at bar, requiring relief under Title 28 U.S.C. Section 22 55.  More specifically, John Mamone was sentenced based upon a strict

application of the sentencing guidelines. The same was ruled to be improper in *Booker*. The judge repeatedly stated during sentencing that she was applying the Guidelines and not departing based upon defense motion at a level which included upward departure adjustments based upon facts not charged in the Indictment; not admitted to by the Defendant; unrelated to the 2 Counts John Mamone plead guilty to committing; and improperly upwardly adjusted John Mamone's based offense level.

Further, fundamental *Booker/Blakely/Apprendi* error occurred when the Court used conduct unrelated to John Mamone's admitted to conduct. Finally, the Court improperly calculated the loss conduct and ordered an improper restitution award. Resentencing is required.