UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

v.

JOHN MAMONE,

      Defendant.
_____/

GOVERNMENT'S MOTION TO STRIKE PLEADING AND
RESPONSE IN OPPOSITION TO DEFENDANT JOHN MAMONE'S
MOTION FOR AN ORDER TO ASSIST

      The United States of America, through its undersigned counsel respectfully moves the Court to Strike defendant's *pro se* Request for an Order for the Government to Assist the Defendant with Recovery of the Money Held in the Bahamas and responds in opposition to defendant's motion for the reasons set forth below.

      1.      On or about November 16, 2006, the defendant filed a *pro se* motion for an Order for the Government to Assist the Defendant with Recovery of the Money Held in the Bahamas.

      2.      On December 14, 2006, the Court entered an Order Requiring Response from the Government on or before January 4, 2007.

      3.      On December 18, 2006, undersigned counsel was advised by Richard Rosenbaum, Esquire, that he in fact has been representing the defendant in the only case pending before the Court, *John Mamone v. United States*, Case No.0560119-CIV-SEITZ/MCALILEY, a matter

involving a collateral attack on the defendant's conviction. In that case, the defendant filed a *pro se* motion in which Magistrate Judge McAliley found that Mr. Rosenbaum was counsel of record until the proceedings were concluded. Mr. Rosenbaum also informed the undersigned that he was never provided notice of his client's motion and does not support the motion on the merits.

4.      Local Rule 11.1(D)4 provides that "(w)henever a party has appeared by attorney, the party thereafter cannot appear or act on the party's own behalf in the action or proceeding, or act in the parties own behalf in the action or proceeding, ..." Since Mr. Rosenbaum continues to represent the defendant in the very same case, albeit a collateral attack on the conviction, defendant's *pro se* motion on the matter of restitution is in violation of the Local Rule and should be stricken.

5.      Alternatively, the government submits that the Court should deny the defendant's motion on the merits. Defendant has cited no legal authority in support of granting this extraordinary relief. This should be denied because there is no legal basis or jurisdiction to grant such a motion. Apparently, the property is located in the Bahamas. It has not been specifically identified and appears to be dissipated. The defendant and his counsel Mr. Rosenbaum were supposed to make arrangements to turn over what if any property remained in the Bahamas that could serve as restitution. Instead, the defendant claims the government should take an active role without knowing any of the particulars. At this juncture, the government has no knowledge of the viability of any assets owned by Mr. Smith that could be used to reduce the defendant's restitution debt. The defendant himself has not furnished any current financial information on these assets that have been sitting in the Bahamas since at least 2000.

The only mechanism that can be used to obtain property in the Bahamas is prescribed under the TREATY WITH THE BAHAMAS ON MUTUAL ASSISTANCE IN CRIMINAL MATTERS, August 19,1967, Treaty Document 100-17. This MLAT provides in part Article 1, paragraph 4, that "(t)his Treaty is intended solely for mutual legal assistance between the Parties, The provisions of this Treaty shall not give rise to a right on the part of any private person to obtain, suppress, or exclude any evidence or impede the execution of a request." In this matter the government does not intend to proceed under the above referenced MLAT and any use of an MLAT for assets the defendant claims are due his wife would be in violation of the treaty. A copy of this MLAT is attached as Exhibit 1.

Accordingly, the government respectfully requests that the Court strike the defendant's above-described motion in that the motion was filed in violation of the Local Rules or, in the alternative, the Court deny defendant's motion on the merits.

        Respectfully submitted,

        R. ALEXANDER ACOSTA
        UNITED STATES ATTORNEY

By:   s/_____
     J. BRIAN McCORMICK
     ASSISTANT UNITED STATES ATTORNEY
     Court I.D. #A5500084
     500 E. Broward Blvd., 7th Floor
     Fort Lauderdale, Florida 33394
     Telephone: (954) 356-7392 - Fax: (954) 356-7230
     Email: Brian.McCormick@USDOJ.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 4, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a copy of the foregoing is being served today by mail to:

John Mamone
#07803-062
IMS/BOP
320 First Street, N.W., Room 524
Washington, D.C. 20534

Richard Rosenbaum, Esq.
350 East Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301

                                                        s/
                                                        J. BRIAN McCORMICK
                                                        ASSISTANT UNITED STATES ATTORNEY