UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, X<br>X<br>      Plaintiff, X<br>X<br>v.                        X<br>X<br>JOHN MAMONE,         X<br>X<br>      Defendant.   X<br>X | Case No. 00-6309-CR-SEITZ |

AFFIRMATION OF JOHN MAMONE REQUESTING LEAVE
TO FILE BELATED APPEAL TO THE ELEVENTH
CIRCUIT COURT OF APPEALS DUE TO INEFFECTIVE
ASSISTANCE OF COUNSEL AND REQUEST FOR
APPOINTMENT OF COUNSEL FOR THE PURPOSE
OF APPEAL

COMES NOW, JOHN MAMONE, pro se defendant in the above referenced matter, respectfully submits this affirmation in support of his request to this Honorable Court for Leave to File Belated Appeal to the Eleventh Circuit Court of Appeal Due to Ineffective Assistance of Counsel and Appointment of Counsel for the Purpose of Appeal and as grounds in support thereof states as follows:

FACTS OF THE CASE

1). On January 30, 2001, John Mamone was charged in a Superseding Indictment with violations of the Racketeer Influenced and corrupt Organizations Statute (RICO) 18 U.S.C. § 1961 et seq. and related offenses.(D.E. 318).

2). On August 21, 2001, John Mamone was charged in a Second Superseding Indictment.(D.E. 517).

3). On December 19, 2001, John Mamone pled guilty and the plea agreement was unsealed on January 16, 2002.(D.E. 854).

4). On September 10, 2002, John Mamone was sentenced to 115 months incarceration. The Court deferred the restitution and scheduled a hearing for November 22, 2002. (D.E. 1146)

5). On October 24, 2002 John Mamone, pro se, filed a Notice of Appeal. (D.E. 1167).

6). On November 22 and November 26, 2002 the Restitution Hearing was conducted.(D.E. 1207, 1209). The transcripts of the Restitution Hearing were filed on December 9, 2002.(D.E.1213,1214).

7). On December 2, 2002 the Judgement of the Restitution was entered as to John Mamone.(D.E. 1210).

8). On December 5, 2002 Order was entered as to John Mamone's Motion for David Rothman and Neil Schuster to Withdraw as Attorney, Declare the Defendant Indigent and for Appointment of Counsel for the Purpose of Appeal.(D.E. 1212).

9). On December 12, 2002 Order was entered as to John Mamone's Motion for David Rothman and Neil Schuster to Withdraw as Attorney, Referred to Magistrate Judge Bandstra, Motion for Appointment of counsel for the Purpose of Appeal, Denying Motion to Proceed IN Forma Pauperis Appeal.(D.E. 1218).

10). On January 2, 2003 John Mamone, pro se, filed a Consolidated Notice of Appeal to include the Restitution Order.(D.E. 1228).

11). On January 16, 2003, Magistrate Judge Ted E. Bandstra conducted a Motion Hearing for David Rothman and Neil Schuster to Withdraw as Attorney and Motion for Appointment of Counsel for Purpose of Appeal. This hearing was conducted under seal.

12). On January 28, 2003 An Order was entered as to John Mamone granting Motion for David Rothman and Neil Schuster to Withdraw as Attorney and granting Motion for Appointment of Counsel for the Purposes of Appeal as to John Mamone.(D.E. 1245).

13). On January 30, 2003 Order was entered as to John Mamone for CJA Attorney Michael B. Cohen to be appointed counsel immediately, signed by Magistrate Judge Ted E. Bandstra.(D.E. 1247).

14). On or about June 2, 2003 Michael B. Cohen ineffectively filed a brief pursuant to Anders v. Cal., 386 U.S.738, 87 S.Ct. 1396, 18 L. Ed. 2d 493 (1967) on behalf of the defendant John Mamone, with the Eleventh Circuit Court of Appeals, Case No. 03-10134A, seeking permission to withdraw as counsel and have this appeal dismissed. Counsel argued that, I. Since the Defendant knowingly and voluntarily waived his right to appeal his sentence, both in his Plea Agreement and at the time of his Rule 11 inquiry, pursuant to Anders v. Cal., supra, undersigned counsel has no basis to reach any of the defendant's sentencing issues before this Court. As, such, the Court must dismiss Appellant's Appeal with prejudice and permit counsel to withdraw. II. The Appellant's appeal waiver foreclosed his right to appeal his Restitution Order based upon an Evidentiary Hearing conducted by the Court, without any apparent error.

