UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6309-CR-SEITZ/MCALILEY

UNITED STATES OF AMERICA

    Plaintiff,

vs.

JOHN MAMONE,

    Defendant,
_____/

### REPORT AND RECOMMENDATION REGARDING MOTION FOR LEAVE TO FILE BELATED APPEAL AND FOR APPOINTMENT OF COUNSEL

Pending before the Court is the Affirmation of John Mamone Requesting Leave to File Belated Appeal to the Eleventh Circuit Court of Appeals Due to Ineffective Assistance of Counsel and Request for Appointment of Counsel for the Purpose of Appeal. [DE 1616]. The Honorable Patricia A. Seitz referred this motion to the undersigned for resolution. [DE 1618]. The government has not filed a response.

This Court lacks jurisdiction to authorize Defendant to file a belated appeal; therefore, both motions should be denied.

**I.  Background**

After being charged by indictment [DE 517], Defendant entered into a plea agreement with the government, whereby Defendant agreed to plea guilty to conspiracy to violate the

Racketeer Influenced and Corrupt Organizations Act (RICO), in violation of 18 U.S.C. § 1962(d), in exchange for the government's dismissal of the remaining counts of the indictment. [DE 793, ¶¶ 1, 2]. In the written plea agreement, Defendant waived his right to appeal any order of restitution. [Id., ¶ 12]. On September 10, 2002, Defendant was sentenced to 115 months incarceration and 3 years of supervised release. [DE 1144, 1146]. On December 3, 2002, the Court entered a Judgment of Restitution in the amount of $4,302,899. [DE 1210].[1]

Although he had waived his right to appeal, Defendant filed a notice of appeal of his sentence, including the Judgment of Restitution [DE 1228], and was appointed appellate counsel. [DE 1245, 1247]. Defendant's appointed counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking dismissal given Defendant's appellate waiver, and on January 23, 2004, the Eleventh Circuit Court of Appeals affirmed Defendant's sentence [DE 1515]. *See United States v. Mamone*, 91 Fed. Appx. 654 (11th Cir. 2004).

## II.  Analysis

In the Motion, Defendant seeks permission to file a belated appeal of the Judgment of Restitution. Defendant claims he was entitled to appeal the restitution portion of his sentence regardless of his appellate waiver and that his appellate counsel was ineffective for

---

[1] Although the Judgment entered on September 13, 2002, gives a restitution figure of $4,557,438.00, it provided that the Court would defer a determination on restitution until a later date. [DE 1146, p. 5]. A hearing was held on November 22 and 26, 2002, after which the Court entered the Judgment of Restitution. [DE 1210].

2

filing an *Anders* brief.

Federal Rule of Appellate Procedure 4 provides, in relevant part, that a criminal defendant's notice of appeal must be filed in the district court within 10 days after the entry of either the judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A)(I). The Rule provides that a "judgment or order is entered" when it is entered on the criminal docket. Fed. R. App. P. 4(b)(6). The Rule also makes this provision for an extension of time:

> **(4) Motion for Extension of Time.** Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

Thus, Rule 4(b) creates a 40 day window – assuming the district court has authorized the maximum extension of time under subsection (b)(4) – for a criminal defendant to file his notice of appeal. *United States v. Wright,* 131 Fed.Appx. 698, 699 (11th Cir. 2005)(district court properly declined to authorize filing of notice of appeal beyond the 40 day window); *see also, United States v. Grant,* 256 F.3d 1146, 1150-51 (11th Cir. 2001); *United States v. Carter*, 990 F.2d 402, 403 (8th Cir. 1993)("after the expiration of forty days from the entry of a final judgment there is nothing either the trial court or the court of appeals can do to extend the time for filing notice of appeal"); *United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977)("the district court has no power to extend the filing period beyond the time limit prescribed by the rule").

3

"The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." *Grant*, 256 F.3d at 1150. *See also* Bowles v. Russell, 127 S.Ct. 2360, 2362 (2007)(holding that the taking of an appeal within the prescribed time is "mandatory and jurisdictional.").[2]

More than four years elapsed between the entry of the Judgment of Restitution and Defendant's filing this Motion. This Court lacks the jurisdiction to grant Defendant's Motion. Because Defendant is precluded from filing a belated appeal, his request for appointment of appellate counsel should also be DENIED.

### III. Recommendation

For the foregoing reasons, it is hereby

**RECOMMENDED** that:

Defendant John Mamone's Affirmation Requesting Leave to File Belated Appeal to the Eleventh Circuit Court of Appeals Due to Ineffective Assistance of Counsel and Request for Appointment of Counsel for the Purpose of Appeal [DE 1616] should be **DENIED**.

The parties shall have until **September 12, 2007** to file objections, if any, to this Report and Recommendation with the Honorable Patricia A. Seitz, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988); *RTC*

---

[2] In *Bowles*, the Supreme Court overruled the unique circumstances doctrine, which had allowed a district court, upon a finding of excusable neglect, to extend the period for filing an appeal. "Because this Court has no authority to create equitable exceptions to the jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate." 127 S.Ct. at 2366.

*v. Hallmark Builders, Inc.*, 996 F.2d 1144 (11th Cir. 1993).

DONE and ORDERED in chambers in Miami, Florida this 10th day of August, 2007.

*(signature)*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Patricia A. Seitz
All counsel of record

John Mamone 07803-062
Inmate Monitoring Section
Bureau of Prisons
320 First Street, N.W.
Room 524
Washington, D.C. 20534