UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6309-CR-SEITZ/MCALILEY

UNITED STATES OF AMERICA

    Petitioner,

vs.

JOHN MAMONE,

    Defendant,

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT
JOHN MAMONE'S MOTIONS TO AMEND AND/OR MODIFY RESTITUTION
ORDER, AND FOR APPOINTMENT OF COUNSEL**

Pending before this Court is Defendant John Mamone's Motion to Amend and/or Modify Restitution Order [DE 1600], and his Motion for Appointment of Counsel for Purpose of Amending and/or Modifying the Restitution Order and/or for Re-sentencing. [DE 1599]. The Honorable Patricia A. Seitz referred the motions to the undersigned for resolution. [DE 1604]. The government has not filed a response.

Contemporaneously with this Report and Recommendation, this Court issued a Report and Recommendation regarding John Mamone's petition, filed pursuant to 28 U.S.C. § 2255, to vacate his sentence. [*See* Case No. 05-60119-CIV-SEITZ/MCALILEY, DE 30]. This Court hereby adopts, as part of this Report and Recommendation, the finding of facts and procedural history set forth in the "Background" portion of that Report and

Recommendation. [*Id.* at pp. 2-5].

In the present Motion, Defendant claims that the Court exceeded its statutory authority by ordering Defendant to pay restitution in an amount greater than the actual loss to victims. Defendant moves this Court to amend its Judgment of Restitution, filed with the Court on December 3, 2003 [*see* DE 1210], to reduce the amount of restitution Defendant owes.

The Court must liberally construe pleadings of *pro se* litigants, *Gomez-Diaz v. United States.*, 433 F.3d 788, 791 (11th Cir. 2005), yet even under the most liberal construction, the Motion does not identify any legal avenue by which Defendant could receive the post-conviction relief he now seeks; moreover, this Court knows of none.

A Defendant can challenge an award of restitution on direct appeal. This Defendant, however, expressly waived that right. [*See* Plea Agreement, DE 793, ¶ 12]. Despite that waiver, Defendant went ahead and filed a notice of appeal, resulting in the appointment of counsel, the filing of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and an affirmance of his conviction. [*See* Case No. 05-60119-CIV-SEITZ/MCALILEY, DE 30, p. 4]. In sum, Defendant retains no right to a direct appeal of the Judgment of Restitution.

This Court also can not construe Defendant's motion as a petition pursuant to 28 U.S.C. § 2255 because, as Defendant recognizes in the present motion, [DE 1600, p.6], challenges to restitution are not cognizable under § 2255. [*See* Case No. 05-60119-CIV-SEITZ/MCALILEY, DE 30, p.6, n.8]. And, even if Defendant's challenge to restitution could be brought under § 2255, it would be barred by the applicable statute of limitations,

as he has not brought his claim within one year of the date on which the judgment of conviction became final. [*See* Case No. 05-60119-CIV-SEITZ/MCALILEY, DE 30, p.4, n.6].

This Court has also considered Rule 35 of the Federal Rules of Criminal Procedure, but it is readily apparent that it is not applicable here.[1]

Since Defendant has no available method which would allow this Court to grant him the relief he seeks, his Motion should be DENIED, as should his motion for appointment of counsel.

### III. RECOMMENDATION

For the foregoing reasons, it is hereby

RECOMMENDED that:

Defendant's Motion to Amend and/or Modify Restitution Order [DE 1600], and Motion for Appointment of Counsel for Purpose of Amending and/or Modifying the Restitution Order and/or for Re-sentencing [DE 1599], be **DENIED**.

The parties may, no later than **September 12, 2007**, file objections, if any, to this Report and Recommendation with the Honorable Patricia A. Seitz, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal factual

---

[1] Rule 35(a) provides: "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Defendant's motion was filed years after that 7 day deadline. Rule 35(b) also authorizes the Court to reduce a sentence pursuant to Rule 35(b) upon government motion seeking recognition of a defendant's assistance to the government. Fed. R. Crim. P. 35(b). This, obviously, is inapplicable.

findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144 (11th Cir. 1993).

DONE and ORDERED in chambers in Miami, Florida this 10th day of August, 2007.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Patricia A. Seitz
All counsel of record

John Mamone 07803-062
Inmate Monitoring Section
Bureau of Prisons
320 First Street, N.W.
Room 524
Washington, D.C. 20534