UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-60119-CIV-SEITZ/McALILEY

JOHN MAMONE

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation [DE-30] of the Honorable Chris McAliley, United States Magistrate Judge. Magistrate Judge McAliley recommends denying Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Petitioner argues that his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005) because the Court allegedly enhanced his sentence based on facts not charged in the indictment, admitted by Petitioner or found by a jury beyond any reasonable doubt. Petitioner also alleges that his counsel was constitutionally ineffective at sentencing for failing to raise these and other objections to his sentence. Petitioner contends that the Court's judgment of restitution was improper as well.[1]

Magistrate Judge McAliley correctly rejected Petitioner's claim of *Blakely* and *Booker* error given that these arguments are not cognizable in cases on collateral review, a point which Petitioner concedes in his objections. *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *see also* DE-32, ¶ 6.[2] Notwithstanding this authority, Petitioner argues that a statutory *Booker* claim should

---

[1] Petitioner elaborates on this contention in two additional motions filed in his criminal case. *See* DE-1600, 1616 (Case No. 00-6309). Magistrate Judge McAliley issued separate Reports and Recommendations on these motions. Because restitution may not be challenged in a § 2255 proceeding, *see Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998); *see also Cani v. United States*, 331 F.3d 1210, 1213 (11th Cir. 2007) (district court erred in construing a challenge to restitution as a § 2255 motion), the Court will not consider restitution in this order.

[2] The fact that the U.S. Supreme Court has not resolved the issue of retroactivity yet is of no consequence where there is controlling circuit authority that binds this Court.

be heard because it could not have been raised on direct appeal, and that failure to consider it here would result in a complete miscarriage of justice. *See Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (setting forth standard for review of statutory errors in § 2255 proceeding). The Court agrees with the Magistrate Judge, however, that nothing – except his voluntary appeal waiver – prevented Petitioner from raising the claim on direct appeal.[3] Furthermore, since Petitioner was sentenced well below the guidelines range, the mandatory application of the guidelines did not result in a complete miscarriage of justice.

Magistrate Judge McAliley also recommended denying Petitioner's effort to raise these sentencing arguments through an ineffective assistance of counsel claim, finding that Petitioner failed to meet the high hurdle established by *Strickland v. Washington*, 466 U.S. 688 (1984). Magistrate Judge McAliley correctly determined that counsel's performance was not deficient in any constitutional sense for failing to anticipate and raise *Booker-type* arguments at sentencing. Moreover, Petitioner overlooks that he waived his right to challenge his sentence on appeal (except on grounds inapplicable here) under the plain language of his plea agreement. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."); *see also United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (analyzing similar plea language and concluding that *Booker* claim waived on appeal). The appeal waiver equally forecloses Petitioner's challenge to the performance of his appellate counsel for failure to raise *Booker* on appeal. Furthermore, Petitioner has not established prejudice from counsel's alleged deficient performance at sentencing, given that Petitioner was sentenced below the guidelines, or on appeal, given that a *Booker* claim would have been rejected even if it had been raised, due to the appeal waiver.

Finally, Petitioner's newly-raised argument that appellate counsel was ineffective for failing to advise him of the right to seek discretionary review from the U.S. Supreme Court is without merit.

---

[3]    Petitioner does not attack the validity of the appeal waiver.

The only case cited for that proposition is a Texas appeals court decision analyzing state law. More importantly, the weight of federal law provides that the "constitutionally secured right to counsel [on direct appeal] ends when the decision by the appellate court is entered." *Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002); *see also Miller v. Keeney*, 882 F.2d 1428, 1432-33 (9th Cir. 1989). Therefore, appellate counsel is not deficient in failing to advise a client of the opportunity to seek certiorari. *See Miller*, 882 F.2d at 1432 ("Because Miller had no constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose."). In any event, Petitioner has not made the requisite showing of prejudice to satisfy *Strickland*. After conducting an independent review of the record, the Eleventh Circuit concluded that appellate counsel was justified in filing an *Ander's* brief. That fact, coupled with the fact that the U.S. Supreme Court accepts so few cases for review, adequately supports the conclusion that even if counsel had advised Petitioner of the possibility of further discretionary review, there is no likelihood that the outcome of the case would be different.

Accordingly, upon a *de novo* review of the record, and for the reasons set forth above and in the Report and Recommendation, it is hereby

ORDERED that:

1. The Report and Recommendation of Magistrate Judge Chris McAliley [DE-30] is AFFIRMED and ADOPTED;

2. Plaintiff's 28 U.S.C. § 2255 motion to vacate [DE-1] is DENIED;

3. All pending motions not otherwise ruled upon are DENIED AS MOOT and this case is CLOSED.

DONE and ORDERED in Miami, Florida, this 24th day of September, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge White
Counsel of Record/*Pro Se* Parties