UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6309-CR-SEITZ/McALILEY

JOHN MAMONE

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation [DE-1626] of the Honorable Chris McAliley, United States Magistrate Judge. Magistrate Judge McAliley recommends denying Defendant's Motion for Leave to File Belated Appeal and for Appointment of Counsel [DE-1616]. For the reasons that follow, the Report and Recommendation is affirmed and adopted.

The Court entered judgement of restitution against Defendant on December 3, 2002 [DE-1210]. On March 2, 2007, Defendant filed the instant motion, seeking leave to file a "belated appeal" of that judgment. As the Magistrate Judge correctly observed, Fed. R. App. P. 4(b)(1)(A)(i) requires a notice of appeal to be filed within 10 days after the judgment is entered, and that upon proper application the time may be extended for up to 30 days under Fed. R. App. P. 4(b)(4). Defendant clearly missed the deadline. Relying on *Bowles v. Russell*, 127 S. Ct. 2360, 2362 (2007), the Magistrate Judge concluded that the deadline is jurisdictional and that the Court therefore lacks the power to extend it beyond the 30 days set forth in the rule. While there is some reason to believe that the time limit is not jurisdictional in the criminal context, see *United States v. Martinez*, -- F.3d --, 2007 WL 2285324 (5th Cir., Aug 9, 2007), the deadline is still mandatory. Defendant has not met the standard of good cause or excusable neglect to entitled him to a 30 day extension, let alone an extension of 4 years. Indeed, the prejudice to the Government from such a lapse in time precludes the requested relief.

In addition, the Court notes that Defendant already prosecuted a direct appeal, despite the appeal waiver contained in his plea agreement. Thus, not only does Defendant seek to appeal the

restitution judgment four years too late, but he also seeks a second direct appeal in order to raise an issue he could have presented in his first appeal, which is plainly not permitted. *See United States v. Fiallo-Jacome*, 874 F.2d 1479, 1480-83 (11th Cir. 1989) (refusing to consider an issue not raised by a criminal defendant on direct appeal because a defendant should not be given "two bites at the appellate apple.") (citation omitted).

Accordingly, upon a *de novo* review of the record, and for the reasons set forth above and in the Report and Recommendation, it is hereby

ORDERED that:

1. The Report and Recommendation of Magistrate Judge Chris McAliley [DE-1626] is AFFIRMED and ADOPTED;

2. Defendant's Motion for Leave to File Belated Appeal and for Appointment of Counsel [DE-1616] is DENIED;

DONE and ORDERED in Miami, Florida, this 25 day of September, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge McAliley
Counsel of Record/*Pro Se* Parties