UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6309-CR-SEITZ/McALILEY

JOHN MAMONE

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation [DE-1627] of the Honorable Chris McAliley, United States Magistrate Judge. Magistrate Judge McAliley recommends denying Defendant's Motions to Amend and/or Modify Restitution Order and for Appointment of Counsel [DE-1599, 1600]. For the reasons that follow, the Report and Recommendation is affirmed and adopted.

The Court entered judgement of restitution against Defendant on December 3, 2002 [DE-1210]. On August 4, 2006, Defendant filed the instant motion, asking the Court to amend or modify his restitution based on a variety of perceived defects in the judgment. Specifically, Defendant claims that the Court committed a *Booker* error in calculating restitution based on judicially determined facts, that the Court's determination of the facts underlying the restitution amount was erroneous, and that the Court should have apportioned restitution differently between the several defendants.

In the Report and Recommendation, the Magistrate Judge did not address the merits of Defendant's arguments, finding instead that Defendant had no viable access to the relief he requests because he waived the right to appeal his sentence, including restitution, as part of his plea agreement. The Magistrate Judge is correct. Because Defendant did not challenge the Court's judgment of restitution on direct appeal, he has waived the right to do so in a collateral proceeding, unless he can show exceptional circumstances excusing the failure. *See Cani v. United States*, 331 F.3d 1210, 1213-14 (11th Cir. 2003). The Eleventh Circuit has stated that the requisite showing of exceptional

-1-

circumstances is analogous to the cause and prejudice standard for reviewing procedurally defaulted claims in a habeas action. *See Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006). Such exceptional circumstances do not exist here. An appeal waiver, the validity of which Defendant concedes, is not an exceptional circumstance.

Notwithstanding the foregoing, Defendant's arguments fail on the merits. Although the clear weight of authority rejects the argument that *Booker* applies to restitution, *see United States v. Leahy*, 438 F.3d 328, 335-338 (3rd Cir. 2006),[1] Defendant admitted under oath at the plea colloquy that, among other misdeeds, he assisted in laundering approximately $1.6 million in relation to the Spitaleri fraud, assisted in promoting and concealing over $1 million in relation to the Rubbo boiler room scheme, obtained approximately $800,000 in checks from a Ponzi scheme in South Carolina, and was involved in negotiating 21 fraudulent checks totaling $1,046,451. *See* DE-797 (Dec. 19, 2001, Change of Plea Trans.) pp. 45-51. Given these freely admitted facts there is no *Booker* error, even if *Booker* applies.

And, based on these same admissions of fact, the Court upholds its restitution calculation. Defendant's position that he was not personally involved to the extent of others ignores that he pleaded guilty to commission of a RICO *conspiracy*, thus subjecting himself to liability not only for his own conduct, but also for the reasonably foreseeable acts of others committed in furtherance of the conspiracy. *See United States v. Obasohan*, 73 F.3d 309, 311 (11th Cir. 1996) ("[A] district court does not exceed its authority by ordering a defendant to pay restitution for losses which result from the acts done in furtherance of the conspiracy of which the defendant is convicted.").

Finally, Defendant's complaint about the apportionment of restitution between him and his co-defendants is meritless. Title 18 U.S.C. § 3664(h) provides that "the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to

---

[1] In *Leahy*, the Third Circuit joined the Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits in holding that *Booker* is inapplicable to restitution orders. While the Eleventh Circuit does not appear to have expressly decided the *Booker* question, it has held that *Apprendi* does not apply to restitution, suggesting that this circuit will following the weight of authority if confronted with the *Booker* question. *See Dohrmann*, 442 F.3d at 1281.

reflect the level of contribution to the victim's loss and economic circumstances of each defendant." Defendant had ample opportunity to present his position as to restitution at the restitution hearing. Given that he was second in command in an organized crime family operating in South Florida (another fact that he admitted), that he agreed that he was an organizer and leader of criminal activity that involved five or more participants, and that he enjoyed the fruits of these crimes, the Court's election to make Defendant solely liable for certain aspects of the restitution was, and continues to be, reasonable under the circumstances.

Accordingly, upon a *de novo* review of the record, and for the reasons set forth above and in the Report and Recommendation, it is hereby

ORDERED that:

1. The Report and Recommendation of Magistrate Judge Chris McAliley [DE-1627] is AFFIRMED and ADOPTED; and

2. Defendant's Motions to Amend and/or Modify Restitution Order and for Appointment of Counsel [DE-1599, 1600] are DENIED.

DONE and ORDERED in Miami, Florida, this 28th day of September, 2007.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge McAliley
Counsel of Record/*Pro Se* Parties