15). On January 23, 2004 the Eleventh Circuit Court of Appeals affirmed John Mamone's sentence and the mandate was filed on February 26, 2004.(D.E. 1515).

16). On January 24, 2005 Richard L. Rosenbaum, Esq. filed a Motion pursuant to Title 28 U.S.C.Section 2255 on behalf of the defendnat John Mamone. (D.E. 1567).

17). On June 27, 2005 Richard L. Rosenbaum, Esq. filed a Supplemented Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2255.(D.E. 11 in Case No. 05-60119-CIV-SEITZ/MCALILEY).

18). On August 1, 2006 the defendant John Mamone, pro se, filed two Motions: 1). Motion to Amend and/or Modify Restitution Order and Incorporated Memorandum of Law; 2). Motion for Appointment of Counsel for the Purpose of Amending and/or Modifying the Restitution Order and/or Resentencing.[1] (D.E. 1599 and 1600). These Motions are still pending before this Court.

19). On September 8, 2006 Richard L. Rosenbaum, Esq. filed a Corrected[2] Supplemental Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255. This Petition is still pending before this Court.

20). On January 26, 2007 the defendant had a telephone conversation with Richard L. Rosenbaum, Esq. related to the Restitution Order, the 2255 Petition and other matters. Mr. Rosenbaum suggested that the defendant file this Belated Appeal Due to Ineffective Assistance of Counsel. The defendant was not aware until this date that the restitution could be addressed in this manner.

---

[1] Counsel Richard L. Rosenbaum advised the defendant that the restitution could not be addressed on collateral attack and needed to be dealt with separately. This initiated the defendant to file these pro se Motions. Mr. Rosenbaum only represents the defendant on matters pertaining to the defendant's Federal Habeas Corpus pursuant to 28 U.S.C.§ 2255 and not the restitution.

[2] This pleading is the "Corrected Memorandum" and should be substituted for Docket Entry 11, which was inadvertently submitted in draft form with scrivener's errors. This Supplemental Memorandum complies with the Order on Emergency Motion for Leave to File Supplemental Amended motion and Memorandum entered by the Magistrate on august 16, 2006.

ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

A Restitution Appeal will not be foreclosed by an appeal waiver provision in a Plea Agreement, even in light of a clear Rule 11 inquiry, a defendant may nonetheless appeal a Restitution Order if the Court failed to follow strictures of Title 18 Sections 3663 and 3664. United States v. Gamma Tech, 265 F. 3d 917 (9th Cir. 2001); United States v. Philips, 174 F. 3d 1074 (9th Cir. 1999).

> Title 18 U.S.C. § 3663(e)(1) states:
> The Court shall not impose restitution with the respect to a loss for which the victim has received or is to receive compensation, except that the Court may, in the interest of justice, order restitution to any person who, has compensated the victim for such loss to the extent that such person paid the compensation. An Order of Restitution shall require that all restitution to victims under such order be made before any restitution to any person under such order is made.
>
> Title 18 U.S.C. § 3664(e) states:
> Any dispute as to the proper amount or type of restitution shall be resolved by the Court by the preponderance of the evidence. The burden of demonstrating the amount of loss sustained by a victim as the result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependants, shall be on the defendant. The burden of demonstrating other matters as the Court deems appropriate shall be upon the party designated by the Court as justice requires.

Thus, when a district court exceeds its authority in the order of restitution, then the sentence becomes illegal. U.S. v. Cobbs, 967 F. 2d at 1557-58; U.S.v. Savely, 814 F. Supp 1519 (D. Kan. 1993) reconsideration granted 827 F. Supp 668.

Although defendant agreed to restitution in the Plea Agreement, that fact did not give the Court authority to order

-5-

restitution beyond that otherwise allowed. "Parties to a Plea Agreement cannot increase the Statutory powers of the Sentencing Judge to authorize restitution simply by stipulating to restitution beyond that allowed under the relevant version of the Act." U.S.v. Young, 953 F. 2d at 1290. Relevant version of the Victim and Witness Protection Act (the Act), is determined by the date of sentencing. Blaik v. U.S., 117 F. 3d 1288 (11th Cir. 1997).

The Court Ordered restitution the sole responsibility of the defendant John Mamone when it should have been Ordered Joint and Severally. The Court was obligated to inquire into all possible sources of restitution, including moneys forfeited to the government, and those paid in restitution by codefendants. U.S.v. Johnston, 199 F. 3d 1015,1022,1023 (9th Cir. 1999).The Court Ordered the defendant to pay full amount of restitution without considering what his codefendants paid or were Ordered to pay in violation of law.

The Court acted beyond the scope of its authority in ordering restitution by the defendant which, when added to that either paid or being repaid by his codefendants, totals amounts greater than the actual loss proven by a preponderance of evidence. U.S. v. Page, 69 F. 3d at 494 (11th Cir. 1995); U.S.v. Arutunoff, 1 F. 3d 1112 (10th Cir. 1993) cert. denied 510 U.S. 1017.

The government did not meet its burden under Title 18 U.S.C. § 3664(e). Where there is no victims and consequently, no sustained victim loss, the Court was without authority to Order restitution. Hughey v. U.S., 495 U.S. 411, 110 S. Ct. 1979, 109 L. Ed. 408 (1990); U.S.v. Siegel, 153 F 3d 1256,1258 (11th Cir. 1998);U.S.v. Patty,

992 F. 2d 1045 (10th Cir. 1993); <u>U.S.v. Meachman</u>, 27 F. 3d 214 (6th Cir. 1994), opinion on remand 95 F. 3d 1153, cert. denied 519 U.S. 1017; <u>U.S.v.Johnston</u>, 199 F.3d 1015,1022 (9th Cir. 1999).

The Court committed "plain error" when it ordered the defendant to pay restitution for which there were no victims and/or which had either been paid or in the process of being repaid by his codefendants. An illegal sentence is reviewed for plain error. <u>U.S.v. Cobbs</u>, 967 F. 2d at 1558 (11th Cir. 1992). A district court's factual findings are reviewed for plain error. <u>U.S.v. Sanders</u>, 95 F.3d 449,451 (6th Cir. 1996); <u>U.S.v. Reed</u>, 80 F. 3d at 1421. The Court committed plain error when it ordered the defendant to pay portions of the restitution solely when it should have been joint and severally. The Court committed plain error when it Ordered the defendant to pay restitution for uncashed checks without any proof of loss (no victims) from the government. <u>U.S.v.McCord</u>, 166, U.S.APP. D.C. 1, 501 F 2d 334,341.

The Restitution Order should have been addressed on Direct Appeal not withstanding the valid appeal waiver because the restitution was Ordered in violation of law and therefore imposed illegally. Plea Agreement's waiver of appeal of restitution on grounds that district court erred by not setting off the money forfeited by defendant or his codefendants, since defendant asserts a violation of Statute governing imposition of restitution. <u>United States v. Johnston</u>, 199 F.3d 1015, 1022 (9th Cir. 1999); <u>United States v. Ready</u>, 82 F. 3d 551 (2nd Cir. 1996). Additionally, if the Sentencing Judge acted beyond her Statutory powers in passing sentence (without jurisdiction), including Restitution Orders, then the sentence is illegal and the terms of the Plea Agreement cannot serve to

relinquish Appellant's right to Appeal. <u>U.S.v. Cobbs</u>, 967 F. 2d 1555-58 (11th Cir. 1992);<u>U.S.v. Young</u>, 953 F. 2d 1288 (11th Cir. 1992); <u>U.S.v. Catherine</u>, 55 f. 3d 1462 (9th Cir. 1995).

<u>INEFFECTIVE ASSISTANCE OF APPELLANT COUNSEL</u>

The defendant John Mamone advised Appellant Counsel Michael B. Cohen through correspondence and telephone conversations that the restitution could be appealed not withstanding the appeal waiver.

The defendant's former attorney Neil Schuster had written a letter to the defendant dated December 30, 2002 in which he confirms that the restitution can be appealed.

During the Tjoflat Hearing on January 16, 2003 Mr. Schuster asked the defendant John Mamone if he would want him to represent him on the restitution appeal. Mr. Schuster would ask the Judge to appoint him as the defendant's counsel if the defendant agreed. The defendant refused Mr. Schuster's offer and explained to him that there would be a conflict of interest. The defendant John Mamone believed that he was not provided with effective counsel from either Mr. Schuster or David Rothman, Esq., the two attorneys that represented the defendant on this case. The defendant was going to file against both of them.

Mr. Schuster forwarded his complete file to the defendant. The defendant went through the complete file and forwarded a folder labeled Mamone Restitution Appeal Law to Mr. Cohen along with a copy of the letter dated December 30, 2002 advising the defendant that he could appeal the restitution.

The defendant John Mamone broke down every issue in the Restitution Order that would constitute violations of the law

and the Court's failure to follow the strictures of Title 18 Sections 3663 and 3664.

Mr. Cohen's response was always the same. The record wasn't developed enough for an appeal. On the contrary, the Judge conducted a restitution hearing that lasted two days. The record is established enough to prove the Court violated the law when imposing the Restitution Order therefore the appeal waiver is trumped by the illegal sentence.

Mr. Cohen is very aware of the laws and how they are applied to appeal waivers. Mr. Cohen cites the laws in his Anders Brief. The only problem is that Mr. Cohen failed to act on them.

Mr. Michael B. Cohen, Esq. is clearly ineffective for failing to address the illegal Restitution Order on Direct Appeal. Actions-- or the lack, thereof, as the case may be--by Appellant Counsel constitutes ineffective assistance of counsel.

Appellant Counsel's deficient performance has prejudiced the defendant John Mamone. The restitution cannot be argued on collateral attack. The defendant's proper redress for relief is on Direct Appeal.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established its two-prong standard to determine the existance of counsel's ineffectiveness. "First, the defendant must show that counsel's performance was deficient." "Second, the defendant must show that the deficient performance prejudiced the defense." The defendant John Mamone believe that he has satisfied the two-prong standard in <u>Strickland</u> and has established ineffective assistance of Appellant Counsel.

## REMEDY

The remedy in this instance is to place the defendant John Mamone in the same position he would have occupied, with the Eleventh circuit Court of Appeals before Appellant Counsel Michael B. Cohen ineffectively filed an Anders Brief.

WHEREFORE, the defendant respectfully prays that this Honorable Court grant defendant John Mamone's Leave to File Belated Appeal Due to Ineffective Assistance of Counsel and Appoint Counsel for the Purpose of Appeal[3].

I hereby declare under penalty of perjury that the above information is true and correct to the best of my knowledge and belief pursuant to 28 U.S.C. § 1746.

Respectfully submitted this 21 day of FEBRUARY, 2007.

By: _John pro se_
John Mamone pro se 07803-062
Inmate Monitoring Section
Bureau of Prisons
320 First Street
Room 524
Washington, D.C. 20534

---

[3] The defendant was declared indigent on January 16, 2003 by Magistrate Judge Bandstra and was appointed counsel for the purpose of appeal. The defendant has been incarcerated since August 21, 2001 and his financial status has not changed since this hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing and within affirmation and request for belated appeal has been forwarded by first class mail to:

AUSA Brian McCormick
Office of the United States Attorney
500 East Broward Blvd.
Suite 700
Ft. Lauderdale, Fl. 33394

Michael B. Cohen, P.A.
Attorney at Law
Pinnacle Corporate Park
500 W. Cypress Creek Road
Suite 300
Ft. Lauderdale, Fl. 33309

Richard L. Rosenbaum, Esq.
350 E. Las Olas Blvd.
Suite 1700 Las Olas Centre
Ft. Lauderdale, Fl. 33301


Respectfully submitted this 21 day of FEBRUARY, 2007.

By: _____ pro se
John Mamone, pro se 07803-062
Inmate Monitoring Section
Bureau of Prisons
320 First Street, N.W.
Room 524
Washington, D.C. 20534